1 | Joseph J. Tabacco, Jr. (75484)
Email: jtabacco@bermanesq.com
2 | Nicole Lavallee (165755)
Email: nlavallee@bermanesq.com
3 | **BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**
4 | 425 California Street, Suite 2100
San Francisco, CA 94104
5 | Telephone: (415) 433-3200

6 | *Proposed Liaison Counsel*

7 | Christopher Lometti
Email: chris@spornlaw.com
8 | Ashley Kim
Email: Ashley@spornlaw.com
9 | **SCHOENGOLD SPORN LAITMAN & LOMETTI, P.C.**
10 | 19 Fulton Street, Suite 406
New York, New York 10038
11 | Telephone: (212) 964-0046

12 | *Proposed Lead Counsel for the Class and Attorneys for the IBEW Local 363 Pension and Benefit Funds*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL EICHENHOLTZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN,<br><br>Defendants. | **ECF CASE**<br><br>**No. 07-CV-6140-MHP**<br><br>**NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THE IBEW LOCAL 363 PENSION AND BENEFIT FUNDS' MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>Date:        March 17, 2008<br>Time:       2:00 PM<br>Courtroom: 15 |

[C-07-06140 MHP] NOTICE OF MOTION AND MEMO ISO IBEW FUNDS' MOTION FOR CONSOLIDATION, APPT OF LEAD PLAINTIFF, APPROVAL OF LEAD COUNSEL

## NOTICE OF MOTION AND MOTION

**TO: ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE, that on March 17, 2008 at 2:00 PM, or as soon as counsel may be heard, the undersigned will move this Court before the Honorable Marilyn H. Patel, at the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, pursuant to Rule 42 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1. consolidating with the above-captioned action any and all cases filed in this District which allege one or more common questions of law or fact;

2. appointing the IBEW Local 363 Pension and Benefit Funds (the "IBEW Funds") as Lead Plaintiff on behalf of the Class;

3. approving the IBEW Funds' choice of Schoengold Sporn Laitman & Lometti, P.C. as Lead Counsel for the Class and Berman DeValerio Pease Tabacco Burt & Pucillo as Liaison Counsel; and

4. granting such other and further relief as the Court may deem just and proper. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff hereby demands trial by jury of all issues that may be so tried.

The IBEW Local 363 Pension and Benefit Funds (the "IBEW Funds") respectfully submit this memorandum of law in support of their motion for: (i) consolidation of any and all cases filed in this District which allege one or more common questions of law or fact (the "Related Actions") with the above-captioned action; (ii) appointment of the IBEW Funds as Lead Plaintiff; and (iii) approval of Schoengold Sporn Laitman & Lometti, P.C. ("SSLL") as Lead Counsel and Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") as Liaison Counsel.

## MEMORANDUM OF LAW

### I. INTRODUCTION

Currently, there are nine securities class action lawsuits pending in this District against Verifone Holdings, Inc., et al., ("Verifone" or the "Defendants")[1]: *Eichenholtz v. Verifone*

---

[1] On January 30, 2008, a Notice of Voluntary Dismissal was filed by Plaintiff Peter A. Kraft in *Kraft v. Verifone Holdings, Inc., et al.*, 07CV01588 in the Southern District of Indiana.

*Holdings, Inc. et al.*, 07CV06140; *Lien v. Verifone Holdings, Inc. et al.*, 07CV06195; *Vaughn et al v. Verifone Holdings, Inc. et al.*, 07CV06197; *Feldman et al v. Verifone Holdings, Inc. et al.*, 07CV06218; *Cerini v. Verifone Holdings, Inc. et al.*, 07CV06228; *Westend Capital Management LLC v. Verifone Holdings, Inc. et al.*, 07CV06237; *Hill v. Verifone Holdings, Inc. et al.*, 07CV06238; *Offutt v. Verifone Holdings Inc. et al.*, 07CV06241; and *Feitel v. Verifone Holdings, Inc. et al.*, 08CV00118. All nine of these cases involve common questions of law and fact.[2]

The first notice of pendency of class action was published pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") in a national, business-oriented wire service on December 4, 2007 (See Declaration of Ashley Kim in Support of the Within Motion (the "Kim Dec."), Exhibit ("Ex.") A). This motion is being filed within 60 days from the date of publication of that notice.

