Daniel C. Girard (State Bar No. 114826)
dcg@girardgibbs.com
Jonathan K. Levine (State Bar No. 220289)
jkl@girardgibbs.com
Aaron M. Sheanin (State Bar No. 214472)
ams@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846

Proposed Lead Counsel

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL EICHENHOLTZ, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN,<br><br>Defendants. | Case No. C 07-6140 MHP<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF BRYCE AND DEBRA BALDWIN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date: March 17, 2008<br>Time: 2:00 p.m.<br>Judge: The Hon. Marilyn H. Patel<br>Courtroom: 15 |

Class members Bryce Baldwin and Debra Baldwin ("Movants") respectfully submit this Memorandum of Law in support of their motion for: (1) their appointment as Lead Plaintiff in the above-referenced actions pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, and (2) approval of their selection of Girard Gibbs LLP as Lead Counsel pursuant to the PSLRA.

## INTRODUCTION

Presently pending in this District are 9 related class action lawsuits (the "Actions") on behalf of persons who purchased or otherwise acquired securities of VeriFone Holdings, Inc. ("VeriFone") beginning as early as August 30, 2006 and ending on November 30, 2007.[1] An administrative motion to relate the Actions and a stipulation to consolidate the Actions have been filed and are pending before the Court. These Actions are brought pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5. Defendants are VeriFone and certain of VeriFone's officers and directors.

Pursuant to the PSLRA, as soon as practicable after a decision on consolidation has been rendered, the Court is to appoint as Lead Plaintiff the movant or group of movants that have demonstrated the "largest financial interest in the litigation" that also meets the typicality and adequacy prongs of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). As demonstrated herein, Movants, with a combined financial interest of $62,899.40 have, to the best of their or their counsel's knowledge, the largest financial interest in this litigation of any plaintiff or lead plaintiff movant, are typical of the class they seek to represent, and will more than adequately protect the interest of class members. *See id.*

Pursuant to the PSLRA, the Lead Plaintiff selects the Lead Counsel subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Movants have selected the law firm of Girard Gibbs to serve as Lead

---

[1] Several of the related actions have alleged differing class periods. For the purpose of this motion, Movants have used the longer of the class periods to demonstrate that they will most adequately represent the entire class of purchasers of VeriFone securities that was affected by defendants' fraud. Such differences do not affect consolidation of the related actions as this issue can be resolved when the appointed lead plaintiff files a consolidated complaint. *See, e.g., In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 431-32 (E.D. Va. 2000) (consolidating actions alleging different class periods and naming different defendants).

Counsel. Girard Gibbs has extensive experience successfully litigating securities class and non-class actions and possesses the resources necessary to vigorously pursue this litigation on behalf of the class. For the reasons summarized herein and discussed more fully below, Movants' motion should be approved in its entirety.

## STATEMENT OF FACTS[2]

Throughout the Class Period, defendants portrayed VeriFone as a stable and growing corporation with steadily increasing revenues and earnings. The truth was revealed, however, on December 3, 2007, when VeriFone announced that its financial statements for the first three quarters of fiscal year 2007 should no longer be relied upon and would be restated. VeriFone blamed the false financial statements on "errors in accounting related to the valuation of in-transit inventory and allocation of manufacturing and distribution overhead to inventory, each of which affects VeriFone's reported costs of net revenues." Defendants estimated that the restatements would reduce VeriFone's previously reported inventories by approximately $54.5 million, and would reduce previously reported pre-tax income by approximately $29.7 million. In light of defendants' admission that VeriFone's financial results were no longer credible, investors en masse sold their VeriFone stock, driving the price down by over 45% in a single trading day—or $22 per share—to close at $26.03, on huge trading volume of over 49 million shares or nearly 35 times its average trading volume.

An analyst from Wedbush Morgan called VeriFone's announcement "pretty severe," noting that defendants made no assurances that VeriFone would not find additional mistakes in its financial reporting. An analyst at JPMorgan Securities also commented, "The restatement calls into question VeriFone's gross margins, which up until now have been positive fuel for the stock."

During the Class Period, VeriFone's chief executive officer and chief financial officer sold more than 1.6 million shares of their personally held common stock for proceeds in excess of $62.9 million.

---

[2] These facts are derived from the allegations in the complaint captioned *Joel Eichenholtz v. VeriFone Holdings, Inc.*, Case No. C 07-6140 MHP (N.D. Cal. filed December 4, 2007).

- 3 -

## ARGUMENT

### POINT I

### MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF

**A.     The Procedure Required By The PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Here, Girard Gibbs published the relevant notice on *Business Wire* on December 4, 2007.[3] Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .

---

[3] *See* Exhibit A to the Declaration Of Jonathan K. Levine In Support Of The Motion Of Bryce And Debra Baldwin For Appointment As Lead Plaintiff And Approval Of Selection Of Lead Counsel dated February 4, 2008 ("Levine Decl."). Unless otherwise indicated, all exhibit references are to the Levine Decl.

