Joseph W. Cotchett
Steven N. Williams
**COTCHETT, PITRE & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:    (650) 697-6000
Facsimile:    (650) 697-0577

Stanley M. Grossman
Marc I. Gross
Jeremy A. Lieberman
**POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP**
100 Park Avenue
New York, New York 10017-5516
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

Patrick V. Dahlstrom
Joshua B. Silverman
**POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP**
One North LaSalle Street
Suite 2225
Chicago, Illinois 60602
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

**Attorneys for Plaintiff CLAL Finance Batucha Investment Management Ltd.**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOEL EICHENHOLTZ, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> - against - <br><br> VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, <br><br> Defendants. | Case No. C 07-6140 MHP <br><br><br><br><br><br> Judge: The Hon. Marilyn H. Patel <br> Courtroom: 15 |

**NOTICE OF MOTION & MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CLAL FINANCE BATUCHA INVESTMENT MANAGEMENT, LTD.'S AND DIRECT INVESTMENT HOUSE (PROVIDENCE FUNDS) LTD.'S MOTION TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD COUNSEL**

| | |
|---|---|
| PETER LIEN, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No. C 07-6195 JSW |
| - against - | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |
| BRIAN VAUGHN and MIRIAM LOGAN On Behalf of Themselves and All Others Similarly Situated, | |
| Plaintiffs, | Case No. C 07-6197 VRW |
| - against - | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |
| ALBERT L. FELDMAN and ELEANOR JEAN FELDMAN, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No. C 07-6218 MMC |
| - against - | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |

NOTICE OF MOTION & MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF CLAL FINANCE BATUCHA INVESTMENT MANAGEMENT, LTD.'S AND DIRECT INVESTMENT HOUSE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL

| | | |
|---|---|---|
| 1 | DONALD CERINI, Individually and On Behalf of All Others Similarly Situated, ) ) | |
| 2 | ) | |
| 3 | Plaintiff, ) ) | Case No. C 07-6228 SC |
| 4 | - against - ) ) | |
| 5 | VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, ) ) ) | |
| 6 | ) | |
| 7 | Defendants. ) ) | |
| 8 | _____ ) | |
| 9 | WESTEND CAPITAL MANAGEMENT LLC, Individually And On Behalf of All Others Similarly Situated, ) ) ) | |
| 10 | ) | |
| 11 | Plaintiffs, ) ) | Case No. C 07-6237 MMC |
| 12 | - against - ) ) | |
| 13 | VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, ) ) ) | |
| 14 | ) | |
| 15 | Defendants. ) ) | |
| 16 | KURT HILL, On Behalf of Himself and All Others Similarly Situated, ) ) | |
| 17 | ) | |
| 18 | Plaintiff, ) ) | Case No. C 07-623 MHP |
| 19 | - against - ) ) | |
| 20 | VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, ) ) ) | |
| 21 | ) | |
| 22 | Defendants. ) ) | |
| | _____ ) | |

NOTICE OF MOTION & MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF CLAL FINANCE BATUCHA INVESTMENT MANAGEMENT, LTD.'S AND DIRECT INVESTMENT HOUSE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL

| | | |
|---|---|---|
| 1 | DANIEL OFFUTT, Individually and On Behalf of All Others Similarly Situated, )<br>) | |
| 2 | ) | |
| 3 | Plaintiff, ) | Case No. C 07-6241 JSW |
| | ) | |
| 4 | - against - ) | |
| | ) | |
| 5 | VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, ) ) ) | |
| 6 | ) | |
| 7 | Defendants. ) | |
| | _____) | |
| 8 | EDWARD FEITEL, On Behalf of Himself and All Others Similarly Situated, ) ) | |
| 9 | ) | |
| 10 | Plaintiff, ) | Case No. C 08-0118 CW |
| | ) | |
| 11 | - against - ) | |
| | ) | |
| 12 | VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, ) ) ) | |
| 13 | ) | |
| 14 | Defendants. ) | |
| 15 | _____) | |

NOTICE OF MOTION & MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF CLAL FINANCE BATUCHA INVESTMENT MANAGEMENT, LTD.'S AND DIRECT INVESTMENT HOUSE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL

1  **TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD**

2  **PLEASE TAKE NOTICE** that on Monday, March 17, 2008 at 2:00 in the afternoon, or as soon thereafter as this matter may be heard, before the Honorable Marilyn H. Patel in Courtroom 15 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, CLAL Finance Batucha Investment Management, Ltd. ("CLAL") and Direct Investment House, (Providence Funds) Ltd. ("Direct") will move this Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order:

1. appointing CLAL and Direct as Lead Plaintiffs in the consolidated actions; and
2. approving Pomerantz Haudek Block Grossman & Gross LLP as Lead Counsel and Cotchett, Pitre & McCarthy as Liaison Counsel for the Class.

This Motion is made on the grounds that CLAL and Direct are the most adequate plaintiff, as defined by the PSLRA, based on their combines losses of approximately $2,641,549 to $3,178,462, which was suffered as a result of defendants' wrongful conduct as alleged in the above-referenced actions. Further, CLAL and Direct satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as their claims are typical of the other members of the proposed Class, and they will fairly and adequately represent the Class. In addition, CLAL and Direct have selected and retained counsel with substantial experience in prosecuting securities fraud class actions to serve as counsel for the Class.

This Motion is based on the notice of motion, the memorandum of points and authorities in support thereof, the Declaration of Patrick V. Dahlstrom, the pleadings and other files herein and such other written and oral arguments as may be presented to the Court.

NOTICE OF MOTION & MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF CLAL FINANCE BATUCHA INVESTMENT MANAGEMENT, LTD.'S AND DIRECT INVESTMENT HOUSE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    CLAL AND DIRECT SHOULD BE APPOINTED
           LEAD PLAINTIFFS FOR THE CLASS . . . . . . . . . . . . . . . . . . . . . . . 2

           1.    The Legal Requirements under the PSLRA. . . . . . . . . . . . . . . . . . . . . . . 2
           2.    Notice of Pendency. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
           3.    CLAL and Direct Have The Largest Financial
               Interest in the Relief Sought by the Class . . . . . . . . . . . . . . . . . . . . . 4
           4.    CLAL and Direct Satisfy the Requirements of Rule 23. . . . . . . . . . . . . . 5
           5.    CLAL and Direct is the Ideal Lead Plaintiff Envisioned by the PLSRA. . 7

    B.    CLAL'S AND DIRECT'S SELECTION OF COUNSEL SHOULD BE
           APPROVED AS LEAD AND LIAISON COUNSEL FOR THE CLASS. . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

NOTICE OF MOTION & MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF CLAL FINANCE BATUCHA INVESTMENT MANAGEMENT, LTD.'S AND DIRECT INVESTMENT HOUSE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL

**MEMORANDUM OF POINTS AND AUTHORITIES**

This is a securities class action on behalf of public investors who purchased the securities of Verifone Holdings, Inc. ("Verifone" or the "Company"), during the period from March 1, 2007 through December 3, 2007.[1] Although at least one complaint has alleged a class period of August 31, 2006 through December 3, 2007, there is a question whether the class period should be extended back beyond the Lipman Electronic Engineering Ltd. ("Lipman Electronic") acquisition in November 2006. Accordingly, for purposes of this motion, CLAL and Direct have submitted losses for both periods, but challenge the sufficiency of the allegations in the complaint that alleges a longer class period, and whether the disclosures on December 3, 2007 support loss causation for the earlier period.

VeriFone is a provider of technology that enables electronic payment transactions and value-added services at the point of sale. The Company's systems consist of point of sale electronic payment devices that run the Company's and third-party operating systems, security and encryption software and certified payment software, as well as third-party applications. Its system solutions process a range of payment types, including signature and personal identification number-based debit cards, credit cards, contactless/radio frequency identification cards, smart cards, electronic bill payment, check authorization and conversion, signature capture and electronic benefits transfer. The Company's customers are primarily global financial institutions, payment processors, petroleum companies, large retailers, government organizations and healthcare companies, as well as independent sales organizations. On November 1, 2006, the Company acquired Lipman Electronic Engineering Ltd. ("Lipman Electronic").

On December 3, 2007, the Company surprised investors when it announced that its financial statements for the three months ended January 31, 2007, the three and six months ended

---

[1] The correct end date for the Class Period should be December 3, 2007, as the disclosure on the morning of December 3, 2007 occurred before the market opened.

April 30, 2007 and the three and nine months ended July 31, 2007 should no longer be relied upon. This was due to errors in accounting related to the valuation of in-transit inventory and allocation of manufacturing and distribution overhead to inventory. Each of these accounting errors affected VeriFone's reported costs of net revenues. Further, the Company disclosed that its restated financial statements would correct errors that overstated previously reported inventories by "material amounts," and understated the Company's cost of net revenues by "material amounts." A preliminary review revealed that these restatements would result in reductions to the Company's previously reported inventory levels of approximately $7.7 million, $16.5 million and $30.2 million as of January 31, 2007, April 30, 2007 and July 31, 2007, respectively. Additionally, the Company would realize reductions to its previously reported pre tax income of approximately $8.9 million, $7.0 million and $13.8 million for the three month periods ended January 31, 2007, April 30, 2007 and July 31, 2007, respectively.

Also on December 3, 2007, the *Associated Press* detailed how the Company had "overstated its profit before taxes by almost $30 million, or 80 percent, in the first three quarters of the fiscal year." One analyst detailed how the restatement "calls into question VeriFone's gross margins, which up until now have been positive fuel for the stock." Other analysts stated that the necessary inventory adjustments were likely related to VeriFone's acquisition of Lipman Electronic Engineering, which the Company completed in November 2006.

On this news, the Company's shares fell $22.00 per share, or over 45.8 percent, to close on December 3, 2007 at $26.03 per share, on unusually heavy trading volume.

## ARGUMENT

**A.     CLAL AND DIRECT SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS**

### 1.     The Legal Requirements under the PSLRA

Within 20 days after the date on which a class action is filed under the PSLRA, *see* 15

NOTICE OF MOTION & MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF CLAL FINANCE BATUCHA INVESTMENT MANAGEMENT, LTD.'S AND DIRECT INVESTMENT HOUSE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL     2

U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class: (i) of the pendency of the action, the claims asserted therein, and the purported class period; and (ii) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

Further, under 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person, or group of persons, that:

> (aa)  has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS 18009, at *8-*9 (N.D. Cal. Sept. 9, 2003); *Squyres v. Union Texas Petroleum Holdings, Inc.*, No. CV 98-6085 LGB (AIJx), 1998 U.S. Dist. LEXIS 22945, at *5 (C.D. Cal. Nov. 2, 1998); *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *11 (C.D. Cal. Apr. 26, 2001).

**2. Notice of Pendency**

Plaintiff in the first-filed action caused notice to be published on Business Wire on November 30, 2006. *See* Dahlstrom Dec., Exhibit A. CLAL and Direct have filed this motion before the expiration of the 60-day period from such publication. In addition, and pursuant to the requirements of the PSLRA, authorized representatives of CLAL and Direct have duly signed Certifications stating that they have reviewed a copy of a complaint related to the consolidated

actions and are willing to serve as a representative plaintiffs on behalf of the Class. *See* Dahlstrom Dec., Exhibits B and C. Yosi Elarel, Chief Operating Officer of CLAL Finance Batucha Investment Management, Ltd., signed the Certification and is authorized to litigate this case on behalf of its clients that suffered losses upon CLAL's decision to purchase Verifone common on their behalf during the Class Period. Direct's Certification has been signed by Giora Dan Zarechansky, Direct's Chief Ecexutive officer, and Ron Aharon, Direct's Chief Financial Officer. Zarechansky and Aharon are authorized to litigate this case on behalf of its clients that suffered losses upon Direct's decision to purchase Verifone common on their behalf during the Class Period.

### 3.     CLAL and Direct Have The Largest Financial Interest in the Relief Sought by the Class

As noted above, the PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the person who "has the largest financial interest in the relief sought by the class," and who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002).

As of the time of the filing of this motion, CLAL and Direct believe that they have the largest financial interest of anyone in the relief sought by the Class. The following chart shows CLAL's and Direct's net retained shares and losses for the two proposed class periods:

|  | March 1, 2007 to December 3, 2007 | | August 31, 2006 to December 3, 2007 | |
| --- | --- | --- | --- | --- |
|  | Retained Shares | Losses | Retained Shares | Losses |
| CLAL | 69,787.95 | ($2,261,382) | 96,412.70 | ($2,513,721) |
| Direct | 20,644.38 | ($380,167) | 46,782.25 | ($664,741) |
| Total | 90,432.33 | ($2,641,549) | 143,194.95 | ($3,178,462) |

*See* Dahlstrom Dec., Exhibit B at Attachment 1, p. 48, and Attachment 2, p. 62.; Exhibit C at Attachment 1, p.2 , and Attachment 2, p.3.  *See also In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 993 (N.D. Cal. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).  Because CLAL and Direct possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 4. **CLAL and Direct Satisfy the Requirements of Rule 23**

The PSLRA requires that the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-(a)(3)(B)(iii)(I)(cc).  With respect to the claims of class representatives, Rule 23(a) requires that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representatives will fairly and adequately protect the interests of the class.  For purposes of a motion to appoint lead plaintiff pursuant to the PSLRA, however, all that is required is a "preliminary showing" that the lead plaintiff's claims are typical and adequate.  *Aronson*, 79 F. Supp. 2d at 1158 (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D.577, 587 (N.D. Cal. 1999).  *See also Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).  "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id.*  Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Id.  See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (The typicality requirement serves to "assure that the interest of the named representative aligns with the

interests of the class.") (citation omitted).

Here, CLAL's and Direct's claims are typical of those of the Class. Each alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Verifone, or omitted to state material facts necessary to make the statements they did make not misleading. CLAL and Direct, as did all members of the Class, purchased Verifone common stock during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda*, 67 F. Supp. 2d at 1137 (citing *In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). *Accord Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda*, 67 F. Supp. 2d at 1137 (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

CLAL and Direct are adequate representatives for the Class. There is no antagonism between their interests and those of the Class and their losses demonstrate that they have sufficient interests in the outcome of this litigation. Moreover, they have retained counsel highly experienced in prosecuting securities class actions such as this action, vigorously and efficiently, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**5.      CLAL and Direct is the Ideal Lead Plaintiff Envisioned by the PLSRA**

In addition to satisfying the preliminary requirements of Rule 23, the appointment of CLAL as Lead Plaintiff also satisfies a critical legislative goal behind enacting the PSLRA – to encourage sophisticated institutions with large financial interests to serve as lead plaintiff in securities class actions.

CLAL Finance Batucha Investment Management, Ltd., is one of Israel's oldest investment management firms. It specializes in managing portfolios by providing expert advisory services and a full range of financial products and services. CLAL is the largest non-banking member of the Tel Aviv Stock Exchange, managing assets in excess of $1.8 billion. Thus, CLAL is a perfect example of the type of institutional investor that Congress sought to take the lead of securities class action litigation. Each of the accounts that is representing in this action is a discretionary account for which the key investment decisions to purchase Verifone common stock was made by CLAL. To further its commitment to its clients and recover losses attributable to the fraud committed by Verifone, CLAL has chosen to act as Lead Plaintiff for the entire Class.

CLAL has extensive experience in discharging fiduciary duties and has its own. general counsel and experts to oversee the activities of Lead Counsel in this litigation. The signatory of CLAL's Certification, and primary liaison along with CLAL's general counsel, is Yosi Elarel, CLAL's Chief Operating Officer.

Direct manages is one of twenty members of the Tel Aviv Stock Exchange and manages its clients' investments through a number of financial tools. It also has experience discharging fiduciary duties, and its CEO Giora Dan Zarechansky and CFO Ron Aharon will oversee the litigation on behalf of Direct.

In sum, CLAL and Direct have the sophistication and resources to protect the interests of the Class and control the litigation. *See, e.g., Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS 18009, at *11.

**B.    CLAL'S AND DIRECT'S SELECTION OF COUNSEL SHOULD BE APPROVED AS LEAD AND LIAISON COUNSEL FOR THE CLASS**

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher*, 2001 U.S. Dist. LEXIS 6057, at *15.  The Court should only interfere with lead plaintiff's selection when necessary "to protect the interests of the class."  *See* H.R. Conf. Rpt. No. 104-369, at 35, 104th Cong. 1st Sess (Nov. 28, 1995); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Indeed, the "Court's role is limited to approving (or rejecting) that choice."  *Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS 18009, at *12, *citing In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir. 2002).

Here, CLAL and Direct have selected Pomerantz Haudek Block Grossman & Gross LLP to serve as Lead Counsel and Cotchett, Pitre & McCarthy to serve as Liaison Counsel for the Class.  As detailed in its firm resumes (*see* Dahlstrom Dec., Exhibit D), the Pomerantz firm has extensive expertise and experience in the field of securities litigation and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors.  Thus, the Court may be confident that the Class will receive the highest caliber of legal representation.

/ / /

/ / /

/ / /

# CONCLUSION

CLAL and Direct respectfully requests that the Court appoint them as Lead Plaintiff, approve their selection of Pomerantz Haudek Block Grossman & Gross LLP to serve as Lead Counsel and Cotchett, Pitre & McCarthy to serve as Liaison Counsel for the Class, and grant such other relief as the Court may deem to be just and proper.

Dated: February 4, 2008

          Respectfully submitted,

          **COTCHETT, PITRE & McCARTHY**

          By:   s/*Steve N. Williams*
              Steve N. Williams

          Joseph W. Cotchett
          San Francisco Airport Office Center
          840 Malcolm Road, Suite 200
          Burlingame, California 94010
          Telephone:   (650) 697-6000
          Facsimile:     (650) 697-0577

          Stanley M. Grossman
          Marc I. Gross
          Jeremy A. Lieberman
          **POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS, LLP**
          100 Park Avenue
          New York, New York 10017
          Telephone: (212) 661-1100
          Facsimile: (212) 661-866

///

///

///

Patrick V. Dahlstrom
Joshua B. Silverman
**POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS, LLP**
One North LaSalle Street
Suite 2225
Chicago, Illinois 60602
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

**Attorneys for CLAL Finance Batucha Investment Management, Ltd. And Direct Investment House (Providence Funds) Ltd.**