Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Lewis S. Kahn
KAHN GAUTHIER SWICK, LLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@kgscounsel.com

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEL EICHENHOLTZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON and BARRY ZWARENSTEIN,<br><br>Defendants. | No.: 07-CV-06140-MHP<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WESTEND CAPITAL MANAGEMENT, LLC FOR CONSOLIDATION OF ALL CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD AND LIAISON COUNSEL<br><br>DATE:   March 10, 2008<br>TIME:   2:00 P.M.<br>DEPT:   Courtroom 15, 18th Floor<br><br>Action filed: December 4, 2007 |

010006-12 221581 V1

| | |
|---|---|
| PETER LIEN, Individually and On Behalf of All Others Similarly Situated, | No. 07-CV-06195-JSW |
| Plaintiff, | |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |
| BRIAN VAUGHN, RON DOCKSWELL and MIRIAM LOGAN, On Behalf of Themselves and All Others Similarly Situated, | No. 07-CV-06197-VRW |
| Plaintiffs, | |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |
| ALBERT L. FELDMAN and ELEANOR JEAN FELDMAN, Individually and On Behalf of All Others Similarly Situated, | No. 07-CV-06218-MMC |
| Plaintiffs, | |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |
| DONALD CERINI, Individually and On Behalf of All Others Similarly Situated, | No. 07-CV-06228-SC |
| Plaintiff, | |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |

010006-12 221581 V1

| | | |
|---|---|---|
| 1 | WESTEND CAPITAL MANAGEMENT LLC, ) <br> Individually and on Behalf of All Others ) | No. 07-CV-6237 MMC |
| 2 | Similarly Situated, ) <br> ) | |
| 3 | Plaintiff, ) <br> ) | |
| 4 | v. ) <br> ) | |
| 5 | VERIFONE HOLDINGS, INC., DOUGLAS G. ) <br> BERGERON, and BARRY ZWARENSTEIN, ) | |
| 6 | ) <br> Defendants. ) | |
| 7 | ) | |
| 8 | KURT HILL, Individually and On Behalf of All ) <br> Others Similarly Situated, ) | No. 07-CV-06238-MHP |
| 9 | ) <br> Plaintiff, ) | |
| 10 | ) <br> v. ) | |
| 11 | ) <br> VERIFONE HOLDINGS, INC., DOUGLAS G. ) <br> BERGERON, and BARRY ZWARENSTEIN, ) | |
| 12 | ) <br> Defendants. ) | |
| 13 | ) | |
| 14 | DANIEL OFFUTT, Individually and On Behalf ) <br> of All Others Similarly Situated, ) | No. 07-CV-06241-JSW |
| 15 | ) <br> Plaintiff, ) | |
| 16 | ) <br> v. ) | |
| 17 | ) <br> VERIFONE HOLDINGS, INC., DOUGLAS G. ) <br> BERGERON, and BARRY ZWARENSTEIN, ) | |
| 18 | ) <br> Defendants. ) | |
| 19 | ) | |
| 20 | EDWARD FEITEL, On Behalf of Himself and ) <br> All Others Similarly Situated, ) | No. 08-CV-00118-CW |
| 21 | ) <br> Plaintiff, ) | |
| 22 | ) <br> v. ) | |
| 23 | ) <br> VERIFONE HOLDINGS, INC., DOUGLAS G. ) <br> BERGERON, and BARRY ZWARENSTEIN, ) | |
| 24 | ) <br> Defendants. ) | |
| 25 | ) | |

010006-12 221581 V1

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

PROCEDURAL BACKGROUND ....................................................................................................2

STATEMENT OF FACTS .................................................................................................................3

ARGUMENT ......................................................................................................................................5

I.    THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS ...............................5

II.    WESTEND CAPITAL MANAGEMENT, LLC SHOULD BE APPOINTED LEAD PLAINTIFF ..............................................................................................................................6

    A.    The Procedural Requirements Pursuant to the PSLRA ................................................6

    B.    WestEnd Capital Management, LLC Is "The Most Adequate Plaintiff" ......................7

        1.    WestEnd Capital Management, LLC Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff ................................................................7

        2.    WestEnd Capital Management, LLC Has the Largest Financial Interest .........7

        3.    WestEnd Capital Management, LLC Satisfies the Requirements of Rule 23...8

            i.    WestEnd Capital Management, LLC's Claims Are Typical of the Claims of All the Class Members ...........................................................9

            ii.    WestEnd Capital Management, LLC Will Adequately Represent the Class ........................................................................................................9

III.    THE COURT SHOULD APPROVE WESTEND CAPITAL MANAGEMENT, LLC'S CHOICE OF LEAD COUNSEL ...........................................................................................10

CONCLUSION ................................................................................................................................11

CERTIFICATE OF SERVICE.........................................................................................................13

MEM. OF P. & A. ISO MOT OF WESTEND CAPITAL MANAGEMENT, LLC FOR CONSOLIDATION, APPOINTMENT OF LEAD PL. AND APPROVAL OF LEAD PL.'S CHOICE OF COUNSEL - No. 07-CV-6140 MHP

- i -

# TABLE OF AUTHORITIES

## CASES

*In re Cavanaugh*
    306 F.3d 726 (9th Cir. 2002) ................................................................................................ 6, 8

*Crossen v. CV Therapeutics*
    No. C03-03709 SI, 2005 U.S. Dist. Lexis 41396, (N.D. Cal. August 9, 2005) ....................... 9

*Ferrari v. Gisch*
    225 F.R.D. 599 (C.D. Cal. 2004) ............................................................................................ 8

*Greebel v. FTP Software, Inc.*
    939 F. Supp. 57 (D. Mass. 1996) ............................................................................................ 6

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1988) ................................................................................................ 9

*Lax v. First Merchants Acceptance Corp.*
    No. 97-cv-2715, 1997 U.S. Dist. Lexis 11866 (N.D. Ill. August 6, 1997) .............................. 6

*Miller v. Ventro Corp.*
    No. C 01-01287SBA, 2001 U.S. Dist. Lexis 26027 (N.D. Cal. November 28, 2001) ........... 10

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.*
    No. 03-cv-8264, 2004 U.S. Dist. Lexis 9571 (S.D.N.Y. May 27, 2004) ................................ 6

*Schriver v. Impac. Mortg. Holdings, Inc.*
    No. SACV 06-31 (RNBx), 2006 Dist. Lexis 40607, (C.D. Cal. May 1, 2006) ....................... 8

*Siegall v. Tibco Software, Inc.*
    No. 05-cv-2146 (SBA), 2006 U.S. Dist. Lexis 26780 (N.D. Cal. February 24, 2006) ............ 8

*Takeda v. Turbodyne Technologies*
    67 F. Supp. 2d 1129 (C.D. Cal. 1999) .................................................................................. 10

## FEDERAL STATUTES

15 U.S.C. § 78u-4(a)(3)(A) ........................................................................................................ 6, 7

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................... 2, 5, 6, 7, 8, 10

Fed. R. Civ. P. 23(a) ............................................................................................................ 8, 9, 10

Fed. R. Civ. P. 42(a) ...................................................................................................................... 5

MEM. OF P. & A. ISO MOT OF WESTEND CAPITAL MANAGEMENT, LLC FOR CONSOLIDATION, APPOINTMENT OF LEAD PL. AND APPROVAL OF LEAD PL.'S CHOICE OF COUNSEL - No. 07-CV-6140 MHP

- ii -

**PRELIMINARY STATEMENT**

WestEnd Capital Management, LLC ("WestEnd" or "Movant") hereby moves to consolidate the above-captioned securities fraud class actions filed against VeriFone Holdings, Inc.[1] ("VeriFone" or the "Company") and other Defendants, to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and for approval of its selection of the law firm of Kahn Gauthier Swick, LLC ("KGS"), as Lead Counsel and Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), as Liaison Counsel for the Class in the consolidated case.

WestEnd fully understands its duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certification attached to the Declaration of Reed R. Kathrein in Support of the Motion of WestEnd Capital Management, LLC For Consolidation of All Similar Cases, to be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel ("Kathrein Decl.") at Exhibit A, filed concurrently herewith, WestEnd has suffered losses of $1,002,206.90 as a result of its purchases of shares of VeriFone common stock on the open market between the dates of August 31, 2006 and December 3, 2007,

---

[1] The similar securities fraud class actions include: *Eichenholtz v. VeriFone Holdings, Inc., et al.*, 07-cv-6140 (MHP) (filed December 4, 2007); *Lien v. VeriFone Holdings, Inc.*, *et al*, 07-cv-6195 (JSW) (filed December 6, 2007); *Vaughn, et al. v. VeriFone Holdings, Inc., et al.*, 07-cv-6197 (VRW) (filed December 6, 2007); *Feldman, et al. v. VeriFone Holdings, Inc., et al.*, 07-cv-6218 (MMC) (filed December 7, 2007); *Cerini v. VeriFone Holdings, Inc., et al.*, 07-cv-6228 (SC) (filed December 10, 2007); *WestEnd Capital Management, LLC v. VeriFone Holdings, Inc., et al.*, 07-cv-6237 (MMC) (filed December 10, 2007); *Hill v. Verifone Holdings, Inc., et al.*, 07-cv-6238 (MHP); *Offutt v. VeriFone Holdings, Inc., et al.*, 07-cv-6241 (JSW) and *Feitel v. VeriFone Holdings, Inc., et al.*, 07-cv-00118 (CW) (filed January 7, 2008 in the Oakland Division). This Court should also be aware of the pending action titled *Kraft v. VeriFone Holdings, Inc., et al.*, 07-cv-1588 (DFH)(WTL), filed in the U.S. District Court for the Southern District of Indiana on December 7, 2007. On January 30, 2008, plaintiffs in the *Kraft* action filed a Notice of Voluntary Dismissal of the case, and at the time of this filing, the Judge in that case has not yet signed the Order dismissing the *Kraft* action.

MEM. OF P. & A. ISO MOT OF WESTEND CAPITAL MANAGEMENT, LLC FOR CONSOLIDATION, APPOINTMENT OF LEAD PL. AND APPROVAL OF LEAD PL.'S CHOICE OF COUNSEL - No. 07-CV-6140 MHP

- 1 -

inclusive (the "Class Period").[2] To the best of its knowledge, WestEnd has sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, WestEnd's Certification demonstrates its intent to serve as Lead Plaintiff in this litigation and its cognizance of the duties of serving as Lead Plaintiff.[3] Moreover, WestEnd satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, WestEnd respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all similar actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing WestEnd as Lead Plaintiff in this action pursuant to the Exchange Act; and (3) approving WestEnd's selection of the law firm of KGS as Lead Counsel and Hagens Berman as Liaison Counsel for the Class.

**PROCEDURAL BACKGROUND**

The first lawsuit against VeriFone, *Eichenholtz v. VeriFone Holdings, Inc., et al.*, 07-cv-6140 (MHP), was filed on behalf of Plaintiff Joel Eichenholtz, in the Northern District of California on December 4, 2007. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on December 4, 2007, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than February 4, 2008. *See* Kathrein Decl. at Exhibit B.

WestEnd is a Class Member (*see* Kathrein Decl. at Exhibit A) who has timely filed this motion within the 60 day period following publication of the December 4, 2007 notice.

---

[2] WestEnd used the longest Class Period pled in a related complaint to calculate its losses.

[3] The relevant federal securities laws specifically authorize any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). A copy of WestEnd's Certification of its transactions in VeriFone securities during the Class Period is attached as Exhibit A to the Kathrein Declaration filed in support of this motion.

**STATEMENT OF FACTS**[4]

VeriFone is a Delaware corporation with its principal place of business located at 2099 Gateway Place, San Jose, CA. VeriFone engages in the design, marketing and service of transaction automation systems that enable electronic payments between consumers, merchants and financial institutions. Its products include countertop electronic payment systems that accept magnetic, smart card and contactless/radio frequency identification cards and that support credit, debit, check and electronic benefits transfers; as well as a range of pre-paid products, including gift cards and loyalty programs; a line of wireless system solutions that support IP-based CDMA, GPRS and Wi-Fi technologies for connectivity; a family of products for petroleum companies, such as integrated electronic payment systems that combine card processing, fuel dispensing and ECR functions, as well as payment systems for integration with petroleum pump controllers and systems; and server-based transaction products that enable merchants to integrate payment functionality into PC-based electronic systems. In addition, the Company offers a range of client services and customized application development services. VeriFone's customers include financial institutions, payment processors, petroleum companies, retailers, government organizations and healthcare companies, as well as independent sales organizations in North America, Europe, the Middle East, Africa, Asia/Pacific and Latin America.

During the Class Period, Defendants engaged in a scheme to deceive the market, and a course of conduct that artificially inflated VeriFone's stock price and operated as a fraud or deceit on Class Period purchasers of VeriFone's stock by misrepresenting the Company's financial results. Over a period of approximately fourteen months, Defendants improperly inflated the Company's financial results. Ultimately, however, when Defendants' prior misrepresentations and fraudulent conduct was revealed to investors, shares of VeriFone declined precipitously. As a result of their purchases of VeriFone stock during the Class Period, Movant and other members of the Class suffered economic losses, *i.e.* damages under the federal securities laws.

---

[4]    These facts were derived from the allegations contained in the class action styled *Lien v. VeriFone Holdings, Inc.*, et al, 07-cv-6195 (JSW) (filed December 6, 2007).

MEM. OF P. & A. ISO MOT OF WESTEND CAPITAL MANAGEMENT, LLC FOR CONSOLIDATION, APPOINTMENT OF LEAD PL. AND APPROVAL OF LEAD PL.'S CHOICE OF COUNSEL - No. 07-CV-6140 MHP

- 3 -

1    By improperly characterizing the Company's financial results and misrepresenting its
2    prospects, the Defendants misled investors about VeriFone's business and future growth prospects.
3    During the Class Period, Defendants repeatedly emphasized the ability of the Company to monitor
4    and control costs and expenses, and to report revenues and revenue growth reasonably sufficient to
5    support such costs and expenses.  These claims caused and maintained the artificial inflation in
6    VeriFone's stock price throughout the Class Period and until the truth about the Company was
7    ultimately revealed to investors.

8    Defendants' false and materially misleading statements had the intended effect of causing
9    VeriFone's shares to trade at artificially inflated levels throughout the Class Period—reaching a
10   Class Period high of over $50.00 per share in the late fall of 2007.

11   On December 3, 2007, however, as investors learned the truth about the Company and
12   learned that Defendants would be forced to restate the Company's financial and operational results,
13   shares of the Company's share price collapsed.  These belated revelations also evidenced
14   Defendants' prior falsification of VeriFone's business prospects.  As investors and the market
15   ultimately learned, the Company's prior financial results had been overstated as were the Company's
16   results of operations and foreseeable business prospects.

17   As a direct result of investors learning the truth about the Company on December 3, 2007,
18   VeriFone's stock price collapsed to approximately $26.00 per share—a decline of over 45%--or
19   $22.00 per share, on very heavy trading volume of almost 50 million shares, many times the average
20   daily trading volume.

21   The collapse of VeriFone's stock price at the end of the Class Period was a direct result of the
22   nature and extent of Defendants' fraud being revealed to investors and to the market.  The timing and
23   magnitude of VeriFone's stock price decline negates any inference that the losses suffered by
24   Plaintiff and the other members of the Class were caused by changed market conditions,
25   macroeconomic or industry factors, or even Company-specific facts unrelated to Defendants'
26   fraudulent conduct.  During the same period in which VeriFone's share price fell over 40% as a
27   result of Defendants' fraud being revealed, the Standard & Poor's 500 securities index was relatively

28

MEM. OF P. & A. ISO MOT OF WESTEND CAPITAL MANAGEMENT, LLC FOR CONSOLIDATION, APPOINTMENT OF LEAD PL. AND APPROVAL OF LEAD PL.'S CHOICE OF COUNSEL - No. 07-CV-6140 MHP

- 4 -

unchanged.

The economic loss, *i.e.* damages suffered by Movant and other members of the Class, was a direct result of Defendants' fraudulent scheme to artificially inflate the price of VeriFone's stock and the subsequent significant decline in the value of the Company's shares when Defendants' prior misstatements and other fraudulent conduct was revealed.

## ARGUMENT

### I.     THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (Fed. R. Civ. P. 42(a))[5] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Section 21D(a)(3)(B)(iii) of the Exchange Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered.

The above-captioned cases are perfectly suited for consolidation. The Complaints contain substantially similar allegations charging the Company and key executives with making false and misleading statements, and omitting material information concerning the Company's financial health during the relevant period. The Complaints allege substantially similar wrongdoing by identical defendants, involve common legal issues and assert claims under Sections 10(b) and 20(a) of the Exchange Act.[6] Accordingly, WestEnd respectfully requests that this Court consolidate these similar actions.

---

[5]     Fed. R. Civ. P. 42(a): Consolidation. When actions involving a common question of law or fact are pending before the Court…it may order all the actions consolidated.

[6]     This assessment is based upon a review of all of the similar complaints currently available on PACER.

MEM. OF P. & A. ISO MOT OF WESTEND CAPITAL
MANAGEMENT, LLC FOR CONSOLIDATION, APPOINTMENT      - 5 -
OF LEAD PL. AND APPROVAL OF LEAD PL.'S CHOICE OF
COUNSEL - No. 07-CV-6140 MHP

## II. WESTEND CAPITAL MANAGEMENT, LLC SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a three-tiered procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class Members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, Plaintiff in the first-filed action published a notice on *Business Wire* on December 4, 2007. *See* Kathrein Decl., Ex. B.[7] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than February 4, 2008. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant or movants that the Court determines to be most capable of adequately representing the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
>  (aa)   has either filed the complaint or made a motion in response to a notice…

---

[7] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 03-cv-8264, 2004 U.S. Dist. Lexis 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. Lexis 11866, at *2 (N.D. Ill. August 6, 1997).

> in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).

Only by a showing that a Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

**B.      WestEnd Capital Management, LLC Is "The Most Adequate Plaintiff"**

**1.      WestEnd Capital Management, LLC Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff**

WestEnd moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Business Wire*, a national business-oriented wire service, on December 4, 2007. Accordingly, WestEnd meets the requirement of 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) by timely filing its motion on February 4, 2008.

Moreover, WestEnd has sustained a substantial loss from its investment in VeriFone stock and has shown its willingness to represent the Class by signing a Certification detailing its VeriFone transaction information during the Class Period. *See* Kathrein Decl., Ex. A. As demonstrated by its Certification, WestEnd is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, WestEnd has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biographies of proposed Lead and Liaison Counsel for the Class, KGS and Hagens Berman respectively, are attached as Exhibit C to the Kathrein Declaration.

**2.      WestEnd Capital Management, LLC Has the Largest Financial Interest**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. "So long

1   as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled

2   to lead plaintiff status..." *Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004) (*citing In re*

3   *Cavanaugh*, 306 F.3d at 732). As demonstrated herein, WestEnd (with losses of $1,002,206.90) has

4   the largest known financial interest in the relief sought by any Movant. *See* Kathrein Decl., Ex. A.

### 3. WestEnd Capital Management, LLC Satisfies the Requirements of Rule 23

6   Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest

7   in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of

8   Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a

9   class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

13  Fed. R. Civ. P. 23(a).

14  Of the four prerequisites to class certification, only two—typicality and adequacy—directly

15  address the personal characteristics of the class representative. *Siegall v. Tibco Software, Inc.*, No.

16  05-cv-2146 (SBA), 2006 U.S. Dist. Lexis 26780, *15 (N.D. Cal. February 24, 2006) ("In the context

17  of determining the appropriate lead plaintiff under the PSLRA, the requirements of 'typicality' and

18  adequacy of representation are key factors.") Consequently, in deciding a motion to serve as Lead

19  Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and

20  defer examination of the remaining requirements until the Lead Plaintiff moves for class

21  certification. *Schriver v. Impac. Mortg. Holdings, Inc.*, No. SACV 06-31 (RNBx), 2006 Dist. Lexis

22  40607, *16 (C.D. Cal. May 1, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is

23  not as searching as it would be on a motion for class certification; the prospective lead plaintiff need

24  only make a prima facie showing that it meets the typicality and adequacy factors.") As detailed

25  below, WestEnd satisfies both the typicality and adequacy requirements of Rule 23, thereby

26  justifying its appointment as Lead Plaintiff. WestEnd's claims that are typical of those of other Class

27  Members and it can adequately serve as Lead Plaintiff.

MEM. OF P. & A. ISO MOT OF WESTEND CAPITAL MANAGEMENT, LLC FOR CONSOLIDATION, APPOINTMENT OF LEAD PL. AND APPROVAL OF LEAD PL.'S CHOICE OF COUNSEL - No. 07-CV-6140 MHP

- 8 -

### i. WestEnd Capital Management, LLC's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. *See Crossen v. CV Therapeutics*, No. C03-03709 SI, 2005 U.S. Dist. Lexis 41396, *13 (N.D. Cal. August 9, 2005). The requirement that the proposed class representatives' claims be typical of the claims of the Class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1988).

In this case, the typicality requirement is met because WestEnd's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. WestEnd and all of the Class Members purchased VeriFone securities during the Class Period when the stock prices were artificially inflated as a result of the Defendants' fraudulent misrepresentations and omissions, and thus, both WestEnd and the Class Members suffered damages as a result of these purchases. Simply put, WestEnd, like all other Class Members: (1) purchased VeriFone stock during the Class Period; (2) purchased VeriFone stock at artificially-inflated prices as a result of defendants' misrepresentations and omissions; and (3) suffered damages thereby. WestEnd's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Crossen*, at *13. WestEnd is not subject to any unique or special defenses. Thus, WestEnd meets the typicality requirement of Fed. R. Civ. P. Rule 23 because its claims are the same as the claims of the other Class Members.

### ii. WestEnd Capital Management, LLC Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of

MEM. OF P. & A. ISO MOT OF WESTEND CAPITAL
MANAGEMENT, LLC FOR CONSOLIDATION, APPOINTMENT
OF LEAD PL. AND APPROVAL OF LEAD PL.'S CHOICE OF
COUNSEL - No. 07-CV-6140 MHP

- 9 -

the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B). *See also Miller v. Ventro Corp.*, No. C 01-01287SBA, 2001 U.S. Dist. Lexis 26027, *44 (N.D. Cal. November 28, 2001) (*citing Takeda v. Turbodyne Techs.*, 67 F.Supp. 2d 1129, 1132 (C.D. Cal. 1999)).

WestEnd's interests are clearly aligned with the members of the Class because its claims are identical to the claims of the Class. There is no evidence of antagonism between its interests and those of the proposed Class Members. Furthermore, WestEnd has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss it incurred as a result of the wrongful conduct alleged herein. This motivation, combined with WestEnd's identical interest with the members of the Class, clearly shows that WestEnd will adequately and vigorously pursue the interests of the Class. In addition, WestEnd has selected as proposed Lead and Liaison Counsel law firms that are highly experienced in successfully prosecuting securities class actions to represent them.

In sum, because of WestEnd's common interests with the Class Members, its clear motivation and ability to vigorously pursue this action, and its competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case. Therefore, since WestEnd not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, it is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

### III.  THE COURT SHOULD APPROVE WESTEND CAPITAL MANAGEMENT, LLC'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiffs' choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

MEM. OF P. & A. ISO MOT OF WESTEND CAPITAL MANAGEMENT, LLC FOR CONSOLIDATION, APPOINTMENT OF LEAD PL. AND APPROVAL OF LEAD PL.'S CHOICE OF COUNSEL - No. 07-CV-6140 MHP

- 10 -

1    WestEnd has selected KGS to serve as Lead Counsel and Hagens Berman to serve as Liaison Counsel for the Class.  These firms have not only successfully prosecuted complex securities fraud actions, but have also successfully prosecuted many other types of complex class actions.  *See* Kathrein Decl., Ex. C.  Furthermore, WestEnd's counsel has continually invested time and resources in carefully investigating and prosecuting this case.  This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, WestEnd respectfully requests that this Court: (1) consolidate all similar actions; (2) appoint WestEnd to serve as Lead Plaintiff in this action; (3) approve WestEnd's selection of Lead and Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: February 4, 2008

HAGENS BERMAN SOBOL SHAPIRO LLP

By:    /s/ Reed R. Kathrein
       REED R. KATHREIN (139304)

Peter E. Borkon (212596)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Lewis S. Kahn
KAHN GAUTHIER SWICK, LLC
650 Poydras Street, Suite 2150
New Orleans, LA  70130
Telephone: (504) 455-1400

MEM. OF P. & A. ISO MOT OF WESTEND CAPITAL MANAGEMENT, LLC FOR CONSOLIDATION, APPOINTMENT OF LEAD PL. AND APPROVAL OF LEAD PL.'S CHOICE OF COUNSEL - No. 07-CV-6140 MHP

- 11 -

1

Facsimile: (504) 455-1498
lewis.kahn@kgscounsel.com

2

3

Kim E. Miller
KAHN GAUTHIER SWICK, LLC
12 East 41st Street
New York, NY 10017
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
kim.miller@kgscounsel.com

4

5

6

7

Attorneys for Lead Plaintiff Movant, WestEnd Capital Management, LLC and Proposed Lead Counsel for the Class

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEM. OF P. & A. ISO MOT OF WESTEND CAPITAL MANAGEMENT, LLC FOR CONSOLIDATION, APPOINTMENT OF LEAD PL. AND APPROVAL OF LEAD PL.'S CHOICE OF COUNSEL - No. 07-CV-6140 MHP

- 12 -

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                 /s/ Reed R. Kathrein
                 REED R. KATHREIN

# Mailing Information for a Case 3:07-cv-06140-MHP

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brendan P. Cullen**
  cullenb@sullcrom.com

- **Daniel C. Girard**
  girardgibbs@girardgibbs.com,cma@girardgibbs.com

- **Nicole Catherine Lavallee**
  nlavallee@bermanesq.com,ysoboleva@bermanesq.com

- **Jonathan Krasne Levine**
  jkl@girardgibbs.com,mav@girardgibbs.com

- **Aaron M. Sheanin**
  ams@girardgibbs.com,AMV@girardgibbs.com

- **Michael Howard Steinberg**
  steinbergm@sullcrom.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)