SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
Alan R. Plutzik, Of Counsel (Bar No. 077785)
Robert M. Bramson, Of Counsel (Bar No. 102006)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone:   (925) 945-0770
Facsimile:   (925) 945-8792

      -and-

Sean M. Handler
Ian D. Berg
280 King of Prussia Road
Radnor, PA 19087
Telephone:   (610) 667-7706
Facsimile:   (610) 667-7056

[Proposed] Local Counsel

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEL EICHENHOLTZ, Individually and On Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>    v.<br><br>VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN,<br><br>         Defendants. | No. C 07-6140 MHP<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE ARKANSAS PUBLIC EMPLOYEES' RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD AND LOCAL COUNSEL<br><br>DATE: March 17, 2008<br>TIME: 2:00 p.m.<br>COURTROOM: 15<br>JUDGE: Hon. Marilyn H. Patel |
| [Captions Continued on Next Page] | |

| | |
|---|---|
| WESTEND CAPITAL MANAGEMENT LLC, Individually and On Behalf of All Others Similarly Situated, | No. C 07-6237 MMC |
| | CLASS ACTION |
| Plaintiff, | |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |
| KURT HILL, on behalf of himself and all others similarly situated, | No. C 07-6238 MHP |
| | CLASS ACTION |
| Plaintiff, | |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |
| DANIEL OFFUTT, Individually and On Behalf of All Others Similarly Situated, | No. C 07-6241 JSW |
| | CLASS ACTION |
| Plaintiff, | |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |
| EDWARD FEITEL, on behalf of himself and all others similarly situated, | No. C 08-0118 CW |
| | CLASS ACTION |
| Plaintiff, | |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE ARKANSAS PUBLIC EMPLOYEES' RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD AND LOCAL COUNSEL CASE NO. C 07-06140-MHP

| | |
|---|---|
| PETER LIEN, Individually and On Behalf of All Others Similarly Situated, | No. C 07-6195 JSW |
| Plaintiff, | CLASS ACTION |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |
| DONALD CERINI, Individually and On Behalf of All Others Similarly Situated, | No. C 07-6228 SC |
| Plaintiff, | CLASS ACTION |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |
| BRIAN VAUGHN, Individually and On Behalf of All Others Similarly Situated, | No. C 07-6197 VRW |
| Plaintiff, | CLASS ACTION |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |
| ALBERT L. FELDMAN and ELENOR JEAN FELDMAN, Individually and On Behalf of All Others Similarly Situated, | No. C 07-6128 MMC |
| Plaintiffs, | CLASS ACTION |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |

[Captions Continued on Next Page]

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE ARKANSAS
PUBLIC EMPLOYEES' RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD AND LOCAL COUNSEL
CASE NO. C 07-06140-MHP

## **TABLE OF CONTENTS**

I.      INTRODUCTION.................................................................................................1

II.     FACTUAL BACKGROUND ............................................................................2

III.    ARGUMENT ....................................................................................................3

        A.      The Actions Should Be Consolidated For All Purposes .........................................3

        B.      Movant Should Be Appointed Lead Plaintiff .........................................................4

                1.      Movant Satisfies The "Lead Plaintiff"
                        Requirements Of The Exchange Act ...........................................................6

                2.      Movant Has The Requisite Financial Interest
                        In The Relief Sought By The Class .............................................................6

                3.      Movant Otherwise Satisfies Rule 23 ...........................................................8

        C.      The Court Should Approve Movant's Choice Of Counsel ...................................11

IV.     CONCLUSION ................................................................................................12

1

## **TABLE OF AUTHORITIES**

2

### **CASES**

3
4

*Affiliated Ute Citizens v. United States,*
   406 U.S. 128 (1972) ..................................................................................................10

5
6

*Amchem Prods., Inc. v. Windsor,*
   521 U.S. 591 (1997)..................................................................................................11

7

*Basic v. Levinson,*
   485 U.S. 224 (1988) ..................................................................................................10

8
9

*Dukes v. Wal-Mart, Inc.,*
   474 F.3d 1214 (9th Cir. 2007) ................................................................................ 9-11

10
11

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998) ................................................................................ 9-10

12
13

*Harris v. Palm Springs Alpine Estates, Inc.,*
   329 F.2d 909 (9th Cir. 1964) .......................................................................................9

14

*In re Cavanaugh,*
   306 F.3d 726 (9th Cir. 2002) ................................................................................8, 11

15
16

*In re Olsten Corp. Sec. Litig.,*
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) .............................................................................7

17
18

*In re Vaxgen Sec. Litig.,*
   No. C-03-1129-JSW, 2004 U.S. Dist. LEXIS 29812 (N.D. Cal. Apr. 14, 2004) .....................8

19
20

*Nursing Home Pension Fund v. Oracle Corp.,*
   No. C01-00988, 2006 U.S. Dist. LEXIS 94470 (N.D. Cal. Dec. 20, 2006) .............................9

21

*Richardson v. TVIA, Inc.,*
   No. C-06-06304-RMW, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007)..............4, 7

22
23

*Takeda v. Turbodyne Techs., Inc.,*
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) .........................................................................9

24
25

*Weinberger v. Jackson,*
   102 F.R.D. 839 (N.D. Cal. 1984).................................................................................10

26
27
28

**STATUTES AND RULES**

15 U.S.C. 78u-4(a)(3)(B)(iii) ...............................................................................................5

15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(I) ...........................................................................5

15 U.S.C. §§ 78u-4(a)(3)(A)(i) ............................................................................................5

15 U.S.C. §§ 78u-4(a)(3)(A) and (B).....................................................................................5

15 U.S.C § 78u-4(a)(3)(B) .............................................................................................. 5-6, 8

15 U.S.C. § 78u-4(a)(3)(B)(ii) ..............................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ..................................................................................... 5-6

15 U.S.C. § 78u-4(a)(3)(B)(v) .............................................................................................12

FED. R. CIV. P. 23(a)(2) ........................................................................................................9

FED. R. CIV. P. 42(a)..............................................................................................................4

# I.
## INTRODUCTION

Presently pending before the United States District Court for the Northern District of California, San Francisco Division, are nine class actions (the "Actions"),[1] brought on behalf of all persons who purchased the securities of VeriFone Holdings, Inc. ("VeriFone") on or between August 31, 2006 through December 3, 2007, inclusive (the "Class Period"). The Actions allege violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C.§§ 78j(b) and 78(t)), and Rule 10b-5 promulgated thereunder (17 C.F.R.§ 240.10b-5).

Putative class member, the Arkansas Public Employees' Retirement System ("Movant"), now hereby moves this Court for entry of an order:

1.    Consolidating the Actions, as well as any other related actions;

2.    Appointing Movant as Lead Plaintiff for the Class under Section 21D(a)(3)(B) of the Exchange Act; and

3.    Approving Movant's selection of the law firm of Nix, Patterson & Roach, L.L.P. to serve as Lead Counsel and Schiffrin Barroway Topaz & Kessler, LLP to serve as Local Counsel.

Movant timely responded to the published notice and moved for appointment as Lead Plaintiff. Importantly, Movant has, upon information and belief, the largest financial interest of all other bond purchasers who have moved for lead plaintiff. The total financial interest of Movant during the class period is $619,121.50. In addition, Movant, for the purposes of this Motion, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because: (1) the number of claimants is so numerous that joinder of all claimants is not practicable; (2) Movant's claims are typical of the claims of the putative class; (3) common issues of law and fact predominate; and (4) Movant and its selection of counsel will fairly and adequately represent the

---

[1] On December 7, 2007, an action was filed in the Southern District of Indiana, Indianapolis Division styled *Kraft v. VeriFone Holdings, Inc., et al.*, Case No. 1:07-cv-01588-DFG-WTL. On February 1, 2008, that action was dismissed without prejudice.

1  interests of the Class. Movant, therefore, is the most adequate plaintiff under the PSLRA and its

2  motion for appointment as Lead Plaintiff and approval of its selection of Lead and Local Counsel

3  should be approved by this Court.

## II.

## FACTUAL BACKGROUND

6      The substantive factual background of this action can be found in all or some of the

7  original complaints currently on file. As such, Movant will not repeat those allegations again

8  herein, but will provide a short summary of the relevant events leading up to VeriFone's

9  corrective disclosure and the relevant events following the disclosure. Movant also incorporates

10  the substantive factual allegations contained in the original complaints by reference as if set forth

11  fully herein.[2]

12      During a period of approximately 14 months, VeriFone improperly inflated the

13  Company's financial results. Beginning on August 31, 2006, VeriFone published statements to

14  the market announcing strong financial results, including statements of "record" revenues and

15  increased margins. During this time VeriFone also forecasted continued double-digit percentage

16  growth of its annual revenues and net income. VeriFone heralded this strong financial

17  performance as a result, in part, of its integration of acquisitions and its competent management.

18  Following this news, VeriFone's stock price rallied. VeriFone then maintained the artificial

19  inflation in its stock price over the next several quarters by announcing strong financial results in

20  December 2006, March 2007, May 2007, and September 2007. While VeriFone was reporting

21  strong and "record" financial results, Company insiders were liquidating extremely large

22  amounts of their personally held VeriFone stock—over an estimated $1.3 billion worth—at

23  artificially inflated prices.

24      Unbeknownst to shareholders, the statements VeriFone published to the market were each

25  materially false and misleading when made. In reality, the Company had propped up its financial

26

27      [2] If appointed lead plaintiff, Movant will request leave to file its own amended complaint.

28

1  results by manipulating its accounting for revenues and income and failing to report other

2  material information about the Company. VeriFone had materially overstated the Company's

3  profitability by failing to account for the results of its operations and by artificially inflating its

4  financial results. VeriFone also misrepresented that it had in place adequate systems of internal

5  operational and financial controls.

6    Eventually, the truth emerged. On December 3, 2007, VeriFone issued a press release

7  and Form 8-K revealing, for the first time, that the Company's previously reported financial

8  statements and reports could no longer be relied upon and that the results for at least the previous

9  three quarters would require restatement. News accounts that day reported that VeriFone

10 overstated its profit before taxes by almost $30 million—or 80%—for the first three quarters of

11 fiscal year 2007. This news decimated the price of VeriFone shares. The per share price

12 collapsed 45.8% on December 3, 2007, falling $22.00 per share to close at $26.03 on very high

13 trading volume of nearly 50 million shares traded.

14

15                                    **III.**

16                               **ARGUMENT**

17    Movant's Motion for Consolidation, Appointment as Lead Plaintiff, and Appointment of

18 Lead and Local Counsel should be granted.

19    **A.    The Actions Should Be Consolidated for All Purposes**

20 The PSLRA expressly requires district courts to enter an order consolidating similar actions:

21       If more than one action on behalf of a class asserting substantially the same claim
         or claims arising under this title has been filed, and any party has sought to
22       consolidate those actions for pretrial purposes or for trial, the court shall not make
         the determination required by clause (i) until after the decision on the motion to
23       consolidate is rendered. As soon as practicable after such decision is rendered, the
         court shall appoint the most adequate plaintiff for the consolidated actions in
24       accordance with this paragraph.

25 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where there are actions involving

26 common questions of law or fact. *See* FED. R. CIV. P. 42(a); *see also Richardson v. TVIA, Inc.,*

27

28

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE ARKANSAS                    3
PUBLIC EMPLOYEES' RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD AND LOCAL COUNSEL
CASE NO. C 07-06140-MHP

No. C-06-06304-RMW, 2007 U.S. Dist. LEXIS 28406, at *6 (N.D. Cal. Apr. 16, 2007). That test is met here and, accordingly, the Actions should be consolidated.

The Actions each assert class claims on behalf of the purchasers of VeriFone securities for alleged violations of the Exchange Act during the relevant time period. The Actions name the same Defendants and involve the same factual and legal issues. Each Action is predicated on the "same announcements and allegations of misstatement by corporate officials that allegedly caused [VeriFone] securities prices to be artificially inflated prior to its drop in share price." *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *6. Each Action is brought by investors who purchased VeriFone securities during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the price of these securities at all relevant times. Thus, the Actions should be consolidated for all purposes.

### B.   Movant Should Be Appointed Lead Plaintiff

The PSLRA calls for the appointment of one person or group of persons to act as lead plaintiff on behalf of all class members. This is perhaps the only area of the law where a court is required to make a preliminary Rule 23(a)(4) finding regarding both the proposed class representative and class counsel <u>before</u> a motion for class certification is filed. Congress took this step to ensure that the single person or group of persons who were the most adequate representatives of the class of unnamed shareholders involved in every case under the PSLRA would rise to the front at the outset of the litigation and prosecute a single action on behalf of the class. In taking this step, Congress gave the lead plaintiff(s) great deference and authority, including the ability to choose lead counsel. Here, the presumptive Lead Plaintiffs are Movants.

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and

(a)(3)(B)(I).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). The initial case in this matter was filed on December 4, 2007, and notice was thereafter timely published. Within 60 days of publishing the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they previously have filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice of filing, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of person that
>
> > (aa)    has either filed the complaint or made a motion in response to a notice…;
> >
> > (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. 78u-4(a)(3)(B)(iii). The presumption can only be rebutted if another class member provides proof that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render that plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). A motion for consolidation and/or appointment of lead plaintiff cannot be challenged by a defendant in the action. *Id.*

In the present cases, Movant is the most adequate plaintiff. Among other reasons,

1   Movant has a substantial financial interest from purchases of both stocks and bonds during the

2   Class Period.  In addition, Movant has retained counsel that has significant experience in

3   prosecuting securities fraud litigation.  Therefore, Movant presumptively is the most adequate

4   plaintiff under the PSLRA and should be appointed lead plaintiff.

5                  **1.      Movant Satisfies The "Lead Plaintiff" Requirements Of The**

6                          **Exchange Act**

7          The time period in which class members may move to be appointed Lead Plaintiff in this

8   case, under 78u-4(a)(3)(A) and (B), expires on February 4, 2008.  Pursuant to the provisions of

9   the PSLRA and within the requisite time frame after publication of the required notice, Movant

10  herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the

11  Class.

12         Movant has duly signed and filed a certification stating that it is willing to serve as

13  a representative party on behalf of the Class.  *See* Plutzik Decl., Ex. A.[3]  In addition, Movant has

14  selected and retained competent counsel to represent them and the Class.[4]  Accordingly, Movant

15  has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its

16  application for appointment as Lead Plaintiff and its selection of Lead and Local Counsel

17  approved by the Court.

18                 **2.      Movant Has The Requisite Financial Interest In The Relief Sought By**

19                          **The Class**

20         In order to assess the relative financial interests of various candidates for lead plaintiff

21  and in the absence of any explicit guidance from the higher courts or Congress, a number of

22  courts have identified four factors that are relevant in determining which movant for lead

23

24         [3] Declaration Of Alan R. Plutzik In Support Of The Motion Of The Arkansas Public

25  Employees' Retirement System For Consolidation, Appointment As Lead Plaintiff, And
    Approval Of Selection Of Lead Counsel And Liaison Counsel ("Plutzik Decl.").

26         [4] *See* Nix Patterson & Roach, L.L.P. firm overview and attorney biographies,

27  http://www.nixlawfirm.com and Schiffrin Barroway Topaz and Kessler, LLP firm brochure,
    http://www.sbtklaw.com.

28

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE ARKANSAS                              6
PUBLIC EMPLOYEES' RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD AND LOCAL COUNSEL
CASE NO. C 07-06140-MHP

plaintiff has the "largest financial interest." A candidate's financial interest may be determined by looking to:

(1) The number of shares that the investor purchased during the class period;

(2) The number of net shares purchased during the class period;

(3) The total funds expended by the investor during the class period; and

(4) The approximate losses suffered by the plaintiffs.

*See In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Richardson v. TVIA, Inc.,* No. C-06-06304-RMW, 2007 U.S. Dist. LEXIS 28406, at *11 (N.D. Cal. Apr. 16, 2007).

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Beckworth Decl., Ex. A, Movant possessed the following financial interest in the securities at issue:

1.  Movant purchased a total of 2,900 shares of common stock and 1,905,000 aggregate principal amount of 1.375% senior convertible notes due 2012 during the class period; and

2.  The total funds expended by Movant in purchasing VeriFone securities during the class period was $2,397,101.

Further, it is not possible to calculate precise losses at this time. The precise amount of inflation in the share price on each day of the proposed class period has not been determined. At this time, Movant's approximate financial interest is $619,121.50. Movant's financial interest is not the same as its legally compensable damages, the measurement of which is a complex legal question that cannot be determined at this stage of the litigation. The approximate financial interest can, however, be determined from the certification required by Section 21D of the Exchange Act and on the current market price of VeriFone securities. Based on the foregoing, Movant clearly has a significant financial interest in the case.

Therefore, Movant satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3.    Movant Otherwise Satisfies Rule 23

Once the court "identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements." *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002). According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff also must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims of defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class. FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification, only two — typicality and adequacy — directly address the personal characteristics of the class representative. Although the inquiry at the lead plaintiff stage is not "as searching as the one triggered by a motion for class certification," the moving plaintiff must "make at least a preliminary showing that it meets the typicality and adequacy factor." *In re Vaxgen Sec. Litig.*, No. C-03-1129-JSW, 2004 U.S. Dist. LEXIS 29812, at *9-10 (N.D. Cal. Apr. 14, 2004). In fact, a "wide-ranging analysis under Rule 23 is not appropriate" at this initial stage of the litigation and should be left for consideration of a motion for class certification. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136 (C.D. Cal. 1999). [5]

The numerosity requirement of Rule 23(a)(1) is clearly satisfied here. The Ninth Circuit has stated that "'impracticability' does not mean 'impossibility,' but only the difficulty or

---

[5] The law is clear that Movant is not required to "prove up" a motion for class certification at this stage of the litigation under the PSLRA. However, in an effort to further demonstrate its adequacy as Lead Plaintiff, Movant will briefly address each element of Rule 23 to assist the Court in its preliminary analysis.

inconvenience of joining all members of the class." *See, e.g., Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted). The numerosity prerequisite is generally assumed to have been met in class action suits involving nationally traded securities. *See Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988, 2006 U.S. Dist. LEXIS 94470, at *9 (N.D. Cal. Dec. 20, 2006).

Throughout the Class Period, VeriFone shares were actively traded on the New York Stock Exchange and millions of shares of VeriFone securities were outstanding. While the exact number of class members is unknown to Movant at this time and can only be ascertained through appropriate discovery, Movant believes that there are hundreds or thousands of members in the proposed class. Therefore, the number of putative class members clearly is "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1).

Second, the commonality element requires a determination that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). The commonality requirement has been applied permissively by courts in the context of securities fraud litigation. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). This requisite focuses on the relationship of common facts and legal issues among class members. *Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214, 1225 (9th Cir. 2007). Here, Defendants engaged in a uniform series of acts and/or omissions directed in a uniform manner to all putative class members. As outlined in the numerous Complaints filed to date, as well as the additional facts set forth in Section II, *supra*, numerous common questions of law and fact are alleged in this case. As such, Rule 23(a)(2) is satisfied.

Rule 23(a)(3)'s typicality requirement also is satisfied. Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "Some degree of individuality is to be expected in all cases, but that specificity does not

1   necessarily defeat typicality." *Dukes*, 474 F.3d at 1232. As this Court explained:

2
        Typicality refers to the nature of the claim or defense of the class
3       representative, and not to the specific facts from which it arose or the relief
        sought. Accordingly, differences in the amount of damage, the size or manner
4       of [stock] purchase, the nature of the purchaser, and even the specific
        document influencing the purchase will not render a claim atypical in most
5       securities cases.

6
    *Weinberger v. Jackson*, 102 F.R.D. 839, 844 (N.D. Cal. 1984) (quoting 5 Herbert B. Newberg &
7
    Alba Conte, *Newberg on Class Actions*, § 8816, at 850 (1977)).
8
9           Further, in a Section 10(b) class action, such as this, the issue of individual reliance does

10  not create individual questions, nor impede class certification, because of the presumptions

11  created by the Supreme Court in *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 153-154

12  (1972)(holding reliance on omissions may be presumed), and *Basic v. Levinson*, 485 U.S. 224,

13  241-242 (1988) (adopting the fraud-on-the-market doctrine, and holding reliance on affirmative

14  misrepresentations may be presumed).

15          Movant satisfies this requirement because, just like all other class members, it: (1)

16  purchased VeriFone securities during the Class Period; (2) purchased VeriFone securities in

17  reliance upon the allegedly materially false and misleading statements issued by Defendants; and

18  (3) suffered damages thereby. Further, Movant is not subject to any unique defenses. Thus,

19  Movant's claims are typical of those of other Class members as its claims and the claims of other

20  class members arise out of the same course of events.

21          Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect

22  the interests of the class." This factor requires: (1) that the proposed representative plaintiffs do

23  not have conflicts of interest with the proposed class, and (2) that plaintiffs are represented by

24  qualified and competent counsel. *Dukes*, 474 F.3d at 1233. The PSLRA did not raise the

25  standard adequacy threshold, nor did it authorize the district court to select as lead plaintiff "the

26  most sophisticated investor available." *Cavanaugh*, 306 F.3d at 739.

27          The first prong of the adequacy requirement tests whether the plaintiffs' interests are

28

antagonistic to those of the class. A class representative must "possess the same interest and suffer the same injury as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, (1997). As for the second prong of the adequacy test, information regarding adequacy of counsel at the lead plaintiff stage "is relevant only to determine whether the presumptive lead plaintiff's choice of counsel is so tainted by self-dealing or conflict of interest, as to case genuine doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff." *Cavanaugh*, 306 F.3d 726, 733 (9th Cir. 2002). Only at a later stage in the proceedings – namely, class certification – is a full-blown inquiry into the adequacy of counsel conducted. *Id.* at n.11

Both aspects of the adequacy test are met here. Movant's interests are aligned with the interests of the Class because it suffered from the same artificial inflation in the price of VeriFone securities, and would benefit from the same relief. Furthermore, there is no evidence of antagonism between Movant and the Class. Moreover, Movant has demonstrated its commitment to protect the interests of the Class by: (i) moving for Lead Plaintiff in the timeframe prescribed by the PSLRA; (ii) retaining competent and experienced counsel to prosecute these claims; and (iii) agreeing to take an active role in the litigation. Movant also is willing and able to monitor and control this litigation. In addition, as shown below, Movant's proposed Lead and Local Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Movant *prima facie* satisfies the requirements of Rule 23(a) for the purposes of this Motion.

**C.    The Court Should Approve Movant's Choice Of Counsel**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Movant shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. In that regard, Movant has selected the law firm of Nix, Patterson & Roach, L.L.P. to serve as Lead Counsel and the law firm of Schiffrin Barroway Topaz & Kessler, LLP to serve as Local Counsel. The attorneys in these firms have substantial experience in the prosecution of shareholder and securities class actions and have the resources necessary to efficiently conduct this litigation. *See* Beckworth

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE ARKANSAS
PUBLIC EMPLOYEES' RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD AND LOCAL COUNSEL
CASE NO. C 07-06140-MHP

11

1  Decl. Ex. B.

2                                   **IV.**

3                             **CONCLUSION**

4      For all the foregoing reasons, Movant respectfully requests that the Court:

5          (i)      Consolidate the Actions and all other related actions;

6          (ii)     Appoint Movant as Lead Plaintiff in the Actions;

7          (iii)    Approve Movant's selection of Nix, Patterson & Roach, L.L.P. to serve as Lead
8                   Counsel and Schiffrin Barroway Topaz & Kessler, LLP to serve as Local Counsel;
                    and
9
10         (iv)     Grant any other relief that the Court deems just and proper.

11  Dated: February 4, 2008                    Respectfully submitted,

12                                             SCHIFFRIN BARROWAY
                                                 TOPAZ & KESSLER, LLP
13
                                               s/Alan R. Plutzik
14                                             Alan R. Plutzik, Of Counsel
15                                             Robert M. Bramson, Of Counsel
                                               2125 Oak Grove Blvd., Suite 120
16                                             Walnut Creek, CA 94598
                                               Telephone:  (925) 945-0770
17                                             Facsimile:  (925) 945-8792

18                                                      -and-

19                                             Sean M. Handler
20                                             Ian D. Berg
                                               280 King of Prussia Road
21                                             Radnor, PA 19087
                                               Telephone:  (610) 667-7706
22                                             Facsimile:  (610) 667-7056

23
24                                             [Proposed] Local Counsel

25

26

27

28

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE ARKANSAS          12
PUBLIC EMPLOYEES' RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD AND LOCAL COUNSEL
CASE NO. C 07-06140-MHP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NIX, PATTERSON & ROACH, L.L.P.
Bradley E. Beckworth
Jeffrey J. Angelovich
Susan Whatley
Brad E. Seidel
205 Linda Drive
Daingerfield, TX 75638
Telephone:  (903) 645-7333
Facsimile:   (903) 645-4415

[Proposed] Lead Counsel

KEIL & GOODSON, PA
Matt C. Keil
John W. Goodson
611 Pecan Street
Texarkana, AR 71854
Telephone: 870-772-4113
Facsimile: 870-773-2967

Additional Counsel for Arkansas Public
Employees' Retirement System

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE ARKANSAS
PUBLIC EMPLOYEES' RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD AND LOCAL COUNSEL
CASE NO. C 07-06140-MHP

13