Martin D. Chitwood
(To Be Admitted *Pro Hac Vice*)
mchitwood@chitwoodlaw.com
James M. Wilson, Jr.
(To Be Admitted *Pro Hac Vice*)
jwilson@chitwoodlaw.com
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 873-3900
Facsimile:  (404) 876-4476

Gregory E. Keller (To Be Admitted *Pro Hac Vice*)
gkeller@chitwoodlaw.com
Darren T. Kaplan (To Be Admitted *Pro Hac Vice*)
dkaplan@chitwoodlaw.com
Eran Rubinstein (To be Admitted *Pro Hac Vice*)
erubinstein@chitwoodlaw.com
Susan Boltz Rubinstein
(To be Admitted *Pro Hac Vice*)
srubinstein@chitwoodlaw.com
11 Grace Avenue, Suite 306
Great Neck, New York  11021
Telephone: (516) 773-6090
Fax: (404) 876-4476

Robert C. Schubert (State Bar No. 62684)
Juden Justice Reed (State Bar No. 153748)
Willem F. Jonckheer (State Bar No. 178748)
SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA  94111
Telephone: (415) 788-4220
Facsimile:  (415) 788-0161

Proposed Liaison Counsel

Attorneys for Movants and Proposed Lead Counsel

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOEL EICHENHOLTZ, Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON and BARRY ZWARENSTEIN, Defendants. | CIVIL ACTION NO.: 3:07-CV-06140-MHP <br><br> **NOTICE OF MOTION AND MOTION OF THE ISRAELI INSTITUTIONAL INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:   March 10, 2008 <br> Time:  2:00 p.m. <br> Hon. Marilyn Hall Patel |

| | |
|---|---|
| 1 | PETER LEIN, Individually ) |
| | And On Behalf Of All Others ) CIVIL ACTION NO. 3:07-CV-06195-JSW |
| 2 | Similarly Situated, ) |
| | ) |
| 3 | ) Judge: Hon. Jeffrey S. White |
| | ) |
| 4 | Plaintiff, ) |
| | ) |
| 5 | vs. ) |
| | ) |
| 6 | VERIFONE HOLDINGS, INC., ) |
| | DOUGLAS G. BERGERON and ) |
| 7 | BARRY ZWARENSTEIN, ) |
| | ) |
| 8 | Defendants. ) |
| | ) |
| 9 | _____) |
| | BRIAN VAUGHN, et al., Individually ) |
| 10 | And On Behalf Of All Others ) CIVIL ACTION NO.: 3:07-CV-06197-VRW |
| | Similarly Situated, ) |
| 11 | ) |
| | ) Judge: Hon. Vaughn R. Walker |
| 12 | Plaintiff, ) |
| | ) |
| 13 | vs. ) |
| | ) |
| 14 | ) |
| 15 | VERIFONE HOLDINGS, INC., ) |
| | DOUGLAS G. BERGERON and ) |
| 16 | BARRY ZWARENSTEIN, ) |
| | ) |
| 17 | Defendants. ) |
| | ) |
| 18 | _____) |
| | ALBERT L. FELDMAN and ELEANOR) |
| 19 | JEAN FELDMAN, et al., ) |
| | Individually And On Behalf Of All ) CIVIL ACTION NO.: 3:07-CV-06218-MMC |
| 20 | Others Similarly Situated, ) |
| | ) Judge: Hon. Maxine M. Chesney |
| 21 | ) |
| | Plaintiff, ) |
| 22 | ) |
| | vs. ) |
| 23 | ) |
| 24 | VERIFONE HOLDINGS, INC., ) |
| | DOUGLAS G. BERGERON and ) |
| 25 | BARRY ZWARENSTEIN, ) |
| | ) |
| 26 | Defendants. ) |
| | ) |
| 27 | _____) |
| | DONALD CERINI, Individually ) |
| 28 | And On Behalf Of All Others ) CIVIL ACTION NO.: 3:07-CV-06228-SC |

Notice of Motion and Motion of the Israeli Institutional Investor Group for Consolidation, Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof. No. 3:07-CV-06140



Similarly Situated,                    )
                                       )    Judge: Hon. Samuel Conti
                                       )
            Plaintiff,                 )
                                       )
        vs.                            )
                                       )
VERIFONE HOLDINGS, INC.,               )
DOUGLAS G. BERGERON and                )
BARRY ZWARENSTEIN,                     )
                                       )
            Defendants.                )
_____)
WESTEND CAPITAL                        )
MANAGEMENT, LLC, Individually          )    CIVIL ACTION NO.: 3:07-CV-06237-MMC
And On Behalf Of All Others            )
Similarly Situated,                    )
                                       )    Judge: Hon. Maxine M. Chesney
                                       )
            Plaintiff,                 )
                                       )
        vs.                            )
                                       )
VERIFONE HOLDINGS, INC.,               )
DOUGLAS G. BERGERON and                )
BARRY ZWARENSTEIN,                     )
                                       )
            Defendants.                )
_____)
KURT HILL, Individually                )
And On Behalf Of All Others            )    CIVIL ACTION NO.: 3:07-CV-06238-MHP
Similarly Situated,                    )
                                       )    Judge: Hon. Marilyn Hall Patel
                                       )
            Plaintiff,                 )
                                       )
        vs.                            )
                                       )
VERIFONE HOLDINGS, INC.,               )
DOUGLAS G. BERGERON and                )
BARRY ZWARENSTEIN,                     )
                                       )
            Defendants.                )
_____)
DANIEL OFFUTT, Individually            )
And On Behalf Of All Others            )    CIVIL ACTION NO.: 3:07-CV-06241-JSW
Similarly Situated,                    )
                                       )    Judge: Hon. Jeffrey S. White



1  Plaintiff,                              )
                                           )
2                                          )
                                           )
3         vs.                              )
                                           )
4  VERIFONE HOLDINGS, INC.,                )
   DOUGLAS G. BERGERON and                 )
5  BARRY ZWARENSTEIN,                      )
                                           )
6         Defendants.                      )
   _____)
7  EDWARD FEITEL, Individually             )
8  And On Behalf Of All Others             )   CIVIL ACTION NO.: 4:08-CV-00118-CW
   Similarly Situated,                     )
9                                          )    Judge: Hon. Claudia Wilken
                                           )
10        Plaintiff,                        )
                                           )
11        vs.                               )
                                           )
12 VERIFONE HOLDINGS, INC.,                 )
13 DOUGLAS G. BERGERON and                  )
   BARRY ZWARENSTEIN,                       )
                                           )
14        Defendants.                       )
   _____)
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION……………………………………………..1

MEMORANDUM OF POINTS AND AUTHORITIES…………………………..1

I.    STATEMENT OF ISSUES ................................................................................2

II.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND...................4

III.    POINTS AND AUTHORITIES ........................................................................6

A.    The Related Actions Should be Consolidated for Efficiency ....................6

B.    The Israeli Institutional Investor Group is the "Most Adequate Plaintiff" ..............................................................................................7

1.    The Israeli Institutional Investor Group Timely Moved to be Appointed Lead Plaintiff............................................................9

2.    The Israeli Institutional Investor Group Has The Largest Financial Losses......................................................................9

3.    The Israeli Institutional Investor Group Otherwise Satisfies The Requirements of Rule 23 .......................................................12

a.    Movants' claims are typical of the claims of other class members ...................................................................13

b.    The Israeli Institutional Investor Group will adequately represent the class...........................................14

C.    The Court Should Approve Movants' Choice of Counsel ........................15

IV.    CONCLUSION..................................................................................................16

Notice of Motion and Motion of the Israeli Institutional Investor Group for Consolidation, Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof. No. 3:07-CV-06140

i

# TABLE OF AUTHORITIES

**Federal Cases**

*Armour v. Network Assoc.*, 171 F. Supp. 2d 1044 (N.D. Cal. 2001) ..........................................13, 14

*Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146 (N.D. Cal. 1999) .....................................6

*Gluck v. CellStar Corp.*, 976 F. Supp. 542 (N.D. Tex. 1997).............................................................11

*Hanlon v. Chrysler Corp.*, 150 F. 3d 1011 (9th Cir. 1998) ................................................................13

*In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ........................................................................12

*In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002)........................................................10

*In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161 (C.D. Cal. 1976)..........................6

*In re Gemstar-TV Guide Intl. Inc. Sec. Litig.*, 209 F.R.D. 444 (C.D. Cal. 2002) ..............................9

*In re Party City Sec. Litig.*, 189 F.R.D. 91 (D.N.J. 1999) ..................................................................2

*In re Star Gas Sec. Litig.*, No. 04-CV-1766 (JBA), 2005 WL 818617 (D. Conn. Apr. 8, 2005) .......2

*Investors Research Co. v. United States District Court,* 877 F.2d 777 (9th Cir. 1989) .....................6

*Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1990) ....................................................................6

*Newman v. Eagle Build. Techs.*, 209 F.R.D. 499 (S.D. Fla. 2002)......................................................6

*Oxford Health Plans*, 182 F.R.D. 42 (S.D.N.Y. 1998)......................................................................10

*Perez-Funez v. District Dir., Immigration & Naturalization Serv.*,

   611 F. Supp. 990 (C.D. Cal. 1984........................................................................................6

*Takeda v. Turbodyne Technologies, Inc.* 67 F. Supp. 2d 1129 (C.D. Cal. 1999) ......................12, 14

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) and (B)......................................................................................................9

15 U.S.C. § 78u-4(a)(3)(A)(i)...............................................................................................................7

15 U.S.C. § 78u-4(a)(3)(B) ..............................................................................................................3, 7

15 U.S.C. § 78u-4(a)(3)(B)(i)...............................................................................................................8

ii

15 U.S.C. § 78u-4(a)(3)(B)(ii) ......................................................................................... 2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) .............................................................................. 12

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ............................................................................ 15

15 U.S.C. § 78u-4(a)(3)(B)(iii) ..................................................................................... 8, 9

15 U.S.C. § 78u-4(a)(3)(B)(v) ................................................................................ 4, 7, 15

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... *passim*

Fed. R. Civ. P. 42(a) .................................................................................................. 2, 6

iii

1

### NOTICE OF MOTION AND MOTION

2

TO:     ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

3

PLEASE TAKE NOTICE that on Monday, March 10, 2008, or as soon thereafter as the

4

matter may be heard in the Courtroom of the Honorable Judge Marilyn Hall Patel located at 450

5

Golden Gate Avenue, 18th Floor, San Francisco, California 94102, Movants The Phoenix

6

Insurance Company, Ltd., Prisma Provident Funds, Ltd., Prisma Mutual Funds, Ltd., Harel

7

Insurance Company, and Harel Pia Mutual Funds (collectively, the "Israeli Institutional Investor

8

Group" or "Movants" hereinafter) will move, and hereby do move, under §§ 21(D) et seq. of the

9

10

Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities

11

Litigation Reform Act of 1995 ("PSLRA"), for an order (1) consolidating related actions pursuant

12

to Fed. R. Civ. P. 42(a), (2) appointing the Israeli Institutional Investor Group as Lead Plaintiff,

13

and (3) approving the Israeli Institutional Investor Group's selection of Chitwood Harley Harnes

14

LLP as Lead Counsel and Schubert & Reed LLP as Liaison Counsel.

15

16

Movants seek appointment as Lead Plaintiff and approval of Lead Plaintiff's choice of

17

counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure and

18

the PSLRA.  The Motion is based upon this Notice of Motion and Motion, Memorandum of Points

19

and Authorities, the Declaration of Martin D. Chitwood, the Court's complete files and records in

20

this action, and such oral argument as the Court may consider in deciding this Motion.

21

### MEMORANDUM OF POINTS AND AUTHORITIES

22

23

Movants The Phoenix Insurance Company, Ltd., Prisma Provident Funds, Ltd., Prisma

24

Mutual Funds, Ltd., Harel Insurance Company, and Harel Pia Mutual Funds respectfully submit

25

this Memorandum of Points and Authorities in Support of Motion of the Israeli Institutional

26

Investor Group for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's

27

Selection of Lead Counsel.  The Phoenix Insurance Company, Ltd. is one of Israel's leading

28

insurance companies.  Prisma Provident Funds, Ltd., Israel's largest provident fund management

Notice of Motion and Motion of the Israeli Institutional Investor Group for Consolidation, Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof. No. 3:07-CV-06140

1

company, and Prisma Mutual Funds, Ltd. are both owned by Prisma Investment House Ltd., the largest private investment house in Israel. Harel Pia is one of Israel's leading mutual fund management firms. Harel Insurance Company, Ltd. is one of Israel's leading insurance and finance groups.

## I.    STATEMENT OF ISSUES

Presently pending in this District are at least nine related securities fraud class action lawsuits (the "Related Actions")[1] filed against VeriFone Holdings Inc. ("VeriFone" or the "Company") and certain of its officers and directors (hereinafter "Defendants") on behalf of the purchasers of VeriFone common stock during the period August 31, 2006 through December 3, 2007 (the "Class Period").[2] Each action alleges violations of the federal securities laws under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5 promulgated under Section 10(b), 17 C.F.R. § 240.10b-5.

Movants first seek to consolidate these Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Under the PSLRA, prior to selecting a Lead Plaintiff, the Court must decide whether to consolidate the Related Actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). As soon as practicable after a decision on consolidation has been rendered, the Court is to appoint as the Lead Plaintiff the movant or group of movants with the largest financial interest of those seeking such appointment in the litigation and that otherwise satisfy the requirements of Fed. R. Civ. P. 23.

---

[1]  Movants are filing identical lead plaintiff papers in each of the above-captioned cases using the first-filed case number, 3:07-CV-06140-MHP. In a case filed in the Southern District of Indiana, *Kraft v. VeriFone Holdings, Inc., et al.*, 07-cv-1588 (DFH)(WTL), the plaintiff filed a Notice of Voluntary Dismissal on January 30, 2008.

[2]  August 31, 2006 through December 3, 2007, inclusive, is the longest class period alleged in a complaint against VeriFone. *See Lien v. VeriFone Holdings, Inc*., 3:2007-CV-06195*; Westend Capital Mgt LLC v. VeriFone Holdings, Inc.*, 3:2007-CV-06237. While other complaints allege class periods of September 1, 2006 through November 30, 2007, and March 1, 2007 through November 30, 2007, the longest class period alleged is used for the purpose of the lead plaintiff motion. *See In re Party City Sec. Litig.*, 189 F.R.D. 91, 94 n.3 (D.N.J. 1999) ("The *Catanzarite* Action is relied upon for purposes of this motion because the class period alleged therein covers the longest class period alleged in the actions filed against the Defendants."); *see also In re Star Gas Sec. Litig.*, No. 04-CV-1766 (JBA), 2005 WL 818617 (D. Conn. Apr. 8, 2005) (using the longest class period alleged in determining the largest financial interest on lead plaintiff motion).

Notice of Motion and Motion of the Israeli Institutional Investor Group for Consolidation, Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof. No. 3:07-CV-06140

2

Here, each action asserts substantially the same claims against the same defendants and raises substantially the same questions of law and fact. Also, each of these cases alleges violations of Sections 10(b) and 20(a) of the Exchange Act. Thus, all of the prerequisites for consolidation under Rule 42(a) are present.

Movants also respectfully move to be appointed as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(a) of the PSLRA.[3] Movants are suitable and adequate to serve as Lead Plaintiff. As Congress noted in the Statement of Managers, the PSLRA was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because, among other reasons, institutional investors and other class members with large amounts at stake "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. Rep. No. 104-369, at 34 (1995). The Israeli Institutional Investor Group is composed of institutional investors and is exactly the kind of lead plaintiff Congress intended in passing the PSLRA.

Movants have calculated their losses as $17,916,409 on a first-in first-out ("FIFO") basis and $13,573,404 on a last-in first-out ("LIFO") basis in connection with their Class Period purchases of VeriFone common stock. *See* Declaration of Martin D. Chitwood (hereinafter "Chitwood Decl.") attached hereto as Exhibit 1. Movants believe that they have incurred the largest loss of any other movant, and, as such, they have the largest financial interest in the outcome of this litigation. Consequently, Movants are the most adequate plaintiffs and should be appointed Lead Plaintiff. Movants have submitted sworn certifications from each fund demonstrating their desire to serve as the Lead Plaintiff. *See* Exhibit 1, Chitwood Decl. at Exs. A-E.

---

[3] These amendments are contained in Public Law 107-67, entitled the Private Securities Litigation Reform Act of 1995, (109 Stat. 737, 15 U.S.C. §77z-1, 78u-4).

Notice of Motion and Motion of the Israeli Institutional Investor Group for Consolidation, Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof. No. 3:07-CV-06140

3

Similarly, Movants' motion for approval of its selection of Chitwood Harley Harnes LLP ("Chitwood") as Lead Counsel and Schubert & Reed LLP ("Schubert") as Liaison Counsel for the proposed Class should be granted pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Chitwood, with offices in Atlanta and New York, has a national complex litigation practice and has been appointed by courts around the country to serve as lead counsel in numerous securities class actions, including by this Court. *See* Exhibit 1, Chitwood Decl. at Ex. F. Schubert also has significant experience in securities class actions. *See* Exhibit 1, Chitwood Decl. at Ex. G. Chitwood and Schubert will more than adequately represent the interests of all Class members. Therefore, the Israeli Institutional Investor Group requests that this Court appoint it as Lead Plaintiff and approve its chosen counsel, Chitwood as Lead Counsel, and Schubert as Liaison Counsel, for the proposed Class.

## II.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Plaintiffs in the Related Actions allege that during the Class Period Defendants publicly issued into the market place, through SEC filings, press releases and other forms of public communications, materially false and misleading statements and omitted material information by, *inter alia*, overstating the Company's inventories and understating its cost of net revenues in order to falsely inflate the Company's revenues and earnings, which caused VeriFone's common stock to trade at artificially inflated prices reaching a high of $49.56 on October 30, 2007.

On August 31, 2006, Defendants published a press release pertaining to the three month period ending July 31, 2006 announcing, among other things, net revenues of $147.6 million, an increase of 17 percent over the comparable period of fiscal year 2005. Defendant Bergeron stated that these results constituted VeriFone's tenth consecutive quarter with double digit revenue growth. He also said that VeriFone was raising its fiscal year 2006 guidance as well as the guidance for fiscal year 2007. On December 7, 2006, Defendants issued a press release

4

Notice of Motion and Motion of the Israeli Institutional Investor Group for Consolidation, Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof. No. 3:07-CV-06140

1    announcing net revenues for the three month period ending October 31, 2006 of $156.6 million, an

2    increase of 20 percent over the comparable period in 2005.

3        On March 1, 2007, VeriFone published a release on *Business Wire* regarding its financial

4    results for the first fiscal quarter ending January 31, 2007.  The release announced revenues of

5    $216.6 million, which increased 61 percent from the comparable period in 2006.  On May 29,

6    2007, VeriFone published a release on *Business Wire* in which it announced its financial results for

7    the second fiscal quarter ending April 30, 2007.  This release included an announcement of

8    revenues of $217.2 million, a 53 percent increase from the comparable period in the previous year.

9    On September 7, 2007, VeriFone reported its financial results on *Business Wire* for the third fiscal

10   quarter ending July 31, 2007.  The release announced net revenues of $231.9 million, an increase

11   of 57 percent from the same period in 2006.  These statements were materially false and

12   misleading when made, and were known by Defendants to be false or were deliberately

13   disregarded as such.

14       On December 3, 2007, VeriFone announced that it would be restating certain of its financial

15   statements for fiscal year 2007.  This news, which indicated that Defendants had overstated

16   previously reported inventories and understated cost of net revenues in material amounts, caused

17   shares of VeriFone to plummet 45 percent in one trading day.  VeriFone shares dropped $22 per

18   share to close at $26.03, after a day of trading at 35 times its average trading volume.  Additionally,

19   during the Class Period, Defendants Bergeron and Zwarenstein reaped over $62.9 million from

20   selling their own VeriFone stock while the stock thrived at artificially inflated prices.  As a result

21   of the Defendants' manipulative actions, the Movants and other similarly situated members of the

22   investing public suffered enormous losses.  The first notice of the pendency of class action in this

23   case was published pursuant to the PSLRA on December 4, 2007.  *See* Exhibit 1, Chitwood Decl.

24   at Ex. H.  This motion is being filed within 60 days from the date of publication of the first notice.

1

### III.    POINTS AND AUTHORITIES

2

#### A.    The Related Actions Should Be Consolidated For Efficiency.

3

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of

4

law and fact.  *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999);

5

*In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976).  This Court

6

has broad discretion under Rule 42 to consolidate cases pending within this district.  *See Investors*

7

*Research Co. v. United States District Court,* 877 F.2d 777 (9th Cir. 1989); *Perez-Funez v. District*

8

*Dir., Immigration & Naturalization Serv.,* 611 F. Supp. 990, 994 (C.D. Cal. 1984) ("A Court has

9

broad discretion in deciding whether or not to grant a motion for consolidation, although, typically,

10

consolidation is favored.") (citations omitted).

11

Courts have recognized that class action shareholder suits, in particular, are ideally suited

12

for consolidation pursuant to Rule 42(a) because consolidation of many actions involving the same

13

parties and issues expedites pretrial and discovery proceedings, reduces duplication, and minimizes

14

the costs and time expended by all persons involved.  *See Equity*, 416 F. Supp. at 176.

15

Consolidation further reduces delay or prejudice that may result from prosecuting the Related

16

Actions separately.  Consolidation of the Related Actions is thus appropriate as common questions

17

of law and fact predominate the issues in the actions.  *See* Fed. R. Civ. P. 42(a).

18

Each of the Related Actions asserts essentially the same class claims brought on behalf of

19

purchasers of VeriFone common stock who purchased in reliance on Defendants' materially false

20

and misleading statements and/or omissions during the Class Period.  Consolidation is appropriate

21

when, as here, there are actions involving common questions of law or fact.  *See* Fed. R. Civ. P.

22

42(a) and *Newman v. Eagle Build. Techs.,* 209 F.R.D. 499, 501-02 (S.D. Fla. 2002). *See also*

23

*Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

24

The Israeli Institutional Investor Group respectfully submits that the requirements for

25

consolidation are met here and that the Related Actions should be consolidated.

26

27

28

6

**B.    The Israeli Institutional Investor Group is the "Most Adequate Plaintiff".**

The Israeli Institutional Investor Group should be appointed Lead Plaintiff because it has complied with all of the PSLRA's requirements, has demonstrated the largest financial interest in this litigation, and otherwise meets the relevant requirements of Fed. R. Civ. P. 23.  As the presumptive Lead Plaintiff, Movants' selection of Chitwood to serve as Lead Counsel and Schubert to serve as Liaison Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), should also be approved by the Court.

In an effort to improve the procedure for selection of lead counsel and insure that the most qualified counsel represents the class, Congress enacted guidelines for the organization of complex cases alleging securities fraud.  On December 22, 1995, Congress amended the Exchange Act via the enactment of the PSLRA.  The PSLRA set forth new guidelines for the organization of complex cases.  Section 21D of the PSLRA establishes procedures for selecting the lead plaintiff to oversee class actions brought under the Exchange Act.  15 U.S.C. § 78u-4(a)(3)(B).  Specifically, Section 21D(a)(3) provides that, not later than 20 days after the date on which a complaint is filed under the Act,

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -- (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).  In the instant action, on December 4, 2007, notice of the case filed in the United States District Court for the Northern District of California was published in the *Business Wire* on behalf of VeriFone shareholders, by and through counsel, which satisfies the notice required under the PSLRA.  *See* Exhibit 1, Chitwood Decl. at Ex. H.  Movants are making this motion within sixty days of that notice.

Section 21D(a)(3)(B) directs the Court to consider any motions by purported class members to serve as lead plaintiff in response to any such notice by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. 15 U.S.C. § 78u-4(a)(3)(B)(i). Contemporaneously with moving for appointment as lead plaintiff, the Israeli Institutional Investor Group moves for transfer and consolidation of the Related Actions before one Court. The Court should consolidate the Related Actions and appoint the Israeli Institutional Investor Group as Lead Plaintiff for the consolidated actions.

The PSLRA further provides that the Court shall adopt a rebuttable presumption that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons who:

> (aa)  has either filed the complaint or made a motion in response to a notice. . . ;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, the PSLRA provides that the Court

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i). Movants meet each of the foregoing requirements of the PSLRA. The Israeli Institutional Investor Group is comprised of five sophisticated institutional investors who have calculated their combined losses as $17,916,409 on a FIFO basis and $13,573,404 on a LIFO basis resulting from purchases of VeriFone common stock during the Class Period. As of this filing, the Israeli Institutional Investor Group is not aware of any lead plaintiff movant who has sustained greater financial losses in connection with the purchase or other acquisition of VeriFone

8

common stock during the Class Period.  Therefore, the appointment of the Israeli Institutional

Investor Group as lead plaintiff satisfies the goals of the PSLRA.  Movants will provide strong

leadership for the Related Actions, once they are consolidated before one court.

> **1.      The Israeli Institutional Investor Group Timely Moved to be Appointed Lead Plaintiff.**

The time period within which Class members may move to be appointed Lead Plaintiff in

this case expires on February 4, 2008.  15 U.S.C. § 78u-4(a)(3)(A) and (B).  Movants' application,

filed and served on February 4, 2008, is thus timely. Movants have reviewed the complaint and

adopt the allegations and are willing to serve as a representative party on behalf of the Class.  *See*

Exhibit 1, Chitwood Decl. at Exs. A-E.  In addition, Movants have selected and retained competent

counsel to represent them and the Class as Lead Counsel and Liaison Counsel. *See* Exhibit 1,

Chitwood Decl. at Exs. F and G.

> **2.      The Israeli Institutional Investor Group Has The Largest Financial Losses.**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the

Class member who represents the largest financial interests in the relief sought by the action.  *In re

Gemstar-TV Guide Intl. Inc. Sec. Litig.*, 209 F.R.D. 444, 450 (C.D. Cal. 2002).  Here, the Israeli

Institutional Investor Group calculates their FIFO losses as $17,916,409 and LIFO losses as

$13,573,404 during the Class Period.  The following chart sets forth the Israeli Institutional

Investor Group's retained shares and losses:

|  | Retained Shares | Losses under FIFO | Losses under LIFO |
|---|---|---|---|
| Phoenix Insurance Co. | 215,232 | $2,607,957 | $2,607,957 |
| Prisma Provident Funds Ltd | 568,477 | $7,388,977 | $7,388,977 |
| Prisma Mutual Funds Ltd | 68,613 | $1,105,619 | $1,105,619 |
| Harel Insurance Co. | 468,170 | $5,459,765 | $1,116,762 |
| Harel PIA Mutual Funds | 155,391 | $1,354,089 | $1,354,089 |
| TOTAL | 1,475,883 | $17,916,407 | $13,573,404 |

1  Courts have recognized that "one goal of the PSLRA is to have the plaintiff class, represented by a

2  member with a substantial financial interest in the recovery as incentive, to monitor the litigation to

3  prevent it from being 'lawyer-driven.'" *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 442 (S.D.

4  Tex. 2002). Appointing Movants as lead plaintiff will advance this goal.

5          An examination of the legislative history of the PSLRA supports the appointment of

6  Movants as lead plaintiff. Congress gave the following explanation for the PSLRA presumption

7  that the plaintiff with the largest financial interest shall be the "most adequate plaintiff":

8

9              The Conference Committee seeks to increase the likelihood that
               institutional investors will serve as lead plaintiffs by requiring courts to
10             presume that the member of the purported class with the largest financial
               stake in the relief sought is the "most adequate plaintiff." . . . The
11             Conference Committee believes that increasing the role of institutional
               investors in class actions will ultimately benefit shareholders and assist
12             courts by improving the quality of representation in securities class
               actions. . . .
13

14  Statement of Managers - the "Private Securities Litigation Reform Act of 1995," Conference

15  Report. H. Rept. No. 104369, at 62 (Nov. 28, 1995 ("Conf. Rep."); *see also Oxford Health Plans*,

16  182 F.R.D. 42 (S.D.N.Y. 1998).

17          One of the stated purposes of the PSLRA was to "protect investors who join class actions

18  against lawyer-driven lawsuits by giving control of the litigation to lead plaintiffs with substantial

19  holdings of the securities of the issuer." Conf. Rep. P. 27. The PSLRA provisions "are intended to

20  increase the likelihood that parties with significant holdings in issuers, whose interests are most

21  strongly aligned with the class of shareholders, will participate in the litigation and exercise control

22  over the selection and actions of plaintiffs counsel." *Id.* Congress found that the pre-PSLRA

23  system operated

24

25              to prevent institutional investors from selecting counsel or serving as lead
26              plaintiff in class actions. [footnote omitted]

27                                          ***

28

Notice of Motion and Motion of the Israeli Institutional Investor Group for Consolidation, Appointment As Lead
Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Memorandum of Points and Authorities in
Support Thereof. No. 3:07-CV-06140

1

2

3

> Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake. The claims of both types of class members generally will be typical.

4

> ***

5

6

7

8

9

10

11

> Although the most adequate plaintiff provision does not confer any new fiduciary duty on institutional investors — and the courts should not impose such a duty — the Conference Committee nevertheless intends that the lead plaintiff provision will encourage institutional investors to take a more active role in securities class action lawsuits. Scholars predict that increasing the role of institutional investors will benefit both injured shareholders and courts: "Institutions with large stakes in class actions have much the same interests as the plaintiff class generally; thus, courts could be more confident settlements negotiated under the supervision of institutional plaintiffs were "fair and reasonable" than is the case with settlements negotiated by unsupervised plaintiffs' attorneys.

12

Conf. Rep. 29-30.

13

As the foregoing makes clear, by enacting the PSLRA, Congress sought to insure that

14

securities class action litigation would be led by strong clients with substantial interests in the

15

outcome of the litigation. *See also Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex.

16

1997). Thus, Congressional intent on this point is clear — institutional investors, such as the

17

Israeli Institutional Investor Group, who move to be appointed lead plaintiff should be appointed

18

19

by the Court to effectuate the purposes of the PSLRA.

20

Similarly, the Securities Exchange Commission (the "SEC"), has encouraged institutional

21

investors to serve as lead plaintiff in cases alleging securities fraud:

22

23

> The Securities and Exchange Commission is stepping up its efforts to persuade institutional shareholders to serve as lead plaintiffs in securities class-action lawsuits.

24

25

> [Former] SEC Chairman Arthur Levitt said Tuesday [he was] embarking upon a personal drive to raise the issue whenever he meets with institutional investors . . .

26

> ***

27

28

"This is a real civic responsibility that [institutional investors] should embrace and one we should actively pursue," Levitt told a U.S. House of Representatives panel on securities.

*See* Beckett, Paul "SEC Steps Up Effort to Induce Institutions to Lead Suits," Dow Jones News Service, Tuesday, October 21, 1997.  Thus, the SEC also encourages the appointment of institutional investors as lead plaintiff.

The Israeli Institutional Investor Group consists of five institutional investors, which are a cohesive, "small group of manageable size that is capable of joint decisionmaking regarding the litigation." *Takeda v. Turbodyne Technologies, Inc.* 67 F. Supp. 2d 1129, 1135 (C.D. Cal. 1999). Movants will remain actively involved in the litigation through the instruction and guidance they will provide to their chosen counsel, Chitwood, a law firm with significant experience in this type of litigation.  And as discussed herein, to the best of their knowledge, Movants have suffered the largest losses in this case, and thus satisfy the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### 3.    The Israeli Institutional Investor Group Otherwise Satisfies the Requirements of Rule 23.

The final requirement of the PSLRA for the appointment of lead plaintiff is that a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the Class.

Fed. R. Civ. P. 23(a).  *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (once court "identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements").

For purposes of appointing the lead plaintiff, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. "While the PSLRA requires that the lead plaintiff satisfy all of Rule 23's requirements, the third and fourth requirements of Rule 23 – typicality and adequacy – are the key factors for a court's lead plaintiff determination." *Armour v. Network Assoc.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001). As explained below, the Israeli Institutional Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

a.      Movants' claims are typical of the claims of other class members.

The Israeli Institutional Investor Group satisfies the typicality requirements of Rule 23(a)(3). "The typicality requirement is satisfied when the named plaintiffs have (1) suffered the same injuries as the absent class members, (2) as a result of the same course of conduct, and (3) their claims are based on the same legal issues." *Armour*, 171 F. Supp. 2d at 1052. This does not require that the representative claims be substantially identical, rather that they are "reasonable co-extensive with those of absent class members." *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011 (9th Cir. 1998).

Movants seek to represent a Class of purchasers of VeriFone common stock that have identical, non-competing and non-conflicting interests. Movants' claims and damages arise from the same set of facts and under the same legal theories as for all other Class members. The Israeli Institutional Investor Group contends that Defendants violated applicable securities laws by publicly disseminating a series of materially false and misleading statements and omitting material facts in the Company's statements and financial projections. Like other members of the proposed Class, Movants purchased or otherwise acquired VeriFone common stock at prices inflated by Defendants' misrepresentations and omissions and thus suffered damages. Movants satisfy the typicality requirement because, just like all other Class members, they: (1) purchased or acquired VeriFone common stock during the Class Period; (2) at prices artificially inflated by Defendants'

13

materially false and misleading statements and/or omissions; and (3) suffered economic loss as a result of the price of VeriFone common stock declining after the revelation of the misrepresentations and/or information that had been concealed from the market thereby removing the inflation from VeriFone's stock price.  Thus, Movants' claims are typical of those of other Class members given that all the claims arise out of the same course of events.

> b.    The Israeli Institutional Investor Group will adequately represent the Class.

The representative parties must fairly and adequately protect the interests of the Class pursuant to Rule 23(a)(4).  "This determination focuses around two questions: (1) do the interests of the class representative coincide with those of the class, and (2) does the representative have the ability to prosecute the action vigorously through the services of competent counsel." *Armour*, 171 F. Supp. 2d at 1052.  In addition, the class representative must have a sufficient interest in the outcome of the case to ensure vigorous advocacy. *Takeda*, 67 F. Supp. 2d at 1137.  Movants are well situated to adequately represent the interests of the Class.

As detailed above, the Israeli Institutional Investor Group is an adequate representative of the Class because it shares common questions of law and fact with the members of the Class, and its claims are typical of the claims of other class members.  Moreover, as evidenced by the large damages suffered by the Israeli Institutional Investor Group as a result of purchasing VeriFone common stock at artificially inflated prices, the interests of Movants are aligned clearly with those of the members of the Class.

Additionally, the Israeli Institutional Investor Group already has taken significant steps demonstrating that it has protected, and will continue to protect, the interests of the Class. For example, Movants have executed Certifications detailing their Class Period transactions and expressing willingness to serve as Lead Plaintiff.  *See* Exhibit 1, Chitwood Decl. at Exs. A-E.  The Israeli Institutional Investor Group has moved this Court to be appointed as Lead Plaintiff in this

action.  Movants also have retained competent and experienced counsel who will be able to conduct this complex litigation in a professional manner.

**C.     The Court Should Approve Movants' Choice of Counsel.**

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class.  The Court should not disturb the Lead Plaintiff's selection unless "necessary to protect the interest of the plaintiff class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Movants have chosen and retained Chitwood to serve as Lead Counsel and Schubert to serve as Liaison Counsel for the Class.  Both of these firms possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  *See* Exhibit 1, Chitwood Decl. at Exs. F and G. Movants will advance this case for the benefit of the Class through their efforts and the efforts of their counsel.  Adequacy and all other requirements of Rule 23 and the PSLRA are satisfied.  Thus, the Court may be assured that, in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation available.

## IV.    CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court grant the instant motion and:

(i)    consolidate for all purposes the Related Actions against Defendants;

(ii)    appoint the Israeli Institutional Investor Group as Lead Plaintiff pursuant to §21D(a)(3)(B)of the PSLRA; and

(iii)    approve Movants' choice of Chitwood Harley Harnes LLP as Lead Counsel and Schubert & Reed LLP as Liaison Counsel, pursuant to §21D(a)(3)(B)(v) of the PSLRA.

Dated: February 4, 2008                    Respectfully submitted,


**SCHUBERT & REED LLP**


By:      s/ Juden Justice Reed
Robert C. Schubert (State Bar No. 62684)
Juden Justice Reed (State Bar No. 153748)
Willem F. Jonckheer (State Bar No. 178748)
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile:  (415) 788-0161

*Proposed Liaison Counsel*


**CHITWOOD HARLEY HARNES LLP**
Martin D. Chitwood
James M. Wilson, Jr.
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 873-3900
Facsimile:  (404) 876-4476


**CHITWOOD HARLEY HARNES LLP**
Gregory E. Keller
Darren T. Kaplan
Eran Rubinstein

16

Susan Boltz Rubinstein
11 Grace Avenue, Suite 306
Great Neck, New York 11021
Telephone: (516) 773-6090
Fax: (404) 876-4476

*Counsel for Movants and Proposed Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2008, I electronically filed the foregoing **NOTICE OF MOTION AND MOTION OF THE ISRAELI INSTITUTIONAL INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record for Civil Action No.3:07-CV-06140:

Nicole C. Lavalle
nlavalle@bermanesq.com
Joseph J. Tabacco, Jr.
jtabacco@bermanesq.com
Berman DeValerio, et al.
425 California St., Suite 2100
San Francisco, CA 94104

Steve W. Berman
steve@hbsslaw.com
Hagens Berman, et al.
1301 Fifth Ave., Suite 2900
Seattle, WA 98101
700 Stewart St.
Seattle, WA 98101

Alan R. Plutzik
aplutzik@bramsonplutzik.com
Lawrence T. Fisher
ltfisher@dbramsonplutzik.com
Schiffrin Barroway, et al.
2125 Oak Grove Rd., Suite 120
Walnut Creek, CA 94598

Laurence D. King
lking@kaplanfox.com
Linda M. Fong
lfong@kaplanfox.com
Kaplan Fox & Kilsheimer LLP
350 Sansome St., Suite 400
San Francisco, CA 94104

Reed R. Kathrein
reed@hbsslaw.com
Hagens Berman, et al.
715 Hearst Ave., Suite 202
Berkeley, CA 94710

Shawn A. Williams
shawnw@csgrr.com
Couglin Stoia, et al.
100 Pine St., Suite 2600
San Francisco, CA 94111

Lewis S. Kahn
Lewis.kahn@kgscounsel.com
Kahn Gauthier Swick LLC
650 Poydras St., Suite 2150
New Orleans, LA 70130

Daniel C. Girard
girardgibbs@girardgibbs.com
Aaron M. Sheanin
ams@girardgibbs.com
Jonathan K. Levine
jkl@girardgibbs.com
Girard Gibbs LLP
601 California St., Suite 1400
San Francisco, CA 94108

Michael H. Steinberg
steinbergm@sullcrom.com
Brendan P. Cullen
cullenb@sullcrom.com
Sullivan & Cromwell
1888 Century Park East
Los Angeles, CA  90067

Francis A. Bottini, Jr.
frankb@johnsonbottini.com
Frank J. Johnson
frankj@johnsonbottini.com
Johnson Bottini, LLP
655 W. Broadway, Suite 1400
San Diego, CA  92101

and I have mailed the foregoing document by United States Postal Service, by first class mail,

postage prepaid, to the following attorneys:

D. Seamus Kaskela
Richard A. Maniskas
Schiffrin Barroway Topaz & Kessler LLP
280 King of Prussia Road
Radnor, PA  29087

Brett Michael Weaver
Derek J. Wilson
Johnson Bottini, LLP
655 West Broadway
Suite 1400
San Diego, CA  92101

Jeffrey P. Campisi
Joel B. Strauss
Kaplan, Fox & Kilsheimer LLP
850 Third Avenue
14th Floor
New York, NY  10022

Jeffrey A. Klafter
Klafter & Olsen LLP
1311 Mamaroneck Avenue
Suite 220
White Plains, NY  10605

David C. Walton
Darren Jay Robbins
Coughlin Stoia Geller et al
655 West Broadway
Suite 1900
San Diego, CA  92101-3301

Karen Hanson Riebel
Lockridge Grindal Nauen
100 Washington Avenue, S.
Suite 2200
Minneapolis, MN  55401-2179

Notice of Motion and Motion of the Israeli Institutional Investor Group for Consolidation, Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof. No. 3:07-CV-06140

This 4th day of February, 2008.

_____s/ Juden Justice Reed_____
Juden Justice Reed

**SCHUBERT & REED LLP**
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile:  (415) 788-0161