1  BERNSTEIN LITOWITZ BERGER
       & GROSSMANN LLP
2  BLAIR A. NICHOLAS   (Bar No. 178428)
   TIMOTHY A. DELANGE   (Bar No. 190768)
3  12481 High Bluff Drive, Suite 300
   San Diego, CA 92130
4  Tel:    (858) 793-0070
   Fax:    (858) 793-0323
5
   BERGER & MONTAGUE, P.C.
6  SHERRIE R. SAVETT
   BARBARA A. PODELL
7  PHYLLIS M. PARKER
   1622 Locust Street
8  Philadelphia, PA 19103
   Tel:    (215) 875-3000
9  Fax:    (215) 875-4604

10 Attorneys for Proposed Lead Plaintiffs
   Steelworkers Pension Trust and the Police and
11 Fire Retirement System of the City of Detroit

12

13                UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15

16 JOEL EICHENHOLTZ, Individually And          Case No. 07-cv-06140 MHP
   On Behalf of All Others Similarly Situated,
17                                             CLASS ACTION
                             Plaintiff,
18                                             _____
           v.
19                                             **MEMORANDUM OF LAW IN**
   VERIFONE HOLDINGS, INC.,                    **SUPPORT OF MOTION BY THE**
20 DOUGLAS G. BERGERON, and BARRY             **STEELWORKERS PENSION TRUST**
   ZWARENSTEIN,                                **AND THE POLICE AND FIRE**
21                                             **RETIREMENT SYSTEM OF THE**
                             Defendants.       **CITY OF DETROIT FOR**
22                                             **CONSOLIDATION, FOR**
                                               **APPOINTMENT OF LEAD**
23                                             **PLAINTIFFS AND APPROVAL OF**
                                               **LEAD PLAINTIFFS' SELECTION**
24                                             **OF CO-LEAD COUNSEL**

25                                             **Date:      March 10, 2008**
                                               **Time:      2:00 p.m.**
26                                             **Courtroom: 15, 18th Floor**
                                               **Judge:     Hon. Marilyn H. Patel**
27

28

| | |
|---|---|
| 1 | PETER LIEN, Individually And On Behalf of All Others Similarly Situated, | Case No. 07-cv-06195 JSW |
| 2 | | Judge: Hon. Jeffrey S. White |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| 6 | | |
| 7 | Defendants. | |

PETER LIEN, Individually And On Behalf
of All Others Similarly Situated,

                 Plaintiff,

    v.

VERIFONE HOLDINGS, INC.,
DOUGLAS G. BERGERON, and BARRY
ZWARENSTEIN,

                 Defendants.

Case No. 07-cv-06195 JSW

Judge: Hon. Jeffrey S. White

---

BRIAN VAUGHN, RON DOCKSWELL
and MIRIAM LOGAN, On Behalf of
Themselves And All Others Similarly
Situated,

                 Plaintiff,

    v.

VERIFONE HOLDINGS, INC.,
DOUGLAS G. BERGERON, and BARRY
ZWARENSTEIN,

                 Defendants.

Case No. 07-cv-06197 VRW

Judge: Hon. Vaughn R. Walker

---

ALBERT L. FELDMAN and ELEANOR
JEAN FELDMAN, Individually And On
Behalf of All Others Similarly Situated,

                 Plaintiff,

    v.

VERIFONE HOLDINGS, INC.,
DOUGLAS G. BERGERON, and BARRY
ZWARENSTEIN,

                 Defendants.

Case No. 07-cv-06218 MMC

Judge: Hon. Maxine M. Chesney

| | |
|---|---|
| DONALD CERINI, Individually And On Behalf of All Others Similarly Situated, | Case No. 07-cv-06228 SC |
| Plaintiff, | Judge: Hon. Samuel Conti |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |
| WESTEND CAPITAL MANAGEMENT LLC, Individually And On Behalf of All Others Similarly Situated, | Case No. 07-cv-06237 MMC |
| Plaintiff, | Judge: Hon. Maxine M. Chesney |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |
| KURT HILL, On Behalf of Himself and All Others Similarly Situated, | Case No. 07-cv-06238 MHP |
| Plaintiff, | Judge: Hon. Marilyn H. Patel |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |
| DANIEL OFFUTT, Individually And On Behalf of All Others Similarly Situated, | Case No. 07-cv-06241 JSW |
| Plaintiff, | Judge: Hon. Jeffrey S. White |
| v. | |
| VERIFONE HOLDINGS, INC., DOUGLAS G. BERGERON, and BARRY ZWARENSTEIN, | |
| Defendants. | |

1   EDWARD FEITEL, On Behalf of Himself     Case No. 08-cv-0118 CW
and All Others Similarly Situated,

2                            Plaintiff,     Judge: Hon. Claudia Wilken

3

4        v.

5   VERIFONE HOLDINGS, INC.,
DOUGLAS G. BERGERON, and BARRY

6   ZWARENSTEIN,

7                          Defendants.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMO OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, FOR APPOINTMENT
OF LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD COUNSEL
Case No. 07-cv-06140 MHP

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................. ii

I.      PRELIMINARY STATEMENT ....................................................................... 1

II.     NATURE OF THE ACTION .......................................................................... 1

III.    MOVANTS SHOULD BE APPOINTED LEAD
        PLAINTIFFS ................................................................................................. 3

        A.      The Procedures Mandated By The PSLRA ......................................... 3

        B.      Movants Satisfy The Requirements Of The Act .................................. 5

                1.      Movants Believe That They Have The
                        Largest Financial Interest In The Relief
                        Sought By The Class .............................................................. 5

                2.      Movants Satisfy The Requirements Of Rule
                        23 Of The Federal Rules Of Civil Procedure ........................ 9

                3.      Movants' Claims Are Typical Of The
                        Claims Of The Class ............................................................. 9

                4.      Movants Will Fairly And Adequately
                        Represent The Interests Of The Class ..................................... 10

IV.     THIS COURT SHOULD APPROVE MOVANTS'
        CHOICE OF CO-LEAD COUNSEL ............................................................ 11

V.      THESE ACTIONS SHOULD BE CONSOLIDATED ..................................... 12

VI.     CONCLUSION ............................................................................................. 13

# TABLE OF AUTHORITIES

<u>Case</u>                                                                                                   <u>Page(s)</u>

*In re Baan Co. Sec. Litig.,*
    186 F.R.D. 214 (D.D.C. 1999)...........................................................................8

*In re Cavanaugh,*
    306 F.3d 726 (9th Cir. 2002) ........................................................................5, 9

*In re Cendant Corp. Litig.,*
    182 F.R.D. 476 (D.N.J. 1998)........................................................................12

*In re Cendant Corp. Litig.,*
    264 F.3d 201 (3d Cir. 2001).............................................................................5

*In re Cephalon Sec. Litig.,*
    No. CIV. A. 96-cv-0633, 1996 WL 515203 (E.D. Pa. Aug. 27, 1996) ......................8

*Chill v. Green Tree Fin. Corp.,*
    181 F.R.D. 398 (D. Minn. 1998)......................................................................9

*Eisenberg v. Gagnon,*
    766 F.2d 770 (3rd Cir. 1985) .........................................................................10

*In re eSpeed, Inc. Sec. Litig.,*
    232 F.R.D. 95 (S.D.N.Y. 2005) .......................................................................6

*Gluck v. CellStar Corp.,*
    976 F. Supp. 542 (N.D. Tex. 1997) ...............................................................4, 9

*Greebel v. FTP Software, Inc.,*
    939 F. Supp. 57 (D. Mass. 1996) ..................................................................4, 5

*In re Goodyear Tire & Rubber Co. Sec. Litig.,*
    No. 03-cv-2166, 2004 U.S. Dist. LEXIS 27043 (N.D. Ohio May 12, 2004) ...............6

*Hanon v. Dataproducts Corp.,*
    976 F.2d 497 (9th Cir. 1992) .........................................................................10

*Hoxworth v. Blinder, Robinson & Co.,*
    980 F.2d 912 (3d Cir. 1992).........................................................................10

*In re Kirschner Medical Corp. Sec. Litig.,*
    139 F.R.D. 74 (D. Md. 1991).......................................................................10

*Lax v. First Merchs. Acceptance Corp.,*
    No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997).................2, 5, 6

*In re Lernout & Hauspie Sec. Litig.*,
   138 F. Supp. 2d 39 (D. Mass. 2001) ...................................................................................7

*Lloyd v. Industrial Bio-Test Laboratories, Inc.*,
   454 F. Supp. 807, 812 (S.D.N.Y. 1978)...........................................................................12

*In re MicroStrategy, Inc. Sec. Litig.*,
   110 F. Supp. 2d 427 (E.D. Va. 2000) ................................................................................2

*Montoya v. Mamma.com, Inc.*,
   No. 05-cv-2313, 2005 U.S. Dist. LEXIS 10224 (S.D.N.Y. May 31, 2005) ......................6

*Netsky v. Capstead Mortgage Corp.*,
   No. 98-cv-1716-L, 2000 U.S. Dist. LEXIS 9941 (N.D. Tex. July 12, 2000)......................7

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) .......................................................................6, 12, 13

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ..........................................................................................8

*In re Party City Sec. Litig.*,
   189 F.R.D. 91 (D.N.J. 1999)...............................................................................................6

*Richardson v. TVIA, Inc.*,
   No. 06-07307, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. April 16, 2007)...............6, 9, 10

*Schwartz v. Harp*,
   108 F.R.D. 279, 282 (C.D. Cal. 1985) .............................................................................10

*Staton v. Boeing Co.*,
   327 F.3d 938, 957 (9th Cir. 2003) ...................................................................................10

*Vaughn, et al. v. VeriFone, et al.*,
   Case No. 07-cv-06197-VRW...............................................................................................2

*In re Veeco Instruments, Inc. Sec. Litig.*,
   233 F.R.D. 330 (S.D.N.Y. 2005) ........................................................................................6

*Werner v. Satterlee, Stephens, Burke & Burke*,
   797 F. Supp. 1196 (S.D.N.Y. 1992)..................................................................................12

*Zinberg v. Washington Bancorp, Inc.*,
   138 F.R.D. 397 (D.N.J. 1990)...........................................................................................10

Statutes, Rules & Regulations

15 U.S.C.
   § 78u-4(a)(1) ......................................................................................................................3

§ 78u-4(a)(3) ..........................................................................................3, 4, 5, 11, 12
§ 78u-4(a)(A) ..........................................................................................4
§ 78u-4(a)(B) ..........................................................................................4

Secondary Authorities

House Conference Report No. 104-369, 104th Cong. 1st Sess. (1995).....................................4, 7

Moore, *Manual for Complex Litigation*, § 20.123 (3d ed. 1995) ................................12

Moore, *Manual For Complex Litigation*, §§ 41.2 & 41.31 ........................................13

Class Members Steelworkers Pension Trust ("Steelworkers") and the Police and Fire Retirement System of the City of Detroit ("Detroit P&F") (collectively, "Steelworkers-Detroit P&F" or "Movants") respectfully submit this memorandum of law in support of their Motion: (a) for their appointment as Lead Plaintiffs, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4; (b) for approval of their selection of Berger & Montague, P.C. and Bernstein Litowitz Berger & Grossmann LLP as Plaintiffs' Co-Lead Counsel; and (c) for consolidation of the above captioned actions.[1]

## I.    PRELIMINARY STATEMENT

Movants lost $1,067,091 as a result of their purchases of shares of VeriFone Holdings, Inc. ("VeriFone" or the "Company") during the class period from August 31, 2006 through December 3, 2007, inclusive (the "Class Period").

Movants are believed to have the largest financial interest in the outcome of the case.[2] As such, Movants meet the requirements of the PSLRA for appointment as lead plaintiffs. Moreover, Movants satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the class, and they will fairly and adequately represent the interests of the class.

## II.    NATURE OF THE ACTION

Pending before this Court are nine securities class action lawsuits by purchasers of VeriFone stock, against VeriFone and certain of its officers and/or directors.[3]   All of the above-

---

[1]   On January 18, 2008, the parties filed a Stipulation and [Proposed] Order Consolidating Related Cases with Honorable Marilyn H. Patel.  As of this date, the Court has not ruled on the matter.

[2]   Movants' certifications listing their transactions in VeriFone stock, as required by § 21D(a)(2) of the PSLRA, are attached to the accompanying Declaration of Blair A. Nicholas ("Nicholas Decl.") as Ex. B.  Charts detailing Movants' losses are attached to the Nicholas Decl. as Ex. C. The losses suffered by Movants for purposes of the current motion are not necessarily the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.  *See also* n.5 below.

[3]   The initial complaint and notice indicated that plaintiffs sought redress on behalf of a class of persons who purchased VeriFone stock during the period March 1, 2007 through November 30, 2007 inclusive.  *See* Nicholas Decl. Ex. A (initial notice).  A later complaint filed by Westend

1  captioned cases arise out of the same operative facts and all allege violations of Sections 10(b)

2  and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5

3  promulgated thereunder by the Securities and Exchange Commission ("SEC"). The allegations

4  summarized below are taken from one of the complaints, captioned *Feldman v. Verifone, et al.*,

5  Case No. 3:07-cv-06197-MMC, filed by proposed Lead Counsel Berger & Montague, P.C. on

6  December 7, 2007.

7      VeriFone provides secure electronic payment solutions for the financial, retail,

8  hospitality, petroleum, government and healthcare markets. The suit alleges that VeriFone and

9  its CEO, Douglas G. Bergeron, and CFO, Barry Zwarenstein ("Defendants"), violated the

10  Securities Exchange Act of 1934. The Complaint alleges that Defendants issued a series of

11  materially false and misleading statements about VeriFone's financial results and condition,

12  including that VeriFone materially overstated inventories and materially understated the cost of

13  net revenues during the first three quarters of 2007. The Complaint also alleges that, as a result

14  of the inflated share price, the individual defendants were able to sell their own VeriFone stock

15  for proceeds of over $62 million during the Class Period. Specifically, during the Class Period,

16  defendant CEO Bergeron and defendant CFO Zwarenstein, both of whom signed the Company's

17  SEC filings and were responsible for the Company's false financial statements, reaped proceeds

18  of over $56 million and $6 million, respectfully, by selling their VeriFone stock.

19  _____

20  Capital Management LLC, Case No. 07-cv-06237-MMC, expanded the class period to seek
   relief on behalf of purchasers of VeriFone common stock for the period August 31, 2006 through
21  December 3, 2007. Another Complaint, *Vaughn, et al. v. VeriFone, et al.*, Case No. 07-cv-
   06197-VRW, was filed on behalf of VeriFone stock purchasers between September 1, 2006
22  through November 30, 2007. The remaining six complaints filed in this action asserted the
   March 1, 2007 through November 30, 2007 class period. Ultimately, the Lead Plaintiff(s) and
23  Lead Counsel will thoroughly investigate the claims and allege the appropriate class period. For
   purposes of this Motion, Movants have used the longest of the class periods, August 31, 2006
24  though December 3, 2007 inclusive, to demonstrate that they will adequately represent the entire
   class of persons who purchased VeriFone stock. In addition, differences in alleged class periods
25  do not affect consolidation of the related actions, as this issue can be resolved when the
   appointed lead plaintiffs file a consolidated complaint. *See, e.g., In re MicroStrategy, Inc. Sec.*
26  *Litig.*, 110 F. Supp. 2d 427, 431-32 (E.D. Va. 2000) (consolidating actions alleging different
   class periods and naming different defendants); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C
27  2715, 1997 U.S. Dist. LEXIS 11866, at *4 (N.D. Ill. Aug. 6, 1997) (same).
28

1    On December 3, 2007, VeriFone announced that its unaudited interim consolidated

2    financial statements for the three months ended January 31, 2007, the three and six months ended

3    April 30, 2007, and the three and nine months ended July 31, 2007 should no longer be relied

4    upon due principally to accounting errors related to the valuation of in-transit inventory and

5    allocation of manufacturing and distribution overhead to inventory, each of which affected

6    VeriFone's reported costs of net revenue.  VeriFone announced that it would restate those

7    financial statements "to correct errors that overstated previously reported inventories in material

8    amounts" as of January 31, 2007, April 30, 2007, and July 31, 2007, and "understated cost of net

9    revenues in material amounts" for the three month periods ended January 31, 2007, April 30,

10   2007, and July 31, 2007.  VeriFone stated that "[a]ccordingly, investors are cautioned not to rely

11   on VeriFone's historical financial statements and earnings press releases and similar

12   communications for the periods ended January 31, 2007, April 30, 2007 and July 31, 2007."

13   VeriFone's accounting errors, which overstated profit before taxes by approximately $30

14   million, eliminated 80% of VeriFone's pre-tax profit for the first nine months of fiscal 2007.

15   As a result of this shocking news, the price of VeriFone stock fell approximately 45%

16   from a closing price of $48.03 on November 30, 2007 to a closing price of $26.03 on

17   December 3, 2007 on unusually high volume of over 49 million shares.

18   III.   MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

19        A.    The Procedures Mandated By The PSLRA

20   The PSLRA has established a procedure that governs the appointment of Lead Plaintiffs

21   in "each action arising under the [Exchange Act] that is brought as a plaintiff class action

22   pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(I).

23   First, the plaintiff who files the initial action must publish a notice to the class within 20

24   days of filing the action, informing class members of their right to file a motion for appointment

25   as lead plaintiffs.  15 U.S.C. § 78u-4(a)(3)(A)(I).  Here, counsel in the first filed action caused

26   the first notice to be published on December 4, 2007.  (Nicholas Decl. Ex. A)  This notice stated

27   that any motion for the appointment as lead plaintiff was due "no later than February 4, 2008."

28   *Id.*

The PSLRA states that within sixty (60) days after the publication of the notice mandated by the PSLRA, any "person or group of persons" who are members of the proposed class may apply to the court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C § 78u-4(a)(A) and (B). Movants have timely filed this motion before the expiration of the 60-day period from such publication.

Movant Steelworkers-Detroit P&F consists of two institutional investors. Steelworkers Pension Trust is a multi-employer pension plan with approximately $2 billion in assets. The Police and Fire Retirement System of the City of Detroit is a public fund organized for the benefit of active and retired policemen and firemen of the city of Detroit.

These are two sophisticated, highly-motivated investors, who will play an active role in the prosecution of this action. The inclusion of institutional investors, such as these, to serve as Lead Plaintiffs is precisely what the framers of the PSLRA hoped to accomplish. As the Statement of Managers noted, the PSLRA was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because among other reasons, institutional investors and other class members with large amounts at stake "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." House Conference Report No. 104-369, 104th Cong. 1st Sess. at 34 (1995). *See e.g., Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997) ("The legislative history of the Reform Act is replete with statements of Congress' desire to put control of such litigation in the hands of large, institutional investors."); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 63-64 (D. Mass. 1996) (same).

The PSLRA further provides that within 90 days after publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff(s) the member or members of the class that the Court determines to be most capable of adequately representing the interests of the class members, 15 U.S.C. § 78u-4(a)(3)(B). In determining who is the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that

      (aa)    has either filed the complaint or made a motion in response to a notice . . .

      (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

      (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See generally Greebel*, 939 F. Supp. at 64.

    B.    <u>Movants Satisfy The Requirements Of The Act</u>

        1.    Movants Believe That They Have The Largest Financial Interest In The Relief Sought By The Class

One of the key factors in the selection of lead plaintiff under the PSLRA is the court's determination as to which person or group of persons has the largest financial interest in the relief sought by the class.

The "most adequate plaintiff" provision of the PSLRA provides that a court:

shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

§ 21D(a)(3)(B)(I). Moreover, pursuant to § 21D(a)(3)(B)(iii), the Court shall presume:

that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –

            \* \* \*

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class

Numerous courts have interpreted this language to mean that the person or group who has the largest financial stake in the litigation is presumed to be the "most adequate" plaintiff to represent the class. *See, e.g., In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *Lax*, 1997 U.S. Dist. LEXIS 11866 at \*3

(members of moving group with largest collective financial interest are presumptive lead plaintiffs).

Here, Movants have suffered a combined financial loss of $1,067,091.[4]  The PSLRA does not provide a method for determining the relative financial interests of lead plaintiff movants and courts are generally divided on how relative financial interest should be determined. Many courts have employed a four-factor analysis (*Lax* analysis) in determining a movant's financial interest. *Richardson v. TVIA, Inc.*, No. 06-07307, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. April 16, 2007) (noting that courts have typically considered the "Olsten-Lax" factors to determine who has the largest financial interest).  Under the four-factor analysis, courts consider the following to determine the largest financial interest: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (citing *Lax*, 1997 U.S. Dist. LEXIS 11866 at *17).  The fourth factor of this "Olsten-Lax" analysis, "approximate loss," is generally considered the most important factor. *Richardson*, 2007 U.S. Dist. LEXIS 28406 at *14.[5]

---

[4]  Where related actions allege different class periods, the class period used to calculate "the largest financial interest" is the longest one. *See, e.g., In re Party City Sec. Litig.*, 189 F.R.D. 91, 94 n.3 (D.N.J. 1999) ("The Catanzarite Action is relied upon for the purposes of this [lead plaintiff] motion because the class period alleged therein covers the longest class period alleged in the actions filed against the Defendants").  Here, the longest class period is August 31, 2006 to December 3, 2007, inclusive, and this is the period used to calculate Movants' financial interest in this action.

[5]  The term "approximate loss" is interpreted differently by different courts. *Compare Montoya v. Mamma.com, Inc.*, No. 05-cv-2313, 2005 U.S. Dist. LEXIS 10224, at *4 (S.D.N.Y. May 31, 2005) (Baer, J.) (applying FIFO methodology to determine approximate loss) and *In re Veeco Instruments, Inc. Sec. Litig.*, 233 F.R.D. 330 (S.D.N.Y. 2005) (McMahon, J.) (same) with *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100-02 (S.D.N.Y. 2005) (Scheindlin, J.) (using LIFO to determine approximate loss) and *In re Goodyear Tire & Rubber Co. Sec. Litig.*, No. 03-cv-2166, 2004 U.S. Dist. LEXIS 27043, at *23 (N.D. Ohio May 12, 2004) (same).

Movants' financial interest under the Olsten-Lax methodology is as follows:

| Movant/Name | (1) Number of shares purchased during class period | (2) Number of net shares purchased during class period | (3) Total net funds expended during class period | (4) Approximate losses suffered [6] |
|---|---|---|---|---|
| Steelworkers Pension Trust | 28,200 | 28,200 | $1,261,443.00 | $607,041.00 |
| The Policemen and Firemen Retirement System of the City of Detroit | 42,923 | 42,923 | $1,548,592.16 | $460,050.00 |
| **TOTAL:** | **71,123** | **71,123** | **$2,810,035.16** | **$1,067,091.00** |

Moreover, Movants held all of the shares purchased during the Class Period at the end of the Class Period, after the truth was disclosed. *See* Movants' Loss Calculations charts, Nicholas Decl. Ex. C.[7] *Id.*

Having together lost more than one million dollars, Movants have a substantial stake in the litigation. The legislative history of the PSLRA demonstrates that institutional investors like Movants are precisely the type of plaintiffs Congress sought to encourage to come forward. "[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." House Conference Report No. 104-369, 104th Cong. 1st Sess. at 34 (1995). *See also, e.g., In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42-43 (D. Mass. 2001); *Netsky v. Capstead Mortgage Corp.*, No. 98-cv-1716-L, 2000 U.S. Dist. LEXIS 9941 at *28 (N.D. Tex. July 12, 2000) ("Congress intended to increase the likelihood that parties with significant holdings in issuers, whose interests are more aligned with the class of shareholders, will participate in the litigation and exercise control

---

[6] Movants' losses were calculated using the "first-in first-out" ("FIFO") method. Steelworkers' losses of $607,041.00 were the same under for the FIFO and "last-in first-out" ("LIFO") methods. Detroit P&F's losses are $460,050.00 under FIFO and $421,331.05 under LIFO. *See* Nicholas Decl. Ex. C.

[7] Movants' losses were calculated by applying the PSLRA floating "average closing price" cap provisions of § 21D (e)(2)-(3). *See* Nicholas Decl. Ex. C. The Movants' actual out-of-pocket market losses were higher: Steelworkers' actual market loss was $649,907 (FIFO and LIFO analyses) and Detroit P&F's actual market loss was $476,987.81 (FIFO analysis) or $447,440.56 (LIFO analysis) for a total actual market loss of $1,126,894.81 under a FIFO analysis or $1,097,347.56 under a LIFO analysis.

. . ."); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214 (D.D.C. 1999). Thus, as contemplated by Congress, Movants will most effectively represent the interests of the plaintiff class.

As is evident from the statutory language, a group of lead plaintiffs may be appointed under the Act, and numerous courts have appointed small groups of plaintiffs as lead plaintiffs. *See, e.g., In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998) (appointing group of three as lead plaintiffs and finding that the interests of the class would be best served by the group of lead plaintiffs because of "the substantial benefits of joint decision-making and joint funding"); *In re Cephalon Sec. Litig.*, No. CIV. A. 96-cv-0633, 1996 WL 515203, at *1 (E.D. Pa. Aug. 27, 1996) ("Clearly, the Act does not preclude appointing more than one lead plaintiff.").

In the instant litigation, Movants constitute two institutional investors who share the common goal of pursuing this action on behalf of their members. They have decided to serve together to monitor and supervise their counsel and actively participate in the prosecution of this action. *See* Nicholas Decl. Ex. F, Joint Declaration of Ronald Zajac and Richard Hoffmann in Support of the Motion of the Steelworkers Pension Trust and the Police and Fire Retirement System of the City of Detroit for Appointment as Lead Plaintiffs. The appointment of Steelworkers and Detroit P&F as Lead Plaintiffs is consistent with the language of the PSLRA, case law authority, and the SEC's view on the subject. *See* Memorandum of SEC, Amicus Curiae attached to the court's opinion in *In re Baan*, 186 F.R.D. at 224 ("Construing the term 'group of persons' in light of the language and purposes of the Act, a court generally should only approve a group [as lead plaintiff unless it is] small enough to be capable of effectively managing the litigation and the lawyers. The Commission believes that ordinarily this should be no more than three to five persons, a number that will facilitate joint decision-making and also help to assure that each group member has a sufficiently large stake in the litigation.").

In addition, the proposed Lead Plaintiffs have selected and retained as their counsel Berger & Montague, P.C. and Bernstein Litowitz Berger & Grossmann LLP, both of whom are

highly experienced in prosecuting securities class actions.[8] *See* firm résumés, Nicholas Decl. Exs. D and E respectively.  Accordingly, the Movants satisfy the prerequisites for appointment as lead plaintiffs under section 21D(a)(3)(B).

2.    Movants Satisfy The Requirements Of
Rule 23 Of The Federal Rules Of Civil Procedure

Section 21(D)(3)(B) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the proposed class representatives.  Consequently, the typicality and adequacy requirements of Rule 23(a) are the main focus in deciding a motion to appoint lead plaintiff and examination of the remaining requirements is deferred until class certification.  *See, e.g., Richardson*, 2007 U.S. Dist. LEXIS 28406 at *15 (citing *In re Cavanaugh*, 306 F.3d at 730); *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 407 at n. 8 (D. Minn. 1998) ("a proposed Lead Plaintiff need only make a preliminary showing that he or she satisfies the typicality and adequacy requirements of Rule 23"); *Gluck*, 976 F. Supp. at 546.  As detailed below, Movants satisfy the typicality and adequacy requirements of Rule 23.

3.    Movants' Claims Are Typical
Of The Claims Of The Class

Generally, the test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and

---

[8] No local counsel is needed because several of Co-Lead Counsel's lawyers are admitted in the Northern District of California.

whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). *See also Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3rd Cir. 1985); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 923 (3d Cir. 1992); *In re Kirschner Medical Corp. Sec. Litig.*, 139 F.R.D. 74, 78-79 (D. Md. 1991); *Zinberg v. Washington Bancorp, Inc.*, 138 F.R.D. 397, 406-07 (D.N.J. 1990) (typicality satisfied if class representatives and its members point to the same broad course of alleged fraudulent conduct).

Movants satisfy this requirement because, just like all other class members, they: (1) purchased VeriFone stock during the class period; (2) at prices alleged artificially inflated by the false and misleading statements issued by defendants or by defendants' failure to disclose material information; and (3) suffered damages thereby.  Thus, their claims are typical of those of other class members since their claims and the claims of the other class members arise out of the same course of conduct by defendants.  Because Movants seek to prove that plaintiffs' claims arise from the same events, practice or course of conduct that give rise to the claims of the other class members, and because Movants' claims are based on the same legal theory, the typicality requirement of Rule 23(a)(3) is satisfied.  *See Richardson*, 2007 U.S. Dist. LEXIS 28406, at *17 (typicality satisfied where the proposed lead plaintiff shared substantially similar questions of law and fact with other members of the class and the claims arise from the same course of conduct by defendants).

### 4.    Movants Will Fairly And Adequately Represent The Interests Of The Class

Movants likewise satisfy the adequacy requirement of Rule 23.  Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class.  This requirement is met if "there are no conflicts between the representative and class interests and the representative's attorney's are qualified, experienced, and generally able to conduct the litigation." *Richardson*, 2007 U.S. Dist. LEXIS 28406 at *16 (citing Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

The PSLRA directs the Court to limit its inquiry regarding the adequacy of the proposed lead plaintiffs to represent the Class to the existence of any conflicts between the interests of proposed lead plaintiffs and the members of the Class, and then allow the lead plaintiff to retain lead counsel to represent the Class, "subject to the approval of the court." *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Here, Movants are clearly adequate to represent the Class because their interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. As investors in the artificially inflated publicly traded stock of VeriFone, and having suffered substantial losses upon the Company's corrective disclosures, Movants have an identity of interest with their fellow Class members. There are no facts suggesting that any actual or potential conflict of interest or other antagonism exists between the interests of the Movants and other Class members.

Further, as detailed below, Movants have selected Berger & Montague, P.C. and Bernstein Litowitz Berger & Grossmann LLP to represent them, firms that are highly experienced in prosecuting securities class actions. Movants' selection of highly experienced law firms as counsel likewise demonstrates their adequacy to oversee this action as Lead Plaintifffs.

IV.    **THIS COURT SHOULD APPROVE**
       **MOVANTS' CHOICE OF CO-LEAD COUNSEL**

The PSLRA vests authority in the lead plaintiff, subject to court approval, to select and retain lead counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb the proposed lead plaintiff's choice of counsel unless necessary to "protect the interests of the [plaintiff] class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Accordingly, Movants have selected and retained Berger & Montague, P.C. and Bernstein Litowitz Berger & Grossmann LLP as Co-Lead Counsel, both of whom possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud actions on behalf of injured investors. *See* Résumés of Berger & Montague, P.C. and Bernstein Litowitz Berger & Grossmann LLP (Nicholas Decl. Exs. D and E,

respectively).  Thus, the Court may be assured that, in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available.

Because there is nothing to suggest that Movants or their counsel will not fairly and adequately represent the Class, or that the Movants are subject to unique defenses, this Court should appoint Movants as Lead Plaintiffs and approve their selection of Berger & Montague, P.C. and Bernstein Litowitz Berger & Grossmann LLP as Co-Lead Counsel for the Class.

V.     THESE ACTIONS SHOULD BE CONSOLIDATED

On January 18, 2008, the parties filed a Stipulation and [Proposed] Order Consolidating Related Cases with Honorable Marilyn H. Patel.  As of this date, the Court has not ruled on the matter.

Consolidation pursuant to Fed. R. Civ. P. Rule 42(a), is appropriate when actions involve common questions of law and fact.  Moore, *Manual for Complex Litigation*, § 20.123, at 13-14 (3d ed. 1995).  Rule 42(a), provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trail of any or all of the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cots or delay.

Consolidation is common in federal securities class action cases.  *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998).  Indeed, § 21D(a)(3)(B) of the Exchange Act contemplates the consolidation of multiple actions "asserting substantially the same claim or claims."  Moreover, "[n]either Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated."  *In re Cendant*, 182 F.R.D. at 478.

"In securities actions where the complaints are based on the same 'public statements and reports,'" as here, "consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced."  *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (quoting *Lloyd v. Industrial Bio-Test Laboratories, Inc.*, 454 F. Supp. 807, 812 (S.D.N.Y. 1978)).  *Accord, e.g., In re Olsten*, 3 F. Supp. 2d at 292.

Further, "the facts and legal issues need not be identical to warrant consolidation." *Olsten*, 3 F. Supp. 2d at 293.

Consolidation of the cases is appropriate here. Each of the actions is based on substantially similar events and makes the same legal claims under the federal securities laws. The interests of economy and justice therefore militate strongly in favor of a consolidation order. The proposed Order accompanying Movants' motion consolidates these actions and establishes procedures governing consolidated pleadings and pretrial proceedings for the orderly conduct of this litigation. *See* Moore, *Manual For Complex Litigation*, §§ 41.2 & 41.31.

VI.    <u>CONCLUSION</u>

For all the foregoing reasons, Movants Steelworkers Pension Trust and the Police and Fire Retirement System of the City of Detroit respectfully request that the Court consolidate these actions and appoint them as Lead Plaintiffs under § 21D(a)(3)(B) of the PSLRA. The Movants further request that the Court approve their choice of Berger & Montague, P.C. and Bernstein Litowitz Berger & Grossmann LLP as Co-Lead Counsel for the Class.

Dated: February 4, 2008            Respectfully submitted,

                                   BERNSTEIN LITOWITZ BERGER
                                   & GROSSMANN LLP


                                        */s/ Timothy A. DeLange*
                                   TIMOTHY A. DeLANGE

                                   BLAIR A. NICHOLAS
                                   TIMOTHY A. DeLANGE
                                   12481 High Bluff Drive, Suite 300
                                   San Diego, CA 92130
                                   Tel:    (858) 793-0070
                                   Fax:    (858) 793-0323

                                   *Attorneys for the Police and Fire*
                                   *Retirement System of the City of Detroit*

BERGER & MONTAGUE, P.C.

_/s/ Sherrie R. Savett_
SHERRIE R. SAVETT

SHERRIE R. SAVETT
BARBARA A. PODELL
PHYLLIS M. PARKER
1622 Locust Street
Philadelphia, PA 19103
Tel:    (215) 875-3000
Fax:    (215) 875-4604

_Attorneys for Steelworkers Pension Trust_

**_Proposed Co-Lead Counsel_**