1  BERNSTEIN LITOWITZ BERGER
      & GROSSMANN LLP
2  BLAIR A. NICHOLAS   (Bar No. 178428)
   TIMOTHY A. DELANGE   (Bar No. 190768)
3  12481 High Bluff Drive, Suite 300
   San Diego, CA 92130
4  Tel:   (858) 793-0070
   Fax:   (858) 793-0323
5
   *Liaison Counsel for Proposed Lead Plaintiff*
6  *Steelworkers Pension Trust*

7  BERGER & MONTAGUE, P.C.
   SHERRIE R. SAVETT
8  BARBARA A. PODELL
   PHYLLIS M. PARKER
9  1622 Locust Street
   Philadelphia, PA 19103
10 Tel:   (215) 875-3000
   Fax:   (215) 875-4604
11
   *Counsel for Proposed Lead Plaintiff*
12 *Steelworkers Pension Trust*

13
                    UNITED STATES DISTRICT COURT
14
                    NORTHERN DISTRICT OF CALIFORNIA
15

16  IN RE VERIFONE HOLDINGS, INC.         Case No. C 07-6140 MHP
    SECURITIES LITIGATION
17                                         <u>CLASS ACTION</u>

18  This Document Relates To:              **RESPONSE OF STEELWORKERS PENSION TRUST TO LEAD PLAINTIFF MOTIONS**
19

20

21

22

23

24

25

26

27

28

# RESPONSE OF STEELWORKERS PENSION TRUST TO
## LEAD PLAINTIFF MOTIONS

Based on the pending motions for appointment as lead plaintiff, it appears that four movants assert a financial interest in this matter that is greater than that of the Steelworkers Pension Trust ("Steelworkers").[1] These four movants are: 1) the Israeli Institutional Investor Group; 2) Clal Finance Group; 3) National Elevator Industry Pension Fund ("National Elevator"); and 4) Westend Capital Management LLC.

Steelworkers believes that numerous questions have been raised by the motions of the Israeli Institutional Investors Group and the Clal Finance Group as to whether either of these movant groups satisfies the "typicality" and "adequacy" requirements of Rule 23(a).[2] Neither the Israeli Institutional Investor Group nor the Clal Finance Group has provided evidence that they are the beneficial owners of VeriFone stock. If they are investment managers or advisors and are not the beneficial owners, they have not provided evidence that they have authority to act as attorneys-in-fact for the beneficial owners. Based on the present record, it cannot be determined whether either the Israeli Institutional Investor Group or the Clal Finance Group[3] has standing to sue. *See Smith v. Suprema Specialties, Inc.* 206 F.Supp. 2d 627, 634-636 (D.N.J. 2002)(investment advisor was not entitled to lead plaintiff status because it did not suffer the loss it claimed nor did it submit evidence that it received permission to prosecute the litigation on its client's behalf); *Olsen v. New York Cmty Bancorp, Inc.*, 233 F.R.D. 101, 107 (E.D.N.Y. 2005)(investment advisor must have specific authority to sue on behalf of clients to have standing as lead plaintiff: "In order for an investment advisor to attain standing on behalf of

---

[1] Steelworkers' joint lead plaintiff applicant, Police and Fire Retirement System of the City of Detroit, has withdrawn its application to be appointed lead plaintiff.

[2] *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy **provides information** that satisfies these requirements, ["typicality" and "adequacy"], he becomes the presumptively most adequate plaintiff.") (emphasis added).

[3] With approximately 50 pages of transactions, the Clal Finance Batucha Investment Management also appears to be a day-trader in VeriFone stock, raising issues about its adequacy and typicality. *See Bank One S'holder Class Actions*, 96 F.Supp. 2d 780, 783-84 (N.D. Ill. 2000).

investors[,] the transactions in question must have been executed as if by a single person. Moreover, the advisor must be the attorney in fact for his clients, and he must be granted both unrestricted decision-making authority and the specific right to recover on behalf of his clients.").

Further, neither the Israeli Institutional Investor Group nor the Clal Finance Group has provided evidence that their respective groups are cohesive or have a structure in place that will enable either group to work together as a unified force to direct the litigation and monitor counsel. Neither has demonstrated that they can effectively manage the litigation with one voice. *See In re Gemstar-TV Guide International, Inc. Sec. Litig.*, 209 F.R.D. 447, 451 (C.D. Cal. 2002) (refusing to appoint a group of investors which provided "little detail concerning the procedures they have implemented to provide for the efficient prosecution of the action.") *See also Smith*, 206 F. Supp.2d at 635-36; *In re Lucent Technologies, Inc. Sec. Litig.*, 194 F.R.D. 137, 151 (D.N.J. 2000); *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 39, 45 (D. Mass. 2001); *Local 144 Nursing Home Pension Fund v. Honeywell Int'l. Inc.*, 2000 U.S. Dist. LEXIS 161712 at *13 (D.N.J. Nov. 16, 2000). Further, neither group has any apparent prior relationship or indeed any relationship other than their desire to serve as lead plaintiffs. *See Gemstar*, 209 F.R.D. at 452 (proposed lead plaintiffs "are largely unrelated and have few apparent connections beyond their common desire to be appointed lead plaintiffs in this action").

Steelworkers takes no position on the appointment of the other movants. However, should the Court determine that any of these movants is not adequate to represent the Class in this action, Steelworkers which has an actual market loss of $649,907 remains ready, willing and able to serve as lead or co-lead plaintiff and/or class representative and to protect the interest of the Class.

Dated: February 15, 2008                Respectfully submitted,

                                        BERNSTEIN LITOWITZ BERGER
                                        & GROSSMANN LLP


                                        /s/ Timothy A. DeLange
                                        TIMOTHY A. DeLANGE

1
2  BLAIR A. NICHOLAS
3  TIMOTHY A. DeLANGE
   12481 High Bluff Drive, Suite 300
   San Diego, CA 92130
4  Tel:   (858) 793-0070
   Fax:   (858) 793-0323
5
6  *Liaison Counsel for Proposed Lead Plaintiff
   Steelworkers Pension Trust*
7  BERGER & MONTAGUE, P.C.
8
           /s/ Sherrie R. Savett
9          SHERRIE R. SAVETT

10  SHERRIE R. SAVETT
    BARBARA A. PODELL
11  PHYLLIS M. PARKER
    1622 Locust Street
12  Philadelphia, PA 19103
    Tel:   (215) 875-3000
13  Fax:   (215) 875-4604

14  *Counsel for Proposed Lead Plaintiff
    Steelworkers Pension Trust*
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RESPONSE OF STEELWORKERS PENSION TRUST TO LEAD
PLAINTIFF MOTIONS                                                              -3-
Case No. C 07-6140 MHP