| | |
|---|---|
| Martin D. Chitwood | Robert C. Schubert (State Bar No. 62684) |
| (To Be Admitted *Pro Hac Vice*) | Juden Justice Reed (State Bar No. 153748) |
| mchitwood@chitwoodlaw.com | Willem F. Jonckheer (State Bar No. 178748) |
| James M. Wilson, Jr. | SCHUBERT & REED LLP |
| (To Be Admitted *Pro Hac Vice)* | Three Embarcadero Center, Suite 1650 |
| jwilson@chitwoodlaw.com | San Francisco, CA 94111 |
| CHITWOOD HARLEY HARNES LLP | Telephone: (415) 788-4220 |
| 2300 Promenade II | Facsimile: (415) 788-0161 |
| 1230 Peachtree Street, N.E. | |
| Atlanta, Georgia 30309 | Proposed Liaison Counsel |
| Telephone: (404) 873-3900 | |
| Facsimile: (404) 876-4476 | |

Gregory E. Keller (To Be Admitted *Pro Hac Vice)*
gkeller@chitwoodlaw.com
Darren T. Kaplan (To Be Admitted *Pro Hac Vice)*
dkaplan@chitwoodlaw.com
Eran Rubinstein (To be Admitted *Pro Hac Vice)*
erubinstein@chitwoodlaw.com
Susan Boltz Rubinstein
(To be Admitted *Pro Hac Vice)*
srubinstein@chitwoodlaw.com
11 Grace Avenue, Suite 306
Great Neck, New York 11021
Telephone: (516) 773-6090
Fax: (404) 876-4476

Attorneys for Movants and Proposed Lead Counsel

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE VERIFONE HOLDINGS, INC. SECURITIES LITIGATION ) ) ) ) ) ) ) ) This Document Relates To: ) ) All Actions ) ) ) ) ) ) ) | Master File No. C 07-6140 MHP  **CLASS ACTION**  **MEMORANDUM OF THE ISRAELI INSTITUTIONAL INVESTOR GROUP IN OPPOSITION TO THE COMPETING MOTIONS FOR LEAD PLAINTIFF APPOINTMENT**  DATE: March 17, 2008 TIME: 2:00 p.m. COURTROOM: 15 JUDGE: Hon. Marilyn Hall Patel |

Currently pending before this Court are eight competing applications for appointment as lead plaintiff in this class action litigation. The Israeli Institutional Investor Group ("Movants"), with losses amounting to $17,916,409, has the largest cognizable financial interest in this action and thus is the presumptive lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Additionally, the Israeli Institutional Investor Group easily satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. Furthermore, Movants have selected two highly experienced and competent firms to serve as Lead and Liaison Counsel. Consequently, this Court should appoint the Israeli Institutional Investor Group as Lead Plaintiff and approve Lead Plaintiff's selection of Lead and Liaison Counsel.

## STATEMENT OF ISSUES

The issues to be decided by the Court are: (1) the appointment of Lead Plaintiff; and (2) the approval of Lead Plaintiff's selection of Lead and Liaison Counsel.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

The case before the Court includes nine related securities class actions, which the Court consolidated on February 5, 2008. The consolidated action involves suits filed on behalf of purchasers of VeriFone Holdings, Inc. ("VeriFone") common stock against VeriFone and certain of its officers and directors (hereinafter "Defendants"). It is alleged that Defendants violated the federal securities laws by issuing materially false and misleading statements and omitting material information by overstating VeriFone's inventories and understating its cost of revenues. These misrepresentations and omissions falsely inflated VeriFone's revenues and earnings. The proposed class period is August 31, 2006 through December 3, 2007. On February 4, 2008, eight competing applications for appointment as lead plaintiff were filed in this litigation. As depicted in Table 1 below, the Israeli Institutional Investor Group suffered the largest losses, $17,916,409, as a result of Defendants' misrepresentations and omissions.

//

//

//

Memorandum of the Israeli Institutional Investor Group in Opposition to the Competing Motions for Lead Plaintiff Appointment. C 07-6140 MHP

1

| TABLE 1: SUMMARY OF CLAIMED LOSSES ||
|---|---|
| **Movant(s)** | **Claimed Losses** |
| The Israeli Institutional Investor Group | $17,916,409[1] |
| CLAL Finance Batucha Investment Management, Ltd. ("CLAL") and Direct Investment House (Providence Funds) Ltd. ("Direct") | $3,178,462[2] |
| National Elevator Industry Pension Fund ("National Elevator Fund") | $2,027,936 |
| Steelworkers Pension Trust and the Police and Fire Retirement System of the City of Detroit ("Steelworkers-Detroit P&F") | $1,067,091[3] |
| WestEnd Capital Management, LLC ("WestEnd") | $1,002,207 |
| Arkansas Public Employees' Retirement System | $619,122 |
| IBEW Local 363 Pension and Benefit Funds ("IBEW Funds") | $70,376 |
| Bryce and Debra Baldwin | $62,899 |

## ARGUMENT

### I. THE ISRAELI INSTITUTIONAL INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF IN ACCORD WITH THE PSLRA

The PSLRA creates a statutory presumption that the most adequate lead plaintiff is "the person or group of persons" who:

---

[1] The Israeli Institutional Investor Group is comprised of Prisma Provident Funds, Ltd. (loss of $7,388,977 under FIFO or LIFO), Harel Insurance Company (FIFO loss of $5,459,765; LIFO loss of $1,116,762); The Phoenix Insurance Company, Ltd. (loss of $2,607,957 under FIFO or LIFO), Harel Pia Mutual Funds (loss of $1,354,089 under FIFO or LIFO); and Prisma Mutual Funds, Ltd. (loss of $1,105,619 under FIFO or LIFO). Movants' combined estimated losses are $17,916,409 using the FIFO accounting method, and $13,573,404 using the LIFO accounting method.
The Israeli Institutional Investor Group calculated its losses using the longest class period alleged in a complaint against VeriFone – August 31, 2006 through December 3, 2007, inclusive. *See Lien v. VeriFone Holdings, Inc.*, 3:2007-CV-06195; *Westend Capital Mgt LLC v. VeriFone Holdings, Inc.*, 3:2007-CV-06237. While other complaints allege class periods of September 1, 2006 through November 30, 2007, and March 1, 2007 through November 30, 2007, the longest class period alleged is used for the purpose of the lead plaintiff motion. *See In re Party City Sec. Litig.*, 189 F.R.D. 91, 94 n.3 (D.N.J. 1999) ("The Catanzarite Action is relied upon for purposes of this motion because the class period alleged therein covers the longest class period alleged in the actions filed against the Defendants."); *see also In re Star Gas Sec. Litig.*, No. 04-CV-1766 (JBA), 2005 WL 818617 (D. Conn. Apr. 8, 2005) (using the longest class period alleged in determining the largest financial interest on lead plaintiff motion).

[2] CLAL's claimed losses are $2,513,721 and Direct's claimed losses are $664,741, for a combined claimed loss of $3,178,462.

[3] Steelworkers-Detroit P&F consists of two movants: Steelworkers Pension Trust (claimed loss of $607,041 under FIFO or LIFO) and Police and Fire Retirement System of the City of Detroit (claimed FIFO loss of $460,050; claimed LIFO loss of $421,331). Their combined claimed losses are $1,067,091 using the FIFO accounting method, and $1,028,372 using the LIFO accounting method. On February 14, 2008, one of the two movants, the Police and Fireman Retirement System of the City of Detroit, withdrew from the Steelworkes-Detroit P&F's motion to be appointed lead plaintiff, making the revised total claimed losses for this movant $607,041. (Docket No. 62.)

Memorandum of the Israeli Institutional Investor Group in Opposition to the Competing Motions for Lead Plaintiff Appointment. C 07-6140 MHP

2

1.   has either filed the complaint or made a motion in response to a notice…;

2.   has the largest financial interest in the relief sought by the class; and

3.   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Israeli Institutional Investor Group meets all of the requirements to be appointed as Lead Plaintiff.  As briefed in the Movants' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel (Docket #39) (hereinafter "Motion for Appointment"), Movants filed their motion in a timely manner.  Additionally, the Israeli Institutional Investor Group has the largest financial interest, by a substantial margin, in the relief sought by the potential class.  Furthermore, Movants easily satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23.

### A.   The Israeli Institutional Investor Group Indisputably Has The Largest Financial Interest And Is Thus Presumed To Be The Most Adequate Lead Plaintiff.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the Class member who represents the largest financial interests in the relief sought by the action.  *In re Gemstar-TV Guide Intl. Inc. Sec. Litig*., 209 F.R.D. 444, 450 (C.D. Cal. 2002).  The movant applying to be appointed lead plaintiff "that has suffered the greatest financial losses from the Defendant[s'] alleged conduct will naturally be the plaintiff with the largest financial interest in the relief sought…" *Erikson v. Cornerstone Propane Partners LP*, No. C 03-2522 MHP, C 03-3566 MHP, 2003 WL 22232387, at *2 (N.D. Cal. 2003) (citing *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)).

As shown in Table 1: Summary of Claimed Losses (above), the Israeli Institutional Investor Group suffered losses totaling $17,916,409 in connection with the purchase of VeriFone common stock during the Class Period.  No other lead plaintiff movant even comes close to the losses of the Israeli Institutional Investor Group.  Indeed, Prisma Provident Funds, Ltd. (a member of the Israeli Institutional Investor Group) alone suffered a loss of $7,388,977 – millions more than any other individual or group

Memorandum of the Israeli Institutional Investor Group in Opposition to the Competing Motions for Lead Plaintiff Appointment. C 07-6140 MHP

3

movant. The movants with the next largest loss after the Israeli Institutional Investor Group are CLAL and Direct, who claim only $3,178,462 in losses. Because the Israeli Institutional Investor Group sustained by far the largest loss of any lead plaintiff movant, it is the presumptive Lead Plaintiff.

### B.     The Israeli Institutional Investor Group Satisfies The Requirements Of Rule 23.

As briefed in its Motion for Appointment (Docket #39), the Israeli Institutional Investor Group meets the typicality and adequacy requirements of Rule 23.

#### 1.     Movants' claims are typical of those of other Class members.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied when "the claims or defenses of the representative party are typical of the claims or defenses of the class." Thus, "[t]he typicality requirement is satisfied when the named plaintiffs have (1) suffered the same injuries as the absent class members, (2) as a result of the same course of conduct, and (3) their claims are based on the same legal issues." *Armour v. Network Assoc.*, 171 F. Supp. 2d 1044, 1052 (N.D. Cal. 2001). This does not require that the representative claims be substantially identical, rather that they are "reasonable co-extensive with those of absent class members." *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011 (9th Cir. 1998).

The Israeli Institutional Investor Group's claims are typical of those of the proposed class. Movants' claims and damages arise from the same set of facts and under the same legal theories as for all other Class members. The Israeli Institutional Investor Group contends that Defendants violated applicable securities laws by publicly disseminating a series of materially false and misleading statements and omitting material facts in the Company's statements and financial projections. Like other members of the proposed Class, the damages suffered by the Movants resulted from Defendants' materially false and misleading statements and omissions. Consequently, the typicality requirement of Rule 23 does not stand in the way of the Court appointing the Israeli Institutional Investor Group as Lead Plaintiff.

#### 2.     The Israeli Institutional Investor Group will adequately represent the Class.

Rule 23(a)(4) establishes that the representative parties must fairly and adequately protect the interests of the Class. "This determination focuses around two questions: (1) do the interests of the class

Memorandum of the Israeli Institutional Investor Group in Opposition to the Competing Motions for Lead Plaintiff Appointment. C 07-6140 MHP

representative coincide with those of the class, and (2) does the representative have the ability to prosecute the action vigorously through the services of competent counsel." *Armour*, 171 F. Supp. 2d at 1052. Movants are well situated to adequately represent the interests of the Class.

As explained above and in Movants' Motion for Appointment, the Israeli Institutional Investor Group is an adequate representative of the Class because it shares common questions of law and fact with the members of the Class, and its claims are typical of the claims of other Class members. Moreover, as evidenced by the large damages suffered by the Israeli Institutional Investor Group as a result of purchasing VeriFone common stock at artificially inflated prices, the interests of Movants are aligned clearly with those of the members of the Class.

Furthermore, the legislative history of the PSLRA demonstrates that Congress intended to encourage large institutional investors, such as the Israeli Institutional Investor Group, to serve as lead plaintiffs. *In re Versata, Inc., Sec. Litig.*, No. C 01-1439 SI, 2001 WL 34012374, at *6 (N.D. Cal. August 20, 2001) ("Congress intended that the lead plaintiff procedures under the PSLRA would 'encourage institutional investors to take a more active role in securities class action lawsuits.'") Indeed, courts have recognized that institutional investors are prototypical lead plaintiffs. *Id.*, at *7 (court appointed group consisting of one individual investor and two foreign institutional investors as lead plaintiffs). As Congress noted in the Statement of Managers of the PSLRA:

> Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.

H.R. REP. NO. 104-369, at 34 (1995) (Conf. Rep.) (emphasis added). Similarly, the Senate Report on the PSLRA states in pertinent part:

> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts.
>
> Institutions with large stakes in class actions have much the same interest as the plaintiff class generally. . . .

S. REP. NO. 104-98, at 11 (1995) (emphasis added). As institutional investors, the members of the Israeli Institutional Investor Group are prototypical lead plaintiffs under the PSLRA because they have a

Memorandum of the Israeli Institutional Investor Group in Opposition to the Competing Motions for Lead Plaintiff Appointment. C 07-6140 MHP

5

significant interest in seeking financial redress and will represent the interests of the Class effectively by directing and controlling the litigation.

Finally, the Israeli Institutional Investor Group has selected highly capable counsel through which it will prosecute this action vigorously.

## II. THE COURT SHOULD APPROVE MOVANTS' SELECTION OF LEAD AND LIAISON COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. *Gerin v. Aegon USA, Inc.*, No. C 06-5407 SBA, 2007 WL 108451, at *5 (N.D. Cal. Jan. 10, 2007). In that regard, Movant has selected and retained Chitwood Harley Harnes LLP ("Chitwood") to serve as Lead Counsel for the Class and Schubert & Reed LLP to serve as Liaison Counsel.

Chitwood has extensive experience in prosecuting complex securities actions and is well qualified to represent the Class. *See* Chitwood Decl. at Exhibit C (Docket #41). In its home jurisdiction, the Northern District of Georgia, Chitwood leads approximately 95% of all securities class actions. The firm has served as lead or co-lead counsel in many high profile class actions throughout the country, including the Northern District of California, recovering billions of dollars for investors and others harmed by corporate mismanagement and has forced a number of important corporate reforms. For example, as sole lead counsel in *Providian Financial Corp. Sec. Litig.*, No. C-01-3952-CRB (N.D. Cal.), Chitwood obtained a $65 million recovery for the class. At the conclusion of *Providian*, United States District Judge Charles L. Brieant stated, "[class counsel] working on this case . . . [have] been in my view excellent" and "[I] want[ed] to make note that all of you did a fine job and it is really a pleasure to work with you over half a decade." In addition, as co-lead counsel in *In re Bank of America Sec. Litig.*, MDL No. 1264 (E.D. Mo.), Chitwood obtained a $490 million recovery for the class; and as co-lead counsel in *Oxford Health Plans, Inc. Sec. Litig.*, MDL No. 1222 (CLB) (S.D.N.Y.), the firm secured a $300 million recovery for the class.

Finally, Israeli Institutional Investor Group's choice of Liaison Counsel, the San Francisco based law firm of Schubert & Reed, specializes in the nationwide prosecution of securities fraud class actions,

Memorandum of the Israeli Institutional Investor Group in Opposition to the Competing Motions for Lead Plaintiff Appointment. C 07-6140 MHP

6

shareholder derivative actions, antitrust litigation, unpaid overtime class actions, consumer fraud, defective product class actions and other representative actions. Thus, the putative class will be well represented if Israeli Institutional Investor Group's choice of Lead and Liaison Counsel is approved.

## CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court:

1. deny the competing motions for Lead Plaintiff appointment;
2. appoint the Israeli Institutional Investor Group as Lead Plaintiff pursuant to § 21(D)(a)(3)(B) of the PSLRA; and
3. approve Movants' choice of Chitwood Harley Harnes LLP as Lead Counsel and Schubert & Reed LLP as Liaison Counsel, pursuant to § 21(D)(a)(3)(B)(v) of the PSLRA.

Dated: February 15, 2008　　　　　　　　　Respectfully submitted,
**SCHUBERT & REED LLP**

By:　　s/ Juden Justice Reed
Robert C. Schubert (State Bar No. 62684)
Juden Justice Reed (State Bar No. 153748)
Willem F. Jonckheer (State Bar No. 178748)
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile:  (415) 788-0161

*Proposed Liaison Counsel*

**CHITWOOD HARLEY HARNES LLP**
Martin D. Chitwood
James M. Wilson, Jr.
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 873-3900
Facsimile:  (404) 876-4476

**CHITWOOD HARLEY HARNES LLP**
Gregory E. Keller
Darren T. Kaplan
Eran Rubinstein
Susan Boltz Rubinstein

Memorandum of the Israeli Institutional Investor Group in Opposition to the Competing Motions for Lead Plaintiff Appointment. C 07-6140 MHP

7

11 Grace Avenue, Suite 306
Great Neck, New York 11021
Telephone: (516) 773-6090
Fax: (404) 876-4476

*Counsel for Movants and Proposed Lead Counsel*

Memorandum of the Israeli Institutional Investor Group in Opposition to the Competing Motions for Lead Plaintiff Appointment. C 07-6140 MHP

8

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2008, I electronically filed the foregoing Memorandum of the Israeli Institutional Investor Group in Opposition to the Competing Motions for Lead Plaintiff Appointment with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record for Civil Action No .3:07-CV-06140:

| | |
|---|---|
| Nicole C. Lavalle<br>nlavalle@bermanesq.com<br>Joseph J. Tabacco, Jr.<br>jtabacco@bermanesq.com<br>Berman DeValerio, et al.<br>425 California St., Suite 2100<br>San Francisco, CA 94104 | Laurence D. King<br>lking@kaplanfox.com<br>Linda M. Fong<br>lfong@kaplanfox.com<br>Kaplan Fox & Kilsheimer LLP<br>350 Sansome St., Suite 400<br>San Francisco, CA 94104 |
| Alan R. Plutzik<br>aplutzik@bramsonplutzik.com<br>Lawrence T. Fisher<br>ltfisher@dbramsonplutzik.com<br>Schiffrin Barroway, et al.<br>2125 Oak Grove Rd., Suite 120<br>Walnut Creek, CA 94598 | Shawn A. Williams<br>shawnw@csgrr.com<br>Couglin Stoia, et al.<br>100 Pine St., Suite 2600<br>San Francisco, CA 94111 |
| Reed R. Kathrein<br>reed@hbsslaw.com<br>Hagens Berman, et al.<br>715 Hearst Ave., Suite 202<br>Berkeley, CA 94710 | Daniel C. Girard<br>girardgibbs@girardgibbs.com<br>Aaron M. Sheanin<br>ams@girardgibbs.com<br>Jonathan K. Levine<br>jkl@girardgibbs.com<br>Girard Gibbs LLP<br>601 California St., Suite 1400<br>San Francisco, CA 94108 |
| Lewis S. Kahn<br>Lewis.kahn@kgscounsel.com<br>Kahn Gauthier Swick LLC<br>650 Poydras St., Suite 2150<br>New Orleans, LA 70130 | Michael H. Steinberg<br>steinbergm@sullcrom.com<br>Brendan P. Cullen<br>cullenb@sullcrom.com<br>Sullivan & Cromwell<br>1888 Century Park East<br>Los Angeles, CA 90067 |
| Steve W. Berman<br>steve@hbsslaw.com<br>Hagens Berman, et al.<br>1301 Fifth Ave., Suite 2900<br>Seattle, WA 98101<br>700 Stewart St.<br>Seattle, WA 98101 | |

Memorandum of the Israeli Institutional Investor Group in Opposition to the Competing Motions for Lead Plaintiff Appointment. C 07-6140 MHP

9

| | |
|---|---|
| Francis A. Bottini, Jr.<br>frankb@johnsonbottini.com<br>Frank J. Johnson<br>frankj@johnsonbottini.com | Johnson Bottini, LLP<br>655 W. Broadway, Suite 1400<br>San Diego, CA  92101 |

and I have mailed the foregoing document by United States Postal Service, by first class mail, postage prepaid, to the following attorneys:

| | |
|---|---|
| D. Seamus Kaskela<br>Richard A. Maniskas<br>Schiffrin Barroway Topaz & Kessler LLP<br>280 King of Prussia Road<br>Radnor, PA  29087 | David C. Walton<br>Darren Jay Robbins<br>Coughlin Stoia Geller et al<br>655 West Broadway<br>Suite 1900<br>San Diego, CA  92101-3301 |
| Jeffrey P. Campisi<br>Joel B. Strauss<br>Kaplan, Fox & Kilsheimer LLP<br>850 Third Avenue<br>14th Floor<br>New York, NY  10022 | Karen Hanson Riebel<br>Lockridge Grindal Nauen<br>100 Washington Avenue, S.<br>Suite 2200<br>Minneapolis, MN  55401-2179 |
| Jeffrey A. Klafter<br>Klafter & Olsen LLP<br>1311 Mamaroneck Avenue<br>Suite 220<br>White Plains, NY  10605 | Brett Michael Weaver<br>Derek J. Wilson<br>Johnson Bottini, LLP<br>655 West Broadway<br>Suite 1400<br>San Diego, CA  92101 |

This 15th day of February, 2008.

         s/ Juden Justice Reed
        Juden Justice Reed
        **SCHUBERT & REED LLP**
        Three Embarcadero Center, Suite 1650
        San Francisco, CA 94111
        Telephone: (415) 788-4220
        Facsimile:  (415) 788-0161

Memorandum of the Israeli Institutional Investor Group in Opposition to the Competing Motions for Lead Plaintiff Appointment. C 07-6140 MHP