Joseph W. Cotchett
Mark Molumphy
**COTCHETT, PITRE & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, California  94010
Telephone:     (650) 697-6000
Facsimile:     (650) 697-0577

Stanley M. Grossman
Marc I. Gross
Jeremy A. Lieberman
**POMERANTZ HAUDEK BLOCK**
  **GROSSMAN & GROSS LLP**
100 Park Avenue
New York, New York 10017-5516
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

Patrick V. Dahlstrom
Joshua B. Silverman
**POMERANTZ HAUDEK BLOCK**
  **GROSSMAN & GROSS LLP**
One North LaSalle Street
Suite 2225
Chicago, Illinois 60602
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

**Attorneys for Plaintiff CLAL Finance
Batucha Investment Management Ltd.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE VERIFONE HOLDINGS, INC. SECURITIES LITIGATION, | ) ) ) ) ) ) ) |  No. C 07-06140 MHP  Honorable Marilyn Hall Patel  Courtroom 15 |

_____

**DECLARATION OF PATRICK V. DAHLSTROM IN SUPPORT OF
THE MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER
SUPPORT OF CLAL FINANCE BATUCHA INVESTMENT MANAGEMENT,
LTD.'S AND DIRECT INVESTMENT HOUSE (PROVIDENCE FUNDS) LTD.'S
MOTION TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD COUNSEL**

DECLARATION OF PATRICK V. DAHLSTROM IN FURTHER SUPPORT OF THE MOTION TO APPOINT
CLAL FINANCE BATUCHA INVESTMENT MANAGEMENT, LTD., AND DIRECT INVESTMENT HOUSE
(PROVIDENCE FUNDS), LTD., AS LEAD PLAINTIFF

1    I, Patrick V. Dahlstrom, hereby declare as follows:

2        1.      I am a member the firm of Pomerantz Haudek Block Grossman & Gross LLP,

3    counsel on behalf of CLAL Batucha Investment Management, Ltd and Direct Investment House

4    (Providence Funds), Ltd. I make this Declaration in further support of the motion by CLAL

5    Batucha Investment Management, Ltd., and  Direct Investment House (Providence Funds), Ltd.

6    for appointment as lead plaintiff and for approval of their selection of Pomerantz Haudek Block

7    Grossman & Gross LLP as Lead Counsel and Cotchett, Pitre, Simon & McCarthy as Local

8    Counsel for the Class.

9        2.      Attached hereto as Exhibit A is a true and correct copy of the Order Appointing

10   Lead Plaintiff and Approving Lead Plaintiff's Choice of Lead Counsel entered on the docket on

11   November 17, 2000 in *In re Pacific Gateway, Inc., Securities Litigation*, No. C 00-1211 PJH.

12       I declare under the penalty of perjury that the foregoing is true and correct.  Executed on

13   February 19, 2008, at Chicago, Illinois.

14

15                                                          *s/Patrick V. Dahlstrom*
16                                                          Patrick V. Dahlstrom

17

18

19

20

21

22

23

24

25

26

27   DECLARATION OF PATRICK V. DAHLSTROM IN SUPPORT OF THE MOTION TO APPOINT CLAL
     FINANCE BATUCHA INVESTMENT MANAGEMENT, LTD., AND DIRECT INVESTMENT HOUSE
28   (PROVIDENCE FUNDS), LTD., AS LEAD PLAINTIFF

# EXHIBIT A

1
2
3                                                                F I L E D
4
5                                                            NOV 1 7 2000
        UNITED STATES DISTRICT COURT    RICH...D W....ING
6                                                   CLERK U.S. DISTRICT COURT
        NORTHERN DISTRICT OF CALIFORNIA    NORTHERN DISTRICT OF CALIFORNIA
7
8
9
10
   In re PACIFIC GATEWAY EXCHANGE,
11  INC., SECURITIES LITIGATION                    No. C-00-1211 PJH
12  _____          ORDER APPOINTING LEAD
                                                   PLAINTIFF AND APPROVING
13  This Document Relates To:                      LEAD PLAINTIFF'S CHOICE
                                                   OF LEAD COUNSEL
    ALL ACTIONS.
14  _____/

15          This action consolidates 19 complaints alleging violations of the federal securities

16  laws.  Plaintiffs are purchasers of stock of defendant Pacific Gateway Exchange during the

17  period May 13, 1999, through March 31, 2000.  Now before the court is the motion of

18  plaintiff Kinetics Asset Management ("Kinetics"), and the competing motion of plaintiffs

19  Joseph W. Sowell, Jr. and Robert F. Sowell ("the Sowells"), for appointment as lead

20  plaintiff in the above-entitled proposed class action (Docket Nos. 9 and 13).  The court

21  heard argument on the motions on September 13, 2000, and requested supplemental

22  briefing on certain issues raised during the hearing.  Having read the parties' papers and

23  carefully considered their arguments and the relevant legal authority, and good cause

24  appearing, the court hereby orders as follows.

25          The Securities Exchange Act, as amended by the Private Securities Litigation

26  Reform Act of 1995 ("PSLRA"), requires prompt publication of notice advising class

27  members of their right to move within 60 days of publication to be appointed lead plaintiff.

28  See 15 U.S.C. § 78u-4(a)(3)(A)(i).  This notice is to be published by the first plaintiff to file

United States District Court
For the Northern District of California

1   an action in the district court, and the publication is to be made "in a widely circulated

2   national business-oriented publication or wire service." Id.

3        On April 7, 2000, plaintiff in the first-filed action herein, Winnick v. Pacific Gateway

4   Exchange, et al., Case No. C-00-1211 PJH, published a notice of pendency of action in

5   Business Wire. That notice advised class members of the existence of the lawsuit and

6   described the claims asserted. Sixty days later, on June 7, 2000, three applications

7   seeking appointment as lead plaintiff were filed with the court. At the time that Kinetics

8   filed its application, it had not yet filed a complaint. Prior to the September 13, 2000,

9   hearing, one of the applications was withdrawn, leaving the two now under consideration.

10        The PSLRA provides that "as soon as practicable" after a motion to consolidate has

11   been decided, the district court shall appoint a lead plaintiff "that the court determines to

12   be most capable of adequately representing the interests of the class members." 15

13   U.S.C. § 78u-4(3)(B)(i) and (ii). In making this determination, the court is to apply a

14   rebuttable presumption that the most adequate plaintiff is the applicant that "in the

15   determination of the court" has the largest financial interest in the relief sought, and

16   otherwise meets the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C.

17   § 78u4(a)(3)(B)(iii)(I). This presumption can be rebutted by a showing that the

18   presumptive candidate will not fairly and adequately represent the class, or is subject to

19   unique defenses. See 15 U.S.C. § 78-u4(a)(3)(B)(iii)(II).

20        In this case, Kinetics and the Sowells argue, in their respective competing motions,

21   that they have the largest financial interest in the relief sought, and therefore, are entitled

22   to the statutory presumption that they are the "most adequate" to serve as lead plaintiff.

23   Kinetics claims a loss of approximately $623,000 from purchases made on May 13, 1999.

24   Kinetics also urges the court to consider extending the class period back to April 13, 1999,

25   and claims further losses in excess of $10 million for the period from April 13 to May 13,

26   1999.

27        The Sowells claim a loss of approximately $103,000 during the period from May 13,

28   1999, to March 31, 2000. The Sowells argue that Kinetics does not have the greatest

United States District Court
For the Northern District of California

2

United States District Court

For the Northern District of California

1   financial interest because Kinetics purchased no stock after the issuance of the alleged

2   false and misleading statement that initiated the class period – the May 13, 1999, public

3   announcement of "record" revenues for the first quarter of 1999. The Sowells contend that

4   because the announcement was released after the close of stock trading on May 13, it

5   would have been impossible for any Pacific Gateway stock to have been purchased on

6   that date in reliance on the public announcement, and that the first opportunity for any

7   purchases based on the announcement of "record" 1Q99 revenues was May 14, 1999.

8   The Sowells also argue, on the same basis, that Kinetics is neither sufficiently typical nor

9   adequate, as required by Rule 23.

10      Kinetics responds that its purchases on May 13, 1999, should be considered in

11  determining which party incurred the largest financial loss during the class period because

12  notice for these lawsuits establishes the class period as starting on May 13, not on May

13  14, and because 18 of the 19 complaints filed allege the start of the class period as May

14  13.[1]  Kinetics contends that the fact that the market had closed before the issuance of the

15  alleged false and misleading statement is irrelevant, and that all that is required is that the

16  stock be artificially inflated on the date alleged.

17      The basis of the complaint filed by the plaintiff in <u>Winnick</u> is that Pacific Gateway

18  issued false and misleading statements regarding its earnings, commencing with the

19  statement issued after the market closed on May 13, 1999, and continuing until March 31,

20  2000, when the company allegedly publicly revealed that its reported income for the first,

21  second, and third quarters of 1999 had been overstated. As the court understands the

22  allegations, the relief sought by the class is the recovery of losses incurred as a result of

23  the issuance of the allegedly false reports (commencing on May 13, 1999). The court

24  finds that Kinetics has not established that it has the largest financial interest in the relief

25

26      [1]  Kinetics' own complaint, <u>Kinetics Asset Management, Inc. v. Pacific Gateway</u>

27  <u>Exchange, Inc., et al.</u>, C-00-2165 PJH, filed June 16, 2000, is the exception. Kinetics claims
    that the class period began on April 13, 1999, based on allegations that a Paine Webber

28  analyst issued favorable reports on April 13 and May 5, following conversations with three of
    the individual defendants.

**United States District Court**
For the Northern District of California

1 | sought by the class because it has not shown that it purchased stock following the

2 | issuance of these allegedly false and misleading statements.[2]

3 |      The court finds further that the Sowells have the largest financial interest in the

4 | relief sought by the class, and that they satisfy the requirements of Rule 23.  Accordingly,

5 | the court finds that the motion of plaintiffs Joseph W. Sowell, Jr., and Robert F. Sowell for

6 | appointment as lead plaintiffs should be GRANTED, and that their selection of the law firm

7 | of Berman, DeValerio, Pease & Tabacco, P.C., should be approved as lead counsel for the

8 | class.

9

10 | **IT IS SO ORDERED.**

11 | Dated: November 17, 2000

12 |                                  PHYLLIS J. HAMILTON
                                 United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25 | Copies mailed to counsel of record

26

27 |     [2] The Sowells contend that Kinetics' last purchase of Pacific Gateway stock was on May 13, 1999, and Kinetics' argument in support of its reply to the Sowells' opposition to

28 | Kinetics' motion concurs with the Sowells' assertion.  See Reply, filed herein on October 11, 2000, at 1.

4