1 | COUGHLIN STOIA GELLER
  |   RUDMAN & ROBBINS LLP
2 | CHRISTOPHER P. SEEFER (201197)
  | 100 Pine Street, Suite 2600
3 | San Francisco, CA 94111
  | Telephone: 415/288-4545
4 | 415/288-4534 (fax)
  | chriss@csgrr.com
5 |         – and –
  | RAMZI ABADOU (222567)
6 | 655 West Broadway, Suite 1900
  | San Diego, CA 92101
7 | Telephone: 619/231-1058
  | 619/231-7423 (fax)
8 | ramzia@csgrr.com

9 | [Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re VERIFONE HOLDINGS, INC. SECURITIES LITIGATION | ) ) ) | Master File No. 3:07-cv-06140-MHP |
|---|---|---|
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | THE NATIONAL ELEVATOR INDUSTRY PENSION FUND'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF |
| ALL ACTIONS. | ) ) ) | |

DATE: March 17, 2008
TIME: 2:00 p.m.
COURTROOM: 15
    Honorable Marilyn Hall Patel

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ............................................................................................................... 1

II.  ARGUMENT ...................................................................................................................... 3

     A.   The National Elevator Fund Is the "Most Adequate Plaintiff" ............................... 3

     B.   Neither the CLAL Batucha Group Nor the Harel Group Should be
          Appointed As Lead Plaintiff .................................................................................... 4

          1.   The CLAL Batucha Group Is "Subject to Unique Defenses" ...................... 4

          2.   The Harel Group Has Not Demonstrated Its Cohesiveness and Its
               Members Are Otherwise Atypical ............................................................... 7

III. CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

## CASES

*Apple v. LJ Int'l, Inc.*,
  2008 U.S. Dist. LEXIS 12618 (C.D. Cal. 2008)................................................................6

*Aronson v. McKesson HBOC, Inc.*,
  79 F. Supp. 2d 1146 (N.D. Cal. 1999) ................................................................................8

*Borochoff v. Glaxosmithkline PLC*,
  246 F.R.D. 201 (S.D.N.Y. 2007) ........................................................................................9

*Cortese v. Radian Group, Inc.*,
  2008 U.S. Dist. LEXIS 6958 (E.D. Pa. 2008) ....................................................................7

*Ezra Charitable Trust v. Rent-Way, Inc.*,
  136 F. Supp. 2d 435 (W.D. Pa. 2001)...............................................................................12

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  903 F.2d 176 (2d Cir. 1990) .............................................................................................10

*In re Bally Total Fitness Sec. Litig.*,
  2005 U.S. Dist. LEXIS 6243 (N.D. Ill. 2005) ....................................................................5

*In re Bank One S'holders Class Actions*,
  96 F. Supp. 2d 780 (N.D. Ill. 2000) ...................................................................................6

*In re Cardinal Health, Inc. Sec. Litig.*,
  226 F.R.D. 298 (S.D. Ohio 2005) ...................................................................................7, 9

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .................................................................................5, 6, 7, 9

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ...............................................................................................6

*In re Critical Path, Inc.*,
  156 F. Supp. 2d 1102 (N.D. Cal. 2001) .............................................................................6

*In re Enron Corp., Sec. Litig.*,
  206 F.R.D. 427 (S.D. Tex. 2002)..................................................................................5, 11

*In re Espeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005) .....................................................................................6, 9

*In re Gemstar-TV Guide Int'l, Sec. Litig.*,
  209 F.R.D. 447 (C.D. Cal. 2002) .......................................................................................8

*In re HealthSouth Corp. Sec. Litig.*,
  213 F.R.D. 447 (N.D. Ala. 2003)........................................................................................9

**Page**

*In re Indep. Energy Holdings PLC, Sec. Litig.*,
 210 F.R.D. 476 (S.D.N.Y. 2002) ...................................................................................9

*In re Lernout & Hauspie Sec. Litig.*,
 138 F. Supp. 2d 39 (D. Mass. 2001) ............................................................................11

*In re Network Assocs. Sec. Litig.*,
 76 F. Supp. 2d 1017 (N.D. Cal. 1999) ................................................................. passim

*In re Peregrine Sys. Sec. Litig.*,
 2002 U.S. Dist. LEXIS 27690 (S.D. Cal. 2002) .....................................................11, 12

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
 219 F.R.D. 343 (D. Md. 2003) ................................................................................9, 10

*In re Tarragon Corp. Sec. Litig.*,
 2007 U.S. Dist. LEXIS 91418 (S.D.N.Y. 2007) ............................................................8

*In re Waste Mgmt., Inc. Sec. Litig.*,
 128 F. Supp. 2d 401 (S.D. Tex. 2000) .........................................................................11

*Richardson v. TVIA, Inc.*,
 2007 US. Dist. LEXIS 28406 (N.D Cal. 2007). .............................................................7

*Schriver v. Impac Mortgage Holdings, Inc.*,
 2006 U.S. Dist. LEXIS 40607 (C.D. Cal. 2006) ......................................................8, 11

*Shiring v. Tier Techs., Inc.*,
 244 F.R.D. 307 (E.D. Va. 2007) ..................................................................................10

*Smith v. Suprema Specialties, Inc.*,
 206 F. Supp. 2d 627 (D.N.J. 2002) ..........................................................................9, 11

*Wenderhold v. Cylink Corp.*,
 188 F.R.D. 577 (N.D. Cal. 1999) .................................................................................11

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
 §78u-4(a)(3)(B)(iii)(II)(aa)-(bb) .....................................................................................6

**RULES**

Federal Rule of Civil Procedure
 Rule 23 ...................................................................................................................5, 6, 7

Local Rule
 7-3 ..................................................................................................................................1

**Page**

**LEGISLATIVE HISTORY**

H.R. Conf. Rep. No. 104-67 (1995),
  *reprinted in* 1995 U.S.C.C.A.N. 730 ...........................................................................................7

## I. INTRODUCTION

On February 15, 2008, only two of the initial eight lead plaintiff applicants filed opposition memoranda: (i) the National Elevator Industry Pension Fund (hereinafter, the "National Elevator Fund"); and (ii) a "group" comprised of The Phoenix Insurance Company, Ltd.; Prisma Provident Funds, Ltd.; Prisma Mutual Funds, Ltd., Harel Insurance Co., and Harel Pia Mutual Funds (the "Harel Group").[1] The only other remaining movant – CLAL Finance Batucha Investment Mgmt., Ltd. and Direct Investment House (Providence Funds) Ltd. (the "CLAL Batucha Group") – filed its opposition on February 19, 2008 (*i.e.*, more than 21 days before the March 17, 2008 hearing date). *See* LR 7-3 ("Any opposition to a motion must be served and filed not less than 21 days before the hearing date.").[2]

Nevertheless, of those that filed opposition memoranda, all agree that, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the presumptively "most adequate plaintiff" is the person that has the largest financial interest in the relief sought by the class, ***and*** otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Nor is there any dispute that, to be appointed, a lead plaintiff must be free of "unique defenses" that could later jeopardize class' interests. *See In re Bally Total Fitness Sec. Litig.*, 2005 U.S. Dist. LEXIS 6243, at *19 (N.D. Ill. 2005) ("The PSLRA . . . provides that we ask simply whether [a movant] *is likely* to be 'subject to' . . . unique defense[s] . . .

---

[1] On February 14, 2008, Police and Fire Retirement System of the City of Detroit filed a Notice of Withdrawal of the Police and Fire Retirement System of the City of Detroit for Appointment of Lead Plaintiff and Approval of Its' Selection of Lead Counsel. **Docket #62**. On February 15, 2008, the Steelworkers Pension Trust filed a response raising concerns with CLAL Batucha Finance and the Israeli Institutional Investor Group. **Docket #64**. On February 15, 2008, the IBEW Local 363 Pension and Benefit Fund filed a memorandum "not specifically oppos[ing] any of the other movants' applications for lead plaintiff positions and appointment of their counsel as lead counsel." **Docket #67**. On February 19, 2008, Bryce and Debra Baldwin filed a Notice [of] Withdrawal of Motion of Bryce and Debra Baldwin for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel. **Docket #74**. Finally, the Arkansas Public Employees' Retirement System did not file an opposition memorandum.

[2] *See also* Clerk's Notice (Rescheduling Motion Hearing) dated February 13, 2008 ("Please note that only the hearing date is being rescheduled; the briefing schedule pursuant to the original hearing [March 10, 2008] date remains in effect."). **Docket #59**.

[not that] the defense is likely to succeed.").[3] Here, the National Elevator Fund should be appointed lead plaintiff because it has the largest financial interest of any movant that otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). Indeed, no other applicant has raised any unique defense that could be levied against it.

By contrast, the CLAL Batucha and Harel Groups – groups comprised entirely of Israeli fund managers, advisors and insurance entities – suffer from a host of serious Rule 23 defects that should preclude their appointment. *See In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1027-28 (N.D. Cal. 1999) (rejecting foreign "insurance" entity as lead plaintiff). For example, on December 4, 2007 (the end of the proposed Class Period), CLAL Batucha issued an analyst report that "***raised its rating for VeriFone to 'buy'*** from 'underperform' after the company said it [would] restate some financial statements and delay reporting its fourth-quarter results." *See* Declaration of Ramzi Abadou in Support of the National Elevator Fund's Reply Memorandum in Further Support of Its Motion for Appointment as Lead Plaintiff ("Abadou Decl."), Exs. A-B. If appointed, defendants will persuasively and vigorously attack CLAL Batucha to the detriment of the class for recommending VeriFone stock to shareholders after the Company's initial public disclosure of its accounting and other improprieties. *See, e.g.*, *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 455-56 (S.D. Tex. 2002) (rejecting an investor who bought stock "after the initial public disclosure regarding Enron's overstatement of its assets").

Similarly, the Harel Group's motion should be denied due to concerns regarding its members' standing to sue and attorney-in-fact authority to claim investment losses, as well as for its failure to present any evidence regarding its formation or composition as a "group." *See* §II.B.2, *infra*; The National Elevator Industry Pension Fund's Omnibus Opposition to All Other Motions for Appointment as Lead Counsel ("National Elevator Fund Opp.") at 8-9; *In re Bank One S'holders Class Actions*, 96 F. Supp. 2d 780, 784 (N.D. Ill. 2000) (fund manager is "not simply a buyer for its own account, standing instead in the place of whatever number of investors are participants in its

---

[3] Unless otherwise noted all emphasis is added and citations are omitted.

THE NATIONAL ELEVATOR INDUSTRY PENSION FUND'S REPLY MEM IN FURTHER
SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF - 3:07-cv-06140-MHP      - 2 -

managed fund"); *In re Critical Path, Inc.*, 156 F. Supp. 2d 1102, 1111 (N.D. Cal. 2001) (discussing groups).

## II.   ARGUMENT

### A.   The National Elevator Fund Is the "Most Adequate Plaintiff"

Under *Cavanaugh*, the applicant with the largest financial interest becomes the presumptive lead plaintiff if, "based on the information [it] has provided," it satisfies Rule 23.[4] 306 F.3d at 730-32. The PSLRA's Rule 23 inquiry focuses ***solely*** upon a movant's "pleadings and declarations." *Id.*; *see Critical Path*, 156 F. Supp. 2d at 1108-10 ("[r]efusing to conduct a thorough Rule 23 inquiry . . . is contrary to the interests of the class"). Here, the National Elevator Fund should be designated the "most adequate plaintiff" under the PSLRA.[5] *See Apple v. LJ Int'l, Inc.*, 2008 U.S. Dist. LEXIS 12618, at *9-*15 (C.D. Cal. 2008) (appointing sole institutional investor over groups with larger losses).

Under the CLAL Batucha Group's financial interest analysis, the National Elevator Fund has the second largest loss (*i.e.*, $2.3 million under LIFO) and the Harel Group's loss (*i.e.*, $1.1 million under LIFO) is third largest. *See* Memorandum of Points and Authorities in Further Support of CLAL Finance Batucha Investment Management, Ltd.'s and Direct Investment House (Providence Funds) Ltd.'s Motion to Appoint Lead Plaintiff and Approve Lead Counsel ("CLAL Batucha Opp.") at 9; *Cavanaugh*, 306 F.3d at 730 n.4 ("the court may select accounting methods that are both rational and consistently applied"); *Richardson v. TVIA, Inc.*, 2007 US. Dist. LEXIS 28406, at *14 (N.D. Cal. 2007) (applying LIFO methodology). Regardless, unlike the CLAL Batucha and Harel

---

[4] When groups of class members seek to be lead plaintiff, as with the CLAL Batucha and Harel Groups here, this "threshold adequacy determination" requires an additional assessment of the manner in which the group was formed and whether it will operate cohesively. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 265-66 (3d Cir. 2001) (Becker, C.J.). Neither the CLAL Batucha Group nor the Harel Group provided any such evidence. *See* §II.B.1-2, *infra*; *In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005) ("I conclude, therefore, that a group of unrelated investors should not be considered as lead plaintiff when that group would displace the institutional investor preferred by the PSLRA.").

[5] No movant has ventured to even ***suggest*** that the National Elevator Fund "will not fairly and adequately protect the interests of the class; or [] is subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

THE NATIONAL ELEVATOR INDUSTRY PENSION FUND'S REPLY MEM IN FURTHER
SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF - 3:07-cv-06140-MHP         - 3 -

Groups, the National Elevator Fund is the only applicant whose Rule 23 qualifications are beyond question. *See Cavanaugh*, 306 F.3d at 732 ("The district court has latitude as to what information it will consider in determining typicality and adequacy."). The National Elevator Fund is adequate because it is a large, sophisticated, institutional investor with the necessary resources and expertise to prosecute this litigation and simultaneously oversee counsel. *See, e.g.*, H.R. Conf. Rep. No. 104-67, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; *Cavanaugh*, 306 F.3d at 738 (PSLRA was designed to "promote the goal of attracting institutional investors" as lead plaintiffs); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 311 (S.D. Ohio 2005) (reasoning that the PSLRA's legislative history "prefers pension funds"). In addition, the National Elevator Fund's signed certification and VeriFone transactions demonstrate its typicality and its willingness to assume the responsibilities of lead plaintiff and class representative.

Its chosen counsel, too, is adequate. *See Cortese v. Radian Group, Inc.*, 2008 U.S. Dist. LEXIS 6958, at *17 (E.D. Pa. 2008) ("'The firm is comprised of probably the most prominent securities class action attorneys in the country.'").

### B.  Neither the CLAL Batucha Group Nor the Harel Group Should be Appointed As Lead Plaintiff

#### 1.  The CLAL Batucha Group Is "Subject to Unique Defenses"

In its opposition, the National Elevator Fund raised several concerns regarding the CLAL Batucha Group's lead plaintiff candidacy. *See* National Elevator Fund Opp. at 7-9. Anticipating these arguments, the CLAL Batucha Group's own opposition discussed its: (i) status as a "group"; (ii) lack of demonstrated "attorney-in-fact" authority; (iii) standing; and (iv) vulnerability to *res judicata* attacks. *See* CLAL Batucha Opp. at 12-14.

However, while the CLAL Batucha Group's *counsel* provided vague answers to these questions, the CLAL Batucha Group *itself* did not present any evidence, in the forms of declarations or otherwise, to put them to rest. For example, without any substantiation, counsel for the CLAL Batucha Group claims that "CLAL [Batucha] and Direct satisfy the grounds for appointment as a 'group.' *See* CLAL Batucha Opp. at 12. Courts, by contrast, require significantly more. *See In re Gemstar-TV Guide Int'l, Sec. Litig.*, 209 F.R.D. 447, 451 (C.D. Cal. 2002) (declining to consider

1  group that "provide[d] little detail concerning the procedures they have implemented to 'provide for
2  efficient prosecution of the action'"); *In re Tarragon Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS
3  91418, at *6 (S.D.N.Y. 2007) ("to enjoy the rebuttable presumption . . . **there must be some**
4  **evidence** that the members of the group will act collectively and separately from their lawyers");
5  *Schriver v. Impac Mortgage Holdings, Inc.*, 2006 U.S. Dist. LEXIS 40607, at *25-*30 (C.D. Cal.
6  2006); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1153-54 (N.D. Cal. 1999); *Network
7  Assocs.*, 76 F. Supp. 2d at 1026-27 ("'if the proposed group fails to explain and justify its
8  composition . . . its motion should be denied'").

9  Next, in seeking to quell concerns regarding its standing and attorney-in-fact authority to
10 claim its clients' investment losses, the CLAL Batucha Group's counsel suggested that: "Under
11 Israeli Law, CLAL and Direct have power of attorney over the shares [sic] invest for mutual funds
12 pursuant to Article 76B of the Mutual Joint Investments Law.  Further, under Article 3 of the
13 Financial Services Supervisor Act, CLAL and Direct are authorized to take all actions available to
14 recover pension funds' assets." *See* CLAL Batucha Opp. at 12.  Again, in the lead plaintiff context,
15 courts require more than the vague assertions of counsel regarding such issues.  *See Network
16 Assocs.*, 76 F. Supp. 2d at 1027-30; *Cardinal Health*, 226 F.R.D. at 311 ("Wood Asset Management
17 will be subject to a unique defense regarding its standing to assert securities fraud claims on behalf
18 of its clients **because it has no proof** that it is the clients' attorney-in-fact."); *Espeed*, 232 F.R.D. at
19 98 ("The advisor must be the attorney in fact for his clients . . . .  Abid **has not adequately
20 established** that he meets these conditions.") (footnotes omitted).[6]

21 Finally, as for the CLAL Batucha Group's *res judicata* vulnerability, its lawyers claim that
22 even "assuming *arguendo* that an Israeli court did not give *res judicata* effect to judgments or
23 settlements in a U.S. class action," the CLAL Batucha Group should, in essence, be appointed
24 anyway.  *See* CLAL Batucha Group Opp. at 14.  Courts, by contrast, require specific evidence that a

---

[6]     *See also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 634 (D.N.J. 2002) ("While some courts have permitted 'investment managers' to serve as lead plaintiffs, ***those courts generally have required showings*** that such money managers qualify as a 'single person' under the Reform Act.").

THE NATIONAL ELEVATOR INDUSTRY PENSION FUND'S REPLY MEM IN FURTHER
SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF - 3:07-cv-06140-MHP    - 5 -

foreign court will give *res judicata* effect to a judgment in the lead plaintiff context. *See In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 352 (D. Md. 2003) ("**No specific evidence has been produced** thus far regarding which foreign courts may or may not recognize a decision of this court."); *Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201, 203 (S.D.N.Y. 2007) (appointing lead plaintiff facing a *res judicata* attack "is a waste, and their presence in the class . . . may inflict burdens on the administration of the action").[7]

One issue that was notably ***absent*** from the CLAL Batucha Group's opposition, however, is its entanglements with VeriFone. *See In re Indep. Energy Holdings PLC, Sec. Litig.*, 210 F.R.D. 476, 481 (S.D.N.Y. 2002). Again, the CLAL Batucha Group issued numerous analyst reports regarding VeriFone during the Class Period that recommended the Company's stock even after the Company's fraud disclosures.[8] *See* Abadou Decl., Exs. A-B; *In re HealthSouth Corp. Sec. Litig.*, 213 F.R.D. 447, 459 (N.D. Ala. 2003) ("employee/shareholders [who] had – or had opportunities to have – conversations with some of the individual defendants during the proposed class period [were subject to unique defenses]"); *In re Michaels Stores, Inc. Sec. Litig.*, Civil Action No. 3:03-cv-0246-M (Lead), slip op. at 2-4 (N.D. Tex. Oct. 24, 2003) (presumption in favor of proposed lead plaintiff with access to non-public information rebutted) (Abadou Decl., Ex. C).

In addition to issuing analyst reports recommending VeriFone after December 4, 2007 (*see* p. 2, *supra*), another such report seems to suggest that CLAL Batucha had access to non-public information. *See* Abadou Decl., Ex. D ("'***We're hearing rumors*** that VeriFone will buy Retalix, ***although nothing has been officially announced***,' *CLAL said in an e-mailed note to investors*."); *Royal Ahold*, 219 F.R.D. at 352-53 (rejecting movant, in part, due to its "entanglements" with defendant). If appointed, therefore, defendants will later persuasively argue that the CLAL Batucha

---

[7] *See also Cavanaugh*, 306 F.3d at 730 ("The district court may need to hold an evidentiary hearing, and to make a renewed determination of typicality and adequacy.").

[8] It would be an odd result indeed to appoint a lead plaintiff charged with recovering damages on behalf of the class when that lead plaintiff said such things as "[t]he stock's hammering [due to fraud] ***makes this a far more interesting investment now***. ***We're upgrading the stock to Buy***." Abadou Decl., Ex. B.

Group is subject to unique reliance defenses due to its entanglements with VeriFone or others with close ties to the Company. *See* Abadou Decl., Exs. E, F ("'Bloomberg' said that *one of the sources of the report was investment house Clal Batucha*, which claimed that it heard that a sale offer was being mooted, *even though no official announcement has been made to that effect*."). "[W]here, as here, plaintiff relies on the fraud-on-the-market doctrine to establish typicality, any reliance on non-market information means that 'he cannot be said to have relied on the integrity of the market, and is atypical of those who have so relied.'" *Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 313 (E.D. Va. 2007).

Whether the CLAL Batucha Group might ultimately overcome these defenses is largely irrelevant as "there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990). "'There is a concern if a named plaintiff is subject to 'unique defenses' concerning his individual reliance, then attention will be diverted away from issues common to the class. This would impair his ability to act as a representative for the class. Also, questions of individual reliance may place the materiality of the alleged misrepresentations into doubt.'" *Enron*, 206 F.R.D. at 455. For these reasons, the CLAL Batucha Group's motion should be denied.

### 2. The Harel Group Has Not Demonstrated Its Cohesiveness and Its Members Are Otherwise Atypical

In *Waste Management*, Judge Harmon stated "[t]he burden is on those seeking to aggregate to demonstrate the cohesiveness of their purported 'group' and . . . failure to provide significant information about the identity of the members other than a conclusory statement of . . . transactions for purchase of securities, and largest financial interest should result in denial of their application for appointment as Lead Plaintiff." *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 413 (S.D. Tex. 2000).

Here, the five member Harel Group has failed to meet its burden of proof because *it* has not provided sufficient information concerning the identity of its members other than the conclusory statements concerning their transactions in VeriFone securities. *See Wenderhold v. Cylink Corp.*,

188 F.R.D. 577, 586 (N.D. Cal. 1999) ("Uncritical or blanket acceptance of such aggregation would permit lawyers to designate unrelated plaintiffs as a group which would allow and encourage lawyers to direct the litigation."); *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 45 (D. Mass. 2001); *Schriver*, 2006 U.S. Dist. LEXIS 40607, at *25 ("[G]roups of unrelated investors . . . are not adequate class representatives ***absent a showing*** that they are able to coordinate their efforts in the litigation.").

The Harel Group's motion should be denied for the added reason that its members have not evidenced the "attorney-in-fact" authority courts deem necessary allowing such finds to claim their clients' investment losses. *See Smith*, 206 F. Supp. 2d at 633-35; *In re Peregrine Sys. Sec. Litig.*, 2002 U.S. Dist. LEXIS 27690, at *53-*57 (S.D. Cal. 2002) ("the court finds that [investment manager] Societe Generale is not an appropriate lead plaintiff as contemplated by the PSLRA"). For instance, in *Network Assocs.*, Judge Alsup refused to appoint an investor, like those that comprise the Harel Group, reasoning:

> There is, really, no such entity. The actual name of the company is ING Insurance Verseiking NV. . . . ING Investment Management is merely an unincorporated business unit. It manages a number of separate funds, each fund being the actual owner of the shares. These funds are separate legal entities with their own directors. ***The funds were the entities that actually bought and sold the Network securities***. ING Fund Management is the business unit that by contract provides administrative support to the funds. . . . The Court concludes that ING lacks the experience and commitment to this case to represent the class fairly and adequately.

76 F. Supp. 2d at 1027-29; *Ezra Charitable Trust v. Rent-Way, Inc.*, 136 F. Supp. 2d 435, 441 (W.D. Pa. 2001) (holding that an investment manager should provide evidence that he acts as attorney-in-fact for his clients and is authorized to bring suit to recover for, among other things, investment losses). Here, too, the five funds that comprise the Harel Group have not submitted one scintilla of evidence to address the concerns courts have with appointing such investors as lead plaintiffs. For the same reasons set forth by Judge Alsup in *Network Assocs.* and at length by Judge Jones in *Peregrine*, the Harel Group's motion should be denied. *See Peregrine*, 2002 U.S. Dist. LEXIS 27640, at *53-*37; Response of Steelworkers Pension Trust to Lead Plaintiff Motions at 1 (the Harel Group has "not provided evidence that they have authority to act as attorneys-in-fact for the beneficial owners").

**III.     CONCLUSION**

For the foregoing reasons, the National Elevator Fund should be appointed as lead plaintiff and its selection of lead counsel should be approved. All other motions should be denied.

DATED: February 25, 2008                         Respectfully submitted,

                                              COUGHLIN STOIA GELLER
                                                RUDMAN & ROBBINS LLP


                                                       s/ Ramzi Abadou
                                                        RAMZI ABADOU

                                               655 West Broadway, Suite 1900
                                               San Diego, CA  92101
                                               Telephone: 619/231-1058
                                               619/231-7423 (fax)

                                               COUGHLIN STOIA GELLER
                                                 RUDMAN & ROBBINS LLP
                                               CHRISTOPHER P. SEEFER
                                               100 Pine Street, Suite 2600
                                               San Francisco, CA  94111
                                               Telephone: 415/288-4545
                                               415/288-4534 (fax)

                                               [Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\Verifone 07\BRF00049395-Reply.doc

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.csgrr.com/.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 25, 2008.

    s/ Ramzi Abadou
    RAMZI ABADOU

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: ramzia@csgrr.com

## Mailing Information for a Case 3:07-cv-06140-MHP

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzia@csgrr.com,debh@csgrr.com

- **Brendan P. Cullen**
  cullenb@sullcrom.com,carrejoa@sullcrom.com

- **Timothy Alan DeLange**
  kristinas@blbglaw.com,timothyd@blbglaw.com

- **Daniel C. Girard**
  girardgibbs@girardgibbs.com,cma@girardgibbs.com

- **Nicole Catherine Lavallee**
  nlavallee@bermanesq.com,ysoboleva@bermanesq.com

- **Jonathan Krasne Levine**
  jkl@girardgibbs.com,mav@girardgibbs.com

- **Mark Cotten Molumphy**
  mmolumphy@cpmlegal.com,oszeto@cpmlegal.com,pskahan@cpmlegal.com,jacosta@cpmlegal.c

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

- **Juden Justice Reed**
  jreed@schubert-reed.com,plee@schubert-reed.com,akeng@schubert-reed.com,rschubert@schubert-reed.com

- **Aaron M. Sheanin**
  ams@girardgibbs.com,amv@girardgibbs.com,ace@girardgibbs.com

- **Michael Howard Steinberg**
  steinbergm@sullcrom.com

- **Steven Noel Williams**
  swilliams@cpmlegal.com,jverducci@cpmlegal.com,dburwell@cpmlegal.com,cwalker@cpmlegal.

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into

your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`