# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

OCT 2 4 2003

| | | |
|---|---|---|
| *In re* MICHAELS STORES, INC. SECURITIES LITIGATION | § § § § § § § § § § | Civil Action No. 3:03-CV-0246-M (Lead)<br><br>(Consolidated with Civil Action Nos. 3:03-CV-0278-M, 3:03-CV-0288-M, 3:03-CV-0348-M, 3:03-CV-0479-M, 3:03-CV-0499-M, 3:03-CV-0511-M, 3:03-CV-0521-M, 3:03-CV-0541-M, 3:03-CV-0623-M) |

## ORDER APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL

Proper notice of the pendency of this action having been given under 15 U.S.C. § 78u-4(a)(3)(A)(i), the Court now has before it dueling Motions to Appoint Lead Plaintiffs, with each movant not surprisingly seeking to have different attorneys appointed by the Court. On June 16, 2003, the Court heard oral argument on the Motions. In essence, there is one issue presented as to who the Court should appoint as Lead Plaintiff(s): Is Karen Olague, the movant with the greatest claimed loss, an appropriate Lead Plaintiff when she is an assistant manager of a Michael's Arts and Crafts Store in Long Beach, California? The other movants, self-styled the "Pension Trust Group," are the United Brotherhood of Carpenters Pension Trust ("Carpenters") and Allison and Ronald Worobey. Ms Olague's alleged loss exceeds the combined claimed loss of Carpenters and the Worobeys.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court

1

determines to be most capable of adequately representing the interest of class members. . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). The Act creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that: (a) has filed the complaint or brought a motion for appointment of lead plaintiff in response to the publication of notice; (2) "in the determination of the Court has the largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Federal Rule of Civil Procedure 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).  This presumption may be rebutted by proof that the presumptively most adequate plaintiff (1) "will not fairly and adequately protect the interests of the class;" or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

After the June 16, 2003 hearing, the Court permitted counsel for Carpenters and the Worobeys to depose Ms. Olague so as to allow them to develop and present evidence, if such existed, to rebut the presumption in favor of Ms. Olague's appointment. Arguing from the transcript, counsel for Carpenters and the Worobeys argue that Ms. Olague is subject to unique defenses which render her incapable of adequately representing the class. Among other things, Carpenters and the Worobeys contend that in her position as a Michael's assistant manager, Ms. Olague received non-public, non-confidential information and had personal contact with Edward Sadler, one of the individual defendants. Carpenters and the Worobeys contend the defendants may use those facts to argue a unique defense against Ms. Olague – presumably that she did not rely on the alleged fraud. They also contend that Ms. Olague's role in a suit against Michael's violates the Company's Code of Conduct and presumably renders Ms. Olague subject to discipline and/or other pressures from Michael's which have the potential to affect adversely her vigorous prosecution of this case on behalf

2

of the class.

Ms. Olague has made two statements to the Court that are incomplete or inaccurate. She did not answer question 8 in her certification submitted on April 7, 2003 (Ex. A to Affidavit of Sean Handler). That question inquired as to whether Ms. Olague was a current or former employee of Michael's. In her Motion to be Appointed as Lead Plaintiff, Ms. Olague did not advise the Court that she was a Michael's employee. That issue did not come to the Court's attention until counsel for Carpenters and the Worobeys raised it. Second, Ms. Olague's counsel stated at the June 16 hearing "that she was not privy to any nonpublic or confidential information with regard to Michael's Stores when she decided to purchase her shares." In fact, although the Court cannot now evaluate the significance of the material, in her deposition, Ms. Olague confirmed that as a Michael's employee, she received non-public/confidential information, including financial information per store. Olague Dep. At 15-17, 30-33.

Counsel for the Worobeys and Carpenters claim a third erroneous statement. In Olague's Declaration submitted on June 17, 2003, Ms. Olague stated that she has "had no contact with management, officers or executives of Michael's Stores, Inc." At the June 16 hearing, her counsel said the same thing; i.e., that "she has had no contact whatsoever with corporate management." In her deposition, counsel for Carpenters and the Worobeys inquired as to whether Ms. Olague recognized the name Edward Sadler. Mr. Sadler has been named as a defendant in this case and is described in the Complaint as the Executive Vice-President of Michael's Stores, Inc. Ms. Olague stated at pp. 53-54 of her deposition that three times, when he toured her store, she had met an Edward Sadler, who she described as a "manager, district manager . . . one level above the zone manager." From this testimony, counsel for Carpenters and the Worobeys concludes that three times

3

Ms. Worobey "met with" the Defendant Edward Sadler who is the Executive Vice President of Michael's. Ms. Olague's testimony does not support the contention that she "met with" an Edward Sadler, to the extent that the terminology "met with" suggests a substantive meeting, while the word "met," the word Ms. Olague used, does not. Further, her testimony certainly suggests that Ms. Olague was not referring to the Defendant, who holds none of the positions Ms. Olague listed as the positions of the person to whom she referred. This issue is not a legitimate basis for this Court to decline to appoint Ms. Olague.

However, the Court concludes that the presumption that Ms. Olague is the most adequate Plaintiff has been rebutted. The lack of care of Ms. Olague and her counsel in fully describing her access to non-public information and in certifying facts relating to her ownership of Michael's stock, along with the potential conflict of interest which arises from her working for Michael's, and particularly in areas such as inventory control, that may very well be a subject of this litigation, cause the Court to conclude that Ms. Olague is subject to unique defenses that render her incapable of adequately representing the class, and that her claims are not typical and that she is not an adequate representative of the class. The Court therefore will not appoint Ms. Olague as Lead Plaintiff.

Without reaching the question as to whether Carpenters and the Worobeys previously constituted a "group" as such term is used in 15 U.S.C. § 78u-4(a)(3)(B)(iii)(i), faced with no other potential movants to be appointed Lead Plaintiffs, and noting the limited number of members of the "Pension Trust Group," the Court concludes that the interests of the class will be well served by a combination of an institutional and individual investors acting as Lead Plaintiffs. The Court will thus preliminarily appoint as Lead Plaintiffs Carpenters and the Worobeys, as the "Pension Trust Group." This appointment will be finalized if the Court receives within thirty days a satisfactory *in*

4

*camera* submission as to the governance structure by which the members of the Pension Trust Group will manage the litigation and make decisions in this case, including how they will weigh each other's votes and how they will confer, in light of the fact that the Worobeys and Carpenters are located in different parts of the country.

The Court preliminarily determines that Carpenters and the Worobeys meet the requirements of adequacy and typicality under FED.R.CIV.P. 23. *In re Waste Management, Inc.*, 128 F. Supp. 28 401, 411 (S.D. Tex. 2000).   Typicality exists if the named plaintiffs' claims "arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." *Longden v. Sunderman*, 123 F.R.D. 547, 556 (N.D. Tex. 1988). The adequacy requirement is fulfilled if there are no conflicts of interests between the named plaintiffs and other class members, and the named parties must be prepared to prosecute the action vigorously. *Id.* at 557.  Here, the alleged damages all arise out of the same alleged false and misleading statements of Defendants that the Plaintiffs contend artificially inflated the price of Michael's stock. Proof of injury and damages by the Carpenters and the Worobeys would establish the claims of other class members as well.  The Court is persuaded that the Worobeys and Carpenters will diligently pursue this case.

The Court emphasizes that the inquiry into these factors at this stage is not as searching as will occur when the Court reviews a motion for class certification.  However, for the purpose of appointing lead plaintiffs, the Court determines that Carpenters and the Worobeys are adequate representatives of the class and that their claims are typical of the claims of the class.

Finally, the Court must appoint counsel to represent the Lead Plaintiffs. The PSLRA vests authority with the Lead Plaintiffs to select and retain lead counsel, subject to the Court's approval.

15 U.S.C. § 78u-4(a)(3)(B)(v). The Court finds that Milberg, Weiss is very experienced and well qualified to act as counsel for the Lead Plaintiffs. Susman Godfrey is also well qualified to assist as local counsel. However, the Court does not believe that the interests of the class are well-served by having two firms act as co-lead counsel, and the submission to the Court is inadequate to justify why this Court should appoint Scott & Scott as Co-Lead Counsel with Milberg Weiss. It therefore declines to do so.

The Court preliminarily appoints the United Brotherhood of Carpenters Pension Trust and Allison and Ronald Worobey, jointly called "The Pension Trust Group," as Lead Plaintiffs, with Milberg Weiss as Lead Counsel and Susman Godfrey as local counsel. The Court **DENIES** all other motions to appoint lead plaintiff and approve lead counsel.

SO ORDERED this 23 day of October, 2003.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS