# EXHIBIT A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MERRILL STEINBERG, Individually, and On
Behalf of All Others Similarly Situated,

                        Plaintiff,                           07 Civ. 9615 (RPP)

       v.                                                **OPINION AND ORDER**

ERICSSON LM TELEPHONE CO., CARL-
HENRIK SVANBERG and KARL-HENRIK
SUNDSTROM,

                        Defendants.
-----------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

The City of Edinburgh Council on behalf of the Lothian Pension Fund ("Lothian"), Fortis Investment Management N.V./S.A. ("Fortis"), Deka Investment GmbH ("Deka"), and State-Boston Retirement System (collectively, "Ericsson Institutional Investor Group"), has filed a motion for reconsideration, pursuant to Local Rule 6.3 and Fed. R. Civ. P. 60(b), of this Court's February 19, 2008 decision denying the motion of Ericsson Institutional Investor Group for appointment as lead plaintiff and approval of its selection of lead counsel (the "Order"). For the reasons that follow, the Court concludes that Ericsson Institutional Investor Group's lead plaintiff motion was properly denied and denies its motion for reconsideration (Docket No. 30).

**BACKGROUND**

On February 19, 2008, the Court denied Ericsson Institutional Investors Group's motion for appointment as lead plaintiff based on its concerns about the circumstances surrounding the group's formation indicating that it was attorney driven; the risk that

foreign courts would not give the Court's judgment res judicata effect; the likelihood of the Court losing subject matter jurisdiction given that Lothian, Deka and Fortis purchased Ericsson shares on foreign securities exchanges; and the inadequacy of the sole domestic entity in the group which had the lowest financial interest in the litigation and purchased shares before most of the allegedly reckless statements contained in the complaint were made. (See Oral Argument Tr. at 54-56.) In view of these significant problems, the Court ruled against Ericsson Institutional Investors Group and appointed Plaintiff Jacques Fuhrer as lead plaintiff for the plaintiff class. The Court concluded that while the appointment of Mr. Fuhrer, a citizen of Belgium, might raise the same concern about the res judicata effect in foreign courts (id. at 54), his appointment would avoid both the problem of subject matter jurisdiction because Mr. Fuhrer purchased his shares on United States securities exchanges (id. at 61) and the problem of attorney-driven litigation.

**DISCUSSION**

Under Local Rule 6.3, a party seeking reconsideration must set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civ. R. 6.3; see also Eisemann v. Greene, 204 F.3d 393, 395 n.1 (2d Cir. 2000) (per curiam) (stating that the movant "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion"). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v.

2

CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); accord Alzamora v. Village of Chester, No. 06 Civ. 7644, 2008 WL 375091, at *3 (S.D.N.Y. Feb. 8, 2008).

The moving party may not raise new facts, issues or arguments not previously presented to the court on a motion for reconsideration. See Giovanniello v. New York Law Pub. Co., No. 07 Civ.1990, 2007 WL 4320757, at *1 (S.D.N.Y., Dec. 11 2007). To obtain relief from judgment based on newly discovered evidence under Federal Rule of Civil Procedure 60(b)(2), the movant must demonstrate that the newly discovered evidence could not have been discovered "with reasonable diligence" prior to the court's ruling. Fed. R. Civ. P. 60(b)(2).

In moving for reconsideration, Ericsson Institutional Investors Group first argues that the Court overlooked facts regarding the formation of the group and erroneously concluded that it was attorney driven. To support this argument, the movant submits a declaration of Esmond Hamilton, fund accounting manager of Lothian, asserting that "Lothian directed Labaton Sucharow to reach out to the other members of the Ericsson Institutional Investor Group" to form a group. (See Hamilton Decl. ¶ 7.) Under Local Rule 6.3, "[n]o affidavits shall be filed by any party unless directed by the court." Local Civ. R. 6.3. Importantly, the affidavit, which is by one of the moving parties, presents new facts which clearly could have been presented to the Court during or before oral argument on February 15, 2008. The movant had ample opportunity to submit such an affidavit with its motion papers, which were filed on December 28, 2007. Even if this affidavit had been presented to the Court during the lead plaintiff hearing, it would not have altered the conclusion reached by the Court at the hearing that counsel was instrumental in forming the group for the purpose of the lead plaintiff motion.

3

Ericsson Institutional Investor Group next argues that reconsideration is warranted because "newly discovered" evidence shows that Mr. Fuhrer's lead plaintiff motion was attorney driven. Specifically, it suggests that Mr. Fuhrer was handed from one attorney, Randall Steinmeyer, to another, Brian Murray, in an allegedly "highly irregular" manner of retaining a law firm. In support of this argument, the movant points to new rather than overlooked facts, including a transcript of Mr. Fuhrer's class certification deposition in another securities class action held on May 5, 2005, a copy of Mr. Fuhrer's certification in this case dated December 13, 2007, and copies of documents faxed in December 2007. All of these documents fail to meet the Rule 60(b)(2) standard for "newly discovered" evidence, as the movant reasonably could have investigated the manner of the Murray Frank firm's retention and Mr. Fuhrer's participation in other class actions prior to the Court's ruling.

Moreover, none of the newly presented evidence would change this Court's ruling. This evidence merely shows that Mr. Fuhrer chose to retain the Murray Frank firm because of his previous relationship with an attorney who has been special counsel to that firm since November 2007. The evidence certainly does not address the Court's other major concern that formed the basis of its ruling—i.e., that Lothian, Deka and Fortis are atypical and inadequate lead plaintiffs because, having purchased Ericsson shares on European securities exchanges, they are subject to a unique defense of subject matter jurisdiction.

Finally, the Court disagrees with Ericsson Institutional Investor Group's last point that there is insufficient evidence to support Fuhrer's claim that he purchased his securities on a United States securities exchange. Mr. Fuhrer's counsel informed the

4

Court at oral argument that "Mr. Fuhrer made all of his purchases in the United States on United States exchanges" and with the express purpose of getting the protection of the United States securities laws for which he paid double commissions. (Oral Argument Tr. at 32.) In addition, an examination of the evidence before the Court at the time of its ruling, specifically a comparison of the transaction prices of Mr. Fuhrer's shares, corroborates the claim that Mr. Fuhrer's shares were purchased on a United States securities exchange. As Ericsson Institutional Investor Group has not demonstrated a reasonable basis for why Mr. Fuhrer is not an adequate plaintiff, the Court denies its request for discovery at this point.

**CONCLUSION**

For the reasons stated above, the Ericsson Institutional Investor Group's motion for reconsideration (Docket No. 30) and request for discovery are denied.

IT IS SO ORDERED.

Dated: New York, New York
April 10, 2008

_____
Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this order sent to:**

*Counsel for Ericsson Institutional Investor Group*
Labaton Sucharow, LLP
Attn: Christopher J. Keller
140 Broadway
New York, NY 10005
Tel: (212) 907-0853
Fax: (212) 883-7053

5

*Counsel for Jacques Fuhrer*
Murray, Frank & Sailer, LLP
Attn: Brian Philip Murray
275 Madison Avenue, Ste. 801
New York, NY 10016
Tel: 212-682-1818
Fax: 212-682-1892