As set forth in the Certification of Securities Class Action Complaint (annexed as Ex. B to the Kim Dec.), the IBEW Funds expended approximately $125,479.66 to purchase 2,767 shares of Verifone during the Class Period. As a result of those purchases and the subsequent stock price decline at the close of the Class Period, the IBEW Funds have lost approximately $70,376.00. Accordingly, it is respectfully submitted that the Court should consolidate the Related Actions, appoint the IBEW Funds as Lead Plaintiff most capable of adequately representing the interests of the Class and approve the IBEW Funds' selection of SSLL as lead counsel and Berman DeValerio as liaison counsel. Both SSLL and Berman DeValerio have extensive experience in securities fraud litigation and have won many important victories for injured shareholders. *See* Kim Dec., Exs. C and D.

**II.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

This Action alleges securities claims against Verifone and certain officers. The subsequently-filed actions enumerated above allege one or more common questions of law or fact. As a result, they should be consolidated pursuant to Rule 42 of the Federal Rules of Civil

---

[2] On January 18, 2008, all parties to these nine actions have stipulated to a Stipulation and [Proposed] Order Consolidating Related Cases, which is currently pending before this Court. On January 25, 2008, Defendants submitted an administrative motion requesting these nine cases be deemed related and assigned to the Honorable Marilyn H. Patel.

Procedure ("when actions involving a common question of law or fact are pending before the court, it may order all the actions consolidated . . . and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay").  Fed. R. Civ. P. 42 (a).

### III. THE IBEW FUNDS ARE THE MOST ADEQUATE PLAINTIFFS UNDER THE EXCHANGE ACT

On December 22, 1995, Congress enacted Public Law 10467, entitled the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  The PSLRA amends the Securities Exchange Act (the "Exchange Act") to include a new Section 21D that, *inter alia*, sets forth a detailed procedure for selecting the lead plaintiff to oversee class actions brought under the federal securities laws.

Section 21D(a)(3)(B)(i) of the Exchange Act directs the court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  Section 21D(a)(3)(B)(iii) requires a presumption that the most adequate plaintiff:

- (aa) has either filed the complaint or made a motion in response to a notice under [the PSLRA];
- (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
- (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii).

The goal of Congress in enacting this provision was to "empower investors" to "have the greater control over class action cases."  *See* "Private Securities Litigation Reform Act of 1995 -- Conference Report," 141 Cong. Rec. S17933-97, at S17956 (daily ed. Dec. 5, 1995).

The IBEW Funds are institutional investors that have been injured by the fraudulent conduct of Defendants.  House Commerce Committee Chairman Thomas Bailey has emphasized that the PSLRA was designed to "put control of class action lawsuits back in the hands" of "real shareholders" --  like the IBEW Funds.  *See* "Private Securities Litigation Reform Act of 1995 - Conference Report," 141 Cong. Rec. H14039-52, at H14039 (daily ed. Dec. 6, 1995).

Moreover, in order to reduce "lawyer-driven" litigation, "through the PSLRA, Congress has clearly expressed its preference for securities fraud litigation to be directed by large institutional investors." *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997). *See also*, *Sakhrani v. Brightpoint*, 78 F. Supp. 2d 845, 850 (S.D. Ind. 1999) ("The PSLRA was enacted with the explicit hope that institutional investors would step forward to represent the class and exercise effective management and supervision of the class lawyers"). By appointing the IBEW Funds as Lead Plaintiff in this case, the Court would be fulfilling one of Congress's major aims in passing the PSLRA, namely giving institutional investors an increased role in securities class actions. In addition, the IBEW Funds have a major financial stake in this litigation. As set forth more fully in their Certification of Securities Class Action Complaint, the IBEW Funds expended approximately $125,479.66 to purchase 2767 shares of Verifone during the Class Period. As a result of the wrongful conduct alleged, the IBEW Funds have lost approximately $70,376.00 in connection with these transactions. *See* Kim Dec., Ex. B. Thus, the IBEW Funds are precisely the type of investors that should be appointed as Lead Plaintiff in the consolidated action.

Section 21D(a)(3)(B) of the Exchange Act further provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

For purposes of appointing the lead plaintiff, "of the four prerequisites to class certification, the focus is only on the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements." *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000) (citation omitted); *see also*, *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997). As a general rule, a plaintiff's claim meets the typicality requirement if it is both legally and factually similar and arises out of the same events or course of conduct that gives rise to the claims of the other class members. This does not

require that the claims be identical, but there must be some common question of fact or law. *See In re Independent Energy Holdings PLC Sec. Litig.*, 2002 U.S. Dist. LEXIS 9359, at *12 (S.D.N.Y. May 28, 2002) (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). Here, the IBEW Funds' claims are typical, if not identical, to the claims of the members of the Class. As set forth above, the losses suffered by the IBEW Funds resulted from Defendants' common course of conduct which violated the Exchange Act by publicly disseminating materially false and misleading information. Thus, the IBEW Funds satisfy the typicality requirement.

Further, Section 21D(a)(3)(B)(iii) of the Exchange Act directs the Court, in evaluating the adequacy of a proposed lead plaintiff, to limit its inquiry to the existence of any conflicts between the interests of the proposed representative and members of the class, and allows the lead plaintiff to retain counsel of their choice to represent the Class "subject to the approval of the court." *See* Exchange Act § 21D(a)(3)(B)(v). The adequacy standard is met where (1) the named plaintiff has interests common with the Class' interests; and (2) the representatives will vigorously pursue the interests of the Class through qualified counsel. *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000) (citing *Drexel*, 960 F.2d at 291).

As set forth above, the IBEW Funds' interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between their interests and those of the Class. The IBEW Funds share numerous common questions of law and fact with the members of the Class, and their claims are typical of the members of the Class. Further, the IBEW Funds have retained competent counsel to represent it in this case. Thus, the alignment of interests between the IBEW Funds and the Class and the skill of the IBEW Funds' chosen counsel favor granting the instant motion.

### IV. THE COURT SHOULD APPROVE THE IBEW FUNDS' CHOICE OF COUNSEL AS LEAD COUNSEL

The amendments to the Exchange Act vest authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the court. *See* Exchange Act §21D(a)(3)(B)(v). A court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the plaintiff class. In the present case, the IBEW Funds have retained SSLL as Lead Counsel to

pursue this litigation on their behalf. As stated above, SSLL has extensive experience in securities fraud litigation. As a result, the IBEW Funds' choice of counsel should not be disturbed.

## V. CONCLUSION

For all the foregoing reasons, the IBEW Funds respectfully request that the Court grant the instant motion and:

(i) consolidate the Related Cases for all purposes, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

(ii) appoint the IBEW Funds as Lead Plaintiff in the above-captioned action and in the actions to be consolidated herewith pursuant to Section 21D(a)(3)(B) of the Exchange Act;

iii) approve the IBEW Funds' choice of counsel and appoint SSLL as Lead Counsel and Berman DeValerio as Liaison Counsel pursuant to Section 21D(a)(3)(B)(v) of the Exchange Act; and

iv) grant such other and further relief as the Court may deem just and proper.

Dated: February 4, 2008

**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**

By:  /s/ Nicole Lavallee
Nicole Lavallee (165755)
Joseph J. Tabacco, Jr. (75484)
425 California Street, Suite 2100
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Proposed Liaison Counsel*

**SCHOENGOLD SPORN LAITMAN & LOMETTI, P.C.**
Christopher Lometti (CL-9124)
Ashley Kim (AK-0105)
19 Fulton Street, Suite 406
New York, NY 10038
Telephone: (212) 964-0046

*Proposed Lead Counsel for the Class and Attorneys for the IBEW Local 363 Pension and Benefit Funds*