- 4 -

>   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). As discussed below, Movants have complied with the procedural prerequisites of the PSLRA, have demonstrated what, to the best of their knowledge, is the largest financial interest in the litigation and meet the relevant requirements of Fed. R. Civ. P. 23, and should be appointed as the Lead Plaintiff.

### B. Movants Satisfy The "Lead Plaintiff" Requirements Of The Exchange Act And Should Be Appointed Lead Plaintiff

#### 1. Movants Have Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of Lead Plaintiff in this matter must do so by February 4, 2008. 15 U.S.C. § 78u-4(a)(3)(A) and (B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, (i.e., within 60 days after the notice published on December 4, 2007), Movants hereby move this Court in a timely manner to be appointed Lead Plaintiff on behalf of all members of the Class.

Movants have each signed and filed a certification stating that they have reviewed the allegations of a complaint and are willing to serve as a representative party on behalf of the Class, pursuant to 15 U.S.C. 78u-4(a)(2). *See* Exhibit B (attaching certifications). In addition, Movants have selected and retained competent counsel to represent them and the Class as Lead Counsel. *See* Exhibit D (Firm Resumes of Girard Gibbs). Accordingly, Movants have satisfied the procedural requirements of 15 U.S.C. § 78u-4(a)(3)(B).

#### 2. Movants Have The Requisite Financial Interest In The Relief Sought By The Class

Pursuant to the PSLRA, identification of the most adequate plaintiff, begins with the identification of the movant with "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See In re Cavanaugh*, 306 F.3d at 730 ("[T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from

- 5 -

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF BRYCE AND DEBRA BALDWIN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

the lawsuit."). During the Class Period, as evidenced by the certifications signed by each of the Movants (*see* Exhibit B) and analysis of their transactions in VeriFone securities (*see* Exhibit C), Movants have suffered total losses of $62, 899.40. Upon information and belief, Movants' financial interest in this matter is the largest of any competing lead plaintiff movant. Therefore, Movants are the movants with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3. <u>Movants Otherwise Satisfy Rule 23</u>

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cavanaugh*, 306 F.3d. at 730. Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movants. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. *See id*; *see also Lax v. First Merchant.*, 1997 U.S. Dist. LEXIS 11866, at *20; *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "The typicality requirement of Rule 23(a)(3) is satisfied when the named plaintiffs have (1) suffered the same injuries as the absent class members, (2) as a result of the same course of conduct, and (3) their claims are based on the same legal issues." *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1052 (N.D. Cal. 2001). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature

- 6 -
MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF BRYCE AND DEBRA BALDWIN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988).

Bryce and Debra Baldwin reside in Salt Lake City, Utah. The Baldwins purchased shares of VeriFone in their own names and as trustees of the Bryce Baldwin Living Trust and the Debra F. Baldwin Trust. Collectively, the Baldwins purchased 3,760 shares of VeriFone common stock and incurred losses of $62,899.40 in connection with their Class Period transactions.

Movants satisfy the typicality requirement of Rule 23 because, just like all other class members, its members: (1) purchased VeriFone securities during the Class Period at inflated prices; and (2) suffered damages thereby. Thus, Movants' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events. *See Bell v. Ascendant Solutions, Inc.*, 2002 U.S. Dist. LEXIS 6850 at *18 (N.D. Tex. Apr. 17, 2002) ("The Court is aware of no differences among the class members that would substantially alter the proof required for one member's claims versus another's. Thus . . . the claims of the [movants] are typical of those of the purported class members.").

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." Pursuant to the PSLRA, a movant is adequate if: (1) the movant does not have interests antagonistic to those of the class; and (2) the movant's counsel is qualified, experienced, and generally able to conduct the proposed litigation. *See Armour*, 171 F. Supp. 2d at 1052. Movants will more than adequately represent the interests of the Class. First, there is no conflict between the interests of Movants and those of the other members of the Class. Finally, as demonstrated below, Movants' proposed Lead Counsel, Girard Gibbs is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Movants *prima facie* satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this motion and should be appointed as Lead Plaintiff.

### POINT II

### MOVANTS' SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Movants, as the

- 7 -

presumptively most adequate plaintiffs, have selected Girard Gibbs to serve as Lead Counsel, subject to this Court's approval. As is demonstrated by its firm resume, Girard Gibbs possesses extensive experience litigating securities class and non-class actions and has successfully prosecuted numerous complex class cases on behalf of injured investors. (Exhibit D.) Accordingly, Movants' selection of Lead Counsel should be approved.

## CONCLUSION

For the foregoing reasons, Movants satisfy the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). Movants respectfully request that this Court: (1) consolidate the Actions; (2) appoint them as Lead Plaintiff pursuant to § 21D(a)(3)(B); and (3) approve their selection of Girard Gibbs as Lead Counsel.

Dated: February 4, 2008                     Respectfully submitted,

                                                **GIRARD GIBBS LLP**

                                                */s/ Jonathan K. Levine*
                                                 Jonathan K. Levine

Daniel C. Girard
Aaron M. Sheanin
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Proposed Lead Counsel

- 8 -
MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF BRYCE AND DEBRA BALDWIN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL