Martin D. Chitwood (Admitted *Pro Hac Vice*)
mchitwood@chitwoodlaw.com
James M. Wilson, Jr. (Admitted *Pro Hac Vice*)
jwilson@chitwoodlaw.com
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 873-3900
Facsimile:  (404) 876-4476

Gregory E. Keller (Admitted *Pro Hac Vice*)
gkeller@chitwoodlaw.com
Darren T. Kaplan (Admitted *Pro Hac Vice*)
dkaplan@chitwoodlaw.com
Eran Rubinstein (Admitted *Pro Hac Vice*)
erubinstein@chitwoodlaw.com
Susan Boltz Rubinstein (Admitted *Pro Hac Vice*)
srubinstein@chitwoodlaw.com
11 Grace Avenue, Suite 306
Great Neck, New York  11021
Telephone: (516) 773-6090
Fax: (404) 876-4476

Attorneys for Movants and Proposed Lead Counsel

Robert C. Schubert (State Bar No. 62684)
Juden Justice Reed (State Bar No. 153748)
Willem F. Jonckheer (State Bar No. 178748)
Aaron H. Darsky (State Bar No. 212229)
SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA  94111
Telephone: (415) 788-4220
Facsimile:  (415) 788-0161

Proposed Liaison Counsel

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE VERIFONE HOLDINGS, INC. SECURITIES LITIGATION | Master File No. C 07-6140 MHP |
| | **CLASS ACTION** |
| | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| Document Relates To: | |
| All Actions | |
| | JUDGE: Hon. Marilyn Hall Patel |

Lead Plaintiff Movant the Israeli Institutional Investor Group respectfully makes this submission to advise the Court of three recent decisions in which a group of plaintiffs was appointed as the lead plaintiff for the case.[1]  In *Eastwood Enterprises, LLC v. Farha*, the court appointed a group consisting of five funds.  *Eastwood Enterprises, LLC v. Farha*, Case No. 8:07-cv-1940-T-24 MSS, 2008 WL 687351, at *3 (M.D. Fla. March 11, 2008) ("given the number of members of the PPF Group, it may be able to 'more effectively withstand any supposed effort by class counsel to seize control of the class claims.'")(citations omitted) ("*Wellcare*") (attached hereto as Exhibit A).  In the case of *Wesner v. UBS AG*, the court appointed as lead plaintiff a group that was formed after the filing of the initial lead plaintiff motions, consisting of four institutional investors, both foreign and domestic.  *Wesner v. UBS AG*, 1:07-cv-11225-RJS, Stipulation and Order Consolidating Actions, Appointing Lead Plaintiffs and Approving Lead Plaintiffs' Selection of Lead Counsel at 1-2 (S.D.N.Y. March 6, 2008) (attached hereto as Exhibit B).  A group consisting of two institutional investors, who joined forces after having initially filed competing motions, was appointed lead plaintiff in *Norfolk County Retirement System v. Ustian, et al.*, No. 07 C 7014, Order at 1 (N.D. Ill. March 18, 2008) ( "*Navistar*") (attached hereto as Exhibit C).

Respectfully submitted,

Dated: April 15, 2008

**SCHUBERT & REED LLP**

By:      /s/ Aaron H. Darsky
Robert C. Schubert (State Bar No. 62684)
Juden Justice Reed (State Bar No. 153748)
Willem F. Jonckheer (State Bar No. 178748)

---

[1]  On April 8 and April 14, 2008, the National Elevator Industry Pension Fund, represented by Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia"), filed notices of supplemental authority and submitted cases purportedly discussing the propriety of appointing groups as lead plaintiffs under the Private Securities Litigation Reform Act of 1995.  Notably, Coughlin Stoia was appointed as part of the lead counsel structure for the lead plaintiff groups appointed in the *UBS AG* and *Navistar* cases submitted herewith.

Aaron H. Darsky (State Bar No. 212229)
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161

*Proposed Liaison Counsel*


**CHITWOOD HARLEY HARNES LLP**
Martin D. Chitwood
James M. Wilson, Jr.
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 873-3900
Facsimile: (404) 876-4476

**CHITWOOD HARLEY HARNES LLP**
Gregory E. Keller
Darren T. Kaplan
Eran Rubinstein
Susan Boltz Rubinstein
11 Grace Avenue, Suite 306
Great Neck, New York 11021
Telephone: (516) 773-6090
Fax: (404) 876-4476

*Counsel for Movants and Proposed Lead Counsel*

# EXHIBIT A

Westlaw.

Slip Copy                                                                                                      Page 1
Slip Copy, 2008 WL 687351 (M.D.Fla.)
**(Cite as: Slip Copy, 2008 WL 687351)**

Eastwood Enterprises v. Farha
M.D.Fla.,2008.
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Tampa Division.
EASTWOOD ENTERPRISES, LLC individually and
on behalf of all others similarly situated, Plaintiffs,
v.
Todd S. FARHA, et al., Defendants.
Glenn Hutton, individually and on behalf of all others
similarly situated, Plaintiffs,
v.
Wellcare Health Plans, Inc., et al., Defendants.
**Nos. 8:07-cv-1940-T-24 MSS, 8:07-cv-1993-T-24
TBM.**

March 11, 2008.

### ORDER

SUSAN C. BUCKLEW, District Judge.
**\*1** This cause comes before the Court on four
competing motions for consolidation of cases and
appointment of lead plaintiff filed by: Fuller &
Thaler (Doc. No. 10), Central States, Southeast and
Southwest Areas Pension Fund ("Central States")
(Doc. No. 16), the Public Pension Funds ("the PPF
Group") (Doc. No. 22), and Robert DeMario (Doc.
No. 19). The parties have filed responses and reply
briefs. As explained below, the Court grants the PPF
Group's motion to consolidate the cases, to appoint it
as lead plaintiff, and to approve their selection of lead
counsel.

### I. Background

This case arises from allegations concerning
violations of the federal securities laws by WellCare
Health Plans, Inc. ("WellCare"). Movants purchased
the securities of Defendant WellCare during the
period of November 4, 2004 through October 24,
2007. It is alleged that during that time-frame,
Defendants disseminated materially false and
misleading information to investors about WellCare's
financial condition that artificially inflated
WellCare's stock price.

### II. Procedure for Appointing a Lead Plaintiff

The Private Securities Litigation Reform Act
("PSLRA") establishes the procedure for appointing
a lead plaintiff in class actions arising under the
Securities Act. The plaintiff who files the initial
action must publish notice to the class within twenty
days after filing the complaint, informing the class
members of their right to file a motion for
appointment of lead plaintiff. 15 U.S.C. § 78u-
4(a)(3)(A)(i). The PSLRA provides a rebuttable
presumption that the most adequate person to serve
as lead plaintiff is the person or group of people that:
(1) has filed the complaint or made a motion to be
appointed lead plaintiff; (2) the court determines has
the largest financial interest in the relief sought by the
class; and (3) satisfies the requirements of Federal
Rule of Civil Procedure 23 FN1. 15 U.S.C. § 78u-
4(a)(3)(B)(iii)(I). The presumption may be rebutted
only upon proof that the presumptively most
adequate plaintiff: (1) will not fairly and adequately
protect the interests of the class; or (2) is subject to
unique defenses that render such plaintiff incapable
of adequately representing the class. 15 U.S.C. § 78u-
4(a)(3)(B)(iii)(II).

> FN1. With regards to the issue of whether
> the person or group of people satisfy the
> requirements of Federal Rule of Civil
> Procedure 23, the Court focuses its analysis
> on the typicality and adequacy requirements
> of Rule 23. See Fischler v. AmSouth
> Bancorporation, No. 96-1567-Civ.-T-17A,
> 1997 WL 118429, at \*2 (M.D. Fla. Feb 6,
> 1997).

### III. Appointment of Lead Plaintiff

The motions for appointment of lead plaintiff were
filed by Fuller & Thaler, Central States, the PPF
Group, and Robert DeMario. Robert DeMario's
financial interest in the relief sought by the class is
substantially less than the other three movants. As
such, his motion for appointment as lead plaintiff is
denied.

At the outset, it appears that the PPF Group (a group

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                          Page 2
Slip Copy, 2008 WL 687351 (M.D.Fla.)
**(Cite as: Slip Copy, 2008 WL 687351)**

made up of five funds [FN2]) is the presumptively most adequate lead plaintiff. The PPF Group filed a motion to be appointed lead plaintiff, and it satisfies the typicality and adequacy requirements of Rule 23. Specifically, the PPF Group has suffered similar injuries as a result of the same course of conduct by Defendants and has claims based on the same legal issues as the rest of the class. Additionally, the Court finds that the PPF Group will fairly and adequately represent the class, because it has common interests with the rest of the class and a willingness to vigorously prosecute the action. The Court notes that each fund that makes up the PPF Group has had experience as serving as a lead plaintiff in the past, and the funds making up the PPF Group are sophisticated institutional investors with a real financial interest in the litigation.

> FN2. The PPF Group consists of (1) New Mexico State Investment Council, (2) Public Employees Retirement Association of New Mexico, (3) Teachers' Retirement System of Louisiana, (4) Policemen's Annuity and Benefit Fund of Chicago, and (5) Public School Teachers Pension & Retirement Fund of Chicago.

**\*2** Furthermore, there is no dispute that the PPF Group has the largest financial interest in the relief sought by the class, as its losses are more than two times as large as Fuller & Thaler's loss (approximately $3.3 million) or Central States' loss (between $3.5 and $4 million).[FN3] However, the other movants dispute whether the PPF Group is presumptively the most adequate plaintiff under the PSLRA, because it has the largest financial interest due to the aggregation of the financial losses of the five funds that make up the group. Central States and Fuller & Thaler argue that the Court should disregard the PPF Group because the group formed solely to aggregate their losses and attain lead plaintiff status. The Court disagrees.

> FN3. Fuller & Thaler also disputes the purported class period, and thus the loss calculation, put forth by the PPF Group. Specifically, Fuller & Thaler contends that the period should be May 8, 2006 through October 24, 2007, while the PPF Group uses the period of November 4, 2004 through October 25, 2007. Regardless of which

period is used, the PPF Group's losses more than double Fuller & Thaler's losses.

District courts within the Eleventh Circuit have allowed aggregation of a group's loss in order to determine whether the group is the presumptively most adequate plaintiff. See *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.,* 2007 WL 170556, at \*2 (M.D.Fla. Jan. 18, 2007); *Newman v. Eagle Building Technologies,* 209 F.R.D. 499, 503-04 (S.D.Fla.2002). In *Newman,* the court cited the Third Circuit case of *In re Cedent Corp. Litigation,* 264 F.3d 201, 266 (3d Cir.2001), and stated the following:

> This Court does not find it appropriate to limit aggregation when the PSLRA specifically allows for a group of persons to serve as lead plaintiff. There is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a relationship among themselves. Instead, the PSLRA focuses on whether the person or group that is the proposed lead plaintiff can fairly and adequately serve as the lead plaintiff. Following the PSLRA, this Court focuses not on the composition of the [proposed group], but rather on whether the [proposed group] is adequate to serve as lead plaintiff.

*Newman,* 209 F.R.D. at 503-04.

Likewise, in the case of *In re Cedent Corp. Litigation,* the court stated:

> [T]he goal of the Reform Act's lead plaintiff provision is to locate a person or entity whose sophistication and interest in the litigation are sufficient to permit that person or entity to function as an active agent for the class, and a group is not entitled to presumptive lead plaintiff status unless it "otherwise satisfies" Rule 23, which in turn requires that it be able to "fairly and adequately protect the interests of the class."If the court determines that the way in which a group seeking to become lead plaintiff was formed or the manner in which it is constituted would preclude it from fulfilling the tasks assigned to a lead plaintiff, the court should disqualify that movant on the grounds that it will not fairly and adequately represent the interests of the class.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 687351 (M.D.Fla.)
(Cite as: Slip Copy, 2008 WL 687351)

We note at this juncture that we disagree with those courts that have held that the statute invariably precludes a group of "unrelated individuals" from serving as a lead plaintiff. The statute contains no requirement mandating that the members of a proper group be "related" in some manner; it requires only that any such group "fairly and adequately protect the interests of the class."We do not intimate that the extent of the prior relationships and/or connection between the members of a movant group should not properly enter into the calculus of whether that group would "fairly and adequately protect the interests of the class," but it is this test, not one of relatedness, with which courts should be concerned.

*3*In re Cedent,* 264 F.3d at 266-67. Other courts have come to similar conclusions. *See, e.g., In re Orthodontic Centers of America, Inc., Securities Litigation,* 2001 WL 1636846, at *5 (E.D.La. Dec. 18, 2001) (stating that there is no requirement in the PSLRA that a group have a pre-existing relationship before the group can be considered for appointment as lead plaintiff).

Central States and Fuller & Thaler also argue that given that the PPF Group has identified four law firms as representing some or all of the funds, it is clear that the PPF Group's decision to move for appointment as lead plaintiff is lawyer-driven. The Court finds that Central States and Fuller & Thaler have not shown that to be true. The members of the PPF Group have filed a joint declaration in which they detail their history together and their desire to join together to litigate this action. (Doc. No. 28). They further state that if appointed, they will "ensure, through supervision of [their] chosen qualified counsel, that the action is prosecuted for the benefit of the Class in an efficient and cost-effective manner" and that they would oversee counsel's prosecution of this action "to ensure that the case is handled efficiently and without duplication of work."(Doc. No. 28). Additionally, the Court notes that the PPF Group only seeks appointment of two law firms as lead counsel.

This Court is satisfied that the PPF Group is not lawyer-driven. Furthermore, the Court notes that given the number of members of the PPF Group, it may be able to " 'more effectively withstand any supposed effort by the class counsel to seize control

of the class claims.' " *D'Hondt v. Digi International, Inc.,* 1997 WL 405668, at *3 (D. Minn. April 3, 1997).

Additionally, the Court notes that two members of the PPF Group, New Mexico State Investment Council and Public Employees Retirement Association of New Mexico, are closely related. They share overlapping management and representation; specifically, the New Mexico Treasurer sits on the boards of both entities, and both entities are represented in legal matters by the Office of the New Mexico Attorney General. The combined losses of these two entities surpasses the losses of Central States and Fuller & Thaler, which undermines the assertion that the five members of the PPF Group came together solely to attain lead plaintiff status.

Central States argues that if the Court is inclined to grant the PPF Group's motion, the Court should allow Central States to conduct discovery regarding the formation of the PPF Group in order to rebut the presumption that the PPF Group should be appointed as lead plaintiff. While the PSLRA does allow discovery relating to the appointment of a lead plaintiff, it only allows it in limited circumstances. Specifically, the PSLRA provides: "[D]iscovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class."15 U.S.C. § 78u-4(a)(3) (B)(iv). The Court finds that Central States has not demonstrated a reasonable basis for finding that the PPF Group is incapable of adequately representing the class.

*4 Accordingly, the Court finds that the PPF Group is the movant with the largest financial interest in the relief sought by the class and that it meets the requirements of Rule 23. Therefore, the Court will grant the PPF Group's motion and appoint it as lead plaintiff in this consolidated action.

*IV. Appointment of Lead Counsel*

The PSLRA vests the authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court has determined that the PPF Group should serve as

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 687351 (M.D.Fla.)
(Cite as: Slip Copy, 2008 WL 687351)

Page 4

lead plaintiff to represent the interests of the class in this consolidated action, and the PPF Group have selected the law firms of Bernstein Litowitz Berger & Grossman LLP and Labaton Sucharow LLP to serve as co-lead counsel for the class. The Court approves of their selection.

## V. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Fuller & Thaler's motion to be appointed as lead plaintiff (Doc. No. 10) is **DENIED.**

(2) Central States' motion to be appointed as lead plaintiff (Doc. No. 16) is **DENIED.**

(3) Robert DeMario's motion to be appointed as lead plaintiff (Doc. No. 19) is **DENIED.**

(4) The Public Pension Funds's motion for consolidation and to be appointed lead plaintiff (Doc. No. 22) is **GRANTED.**

(5) The Public Pension Funds are appointed to serve as Lead Plaintiffs.

(6) The Public Pension Funds' selection of counsel is approved, and Bernstein Litowitz Berger & Grossman LLP and Labaton Sucharow LLP are appointed as Lead Counsel for the class.

(7) Case number 8:07-cv-1993-T-24TBM is hereby consolidated with 8:07-cv-1940-T-24MSS. Case number 8:07-cv-1940-T-24MSS will be the lead case number, and all further pleadings will be filed therein.

(8) The Clerk is directed to **ADMINISTRATIVELY CLOSE** case number 8:07-cv-1993-T-24TBM.

(9) Lead Plaintiff is directed to file an amended complaint no later than 60 days after the date of this Order.

(10) Defendants are directed to file a response to the amended complaint no later than 60 days after

the amended complaint is filed.

(11) If a motion to dismiss is filed, Lead Plaintiff is directed to file a response to such motion no later than 30 days after such motion is filed.

**DONE AND ORDERED.**

M.D.Fla.,2008.
Eastwood Enterprises v. Farha
Slip Copy, 2008 WL 687351 (M.D.Fla.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

Summary 5,

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x
WILLIAM L. WESNER, Individually and On :   Civil Action No. 1:07-cv-11225-RJS
Behalf of All Others Similarly Situated,   :
  :   <u>CLASS ACTION</u>
          Plaintiff,   :
  :
    vs.   :
  :
UBS AG, et al.,   :
  :
          Defendants.   :
—————————————————————— 
ROBERT GARBER, Individually and On :   Civil Action No. 1:08-cv-00969-RJS
Behalf of All Others Similarly Situated,   :
  :   <u>CLASS ACTION</u>
          Plaintiff,   :
  :
    vs.   :
  :
UBS AG, et al.,   :
  :
          Defendants.   :
—————————————————————— x


**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING ACTIONS,
APPOINTING LEAD PLAINTIFFS AND APPROVING LEAD
PLAINTIFFS' SELECTION OF LEAD COUNSEL**

WHEREAS, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C.
§78u-4(a)(3)(B)(iii), provides, *inter alia*, that the most adequate plaintiff to serve as lead plaintiff is,
in the determination of the Court, the "person or group of persons" that has the largest financial
interest in the relief sought by the class and otherwise satisfies the requirements of Fed. R. Civ. P.
23;

WHEREAS, on February 11, 2008, a motion was filed by the City of Pontiac Policemen's
and Firemen's Retirement System ("Pontiac"), Arbejdsmarkedets Tillægspension ("ATP"), Arca
SGR S.p.A., Tyne and Wear Pension Fund and United Super Pty Ltd as Trustee of Cbus
(collectively, the "Global Funds Group") seeking consolidation, appointment as Lead Plaintiff and
approval of its selection of the law firms of Coughlin Stoia Geller Rudman & Robbins LLP and
Schiffrin & Barroway Topaz & Kessler, LLP as Lead Counsel;

WHEREAS, on February 11, 2008, a motion was filed by Deka International (Ireland) Ltd.,
International Fund Management, S.A. (Luxemburg) ("IFM"), Union Asset Management Holding AG
("Union"), Landesbank Berlin Investment GmbH, Erste-Sparinvest Kapitalanlagegesellschaft
m.b.H., and the Arkansas Public Employees Retirement System (collectively, the "Institutional
Investor Group") seeking consolidation, appointment as Lead Plaintiff and its approval of Grant &
Eisenhofer, P.A. and Motley Rice LLC as Lead Counsel;

WHEREAS, on February 11, 2008, a motion was filed by the Police and Fire Retirement
System of the City of Detroit and Detroit General Retirement System (collectively, the "Detroit
Funds") seeking consolidation, appointment as Lead Plaintiff and their approval of Kirby McInerney
LLP as Lead Counsel;

WHEREAS, the Global Funds Group, the Institutional Investor Group and the Detroit Funds
believe it is in the best interests of the putative class for ATP, Pontiac, Union, and IFM (collectively,

- 1 -

the "UBS Institutional Investors") to jointly litigate this action as Lead Plaintiffs and for their choice of counsel to serve as Lead Counsel;

IT IS HEREBY STIPULATED and AGREED, subject to the Court's approval, as follows:

1.      The Related Actions are hereby consolidated for all purposes under Fed. R. Civ. P. 42(a);

2.      The UBS Institutional Investors are appointed to serve as Lead Plaintiffs in the above-captioned action pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

3.      The UBS Institutional Investors' selection of the law firms of Schiffrin Barroway Topaz & Kessler, LLP, Grant & Eisenhofer, P.A., and Motley Rice LLC as Lead Counsel is hereby approved.  Coughlin Stoia Geller Rudman & Robbins LLP shall serve as Liaison Counsel for the Class.  These firms will serve as Class Counsel and, as such, shall provide general supervision of the activities of plaintiff's counsel and shall have the following responsibilities and duties to perform or delegate as appropriate:

(a)      to brief and argue motions;

(b)      to initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel, the preparation of written interrogatories, requests for admissions, and requests for production of documents;

(c)      to direct and coordinate the examination of witnesses in depositions;

(d)      to act as spokesperson at pretrial conferences;

(e)      to call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

- 2 -

      (f)     to initiate and conduct any settlement negotiations with counsel for defendants;

      (g)     to provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

      (h)     to consult with and employ experts;

      (i)     to receive and review periodic time reports of all attorneys on behalf of plaintiffs, to determine if the time is being spent appropriately and for the benefit of plaintiffs, and to determine and distribute plaintiffs' attorneys' fees; and

      (j)     to perform such other duties as may be expressly authorized by further order of this Court.

DATED: March 3, 2008

                      COUGHLIN STOIA GELLER
                        RUDMAN & ROBBINS LLP
                      SAMUEL H. RUDMAN
                      DAVID A. ROSENFELD

                      DAVID A. ROSENFELD

                      58 South Service Road, Suite 200
                      Melville, NY 11747
                      Telephone: 631/367-7100
                      631/367-1173 (fax)

                      [Proposed] Liaison Counsel

SCHIFFRIN BARROWAY TOPAZ
  & KESSLER, LLP
ANDREW L. BARROWAY
DARREN J. CHECK
SEAN M. HANDLER

_____
              SEAN M. HANDLER
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

GRANT & EISENHOFER, P.A.
JAY W. EISENHOFER
SIDNEY S. LIEBSMAN

_____
              SIDNEY S. LIEBSMAN
Chase Manhattan Centre
1201 North Market Street
Wilmington, DE 19801
Telephone: 302/622-7000
302/622-7100 (fax)

MOTLEY RICE LLC
ANN K. RITTER

_____
              ANN K. RITTER
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (fax)

[Proposed] Co-Lead Counsel for Plaintiffs

- 4 -

KIRBY MCINERNEY LLP
IRA M. PRESS

_IRA PRESS_

830 Third Ave., 10th Floor
New York, NY 10022
Telephone: 212/371-6600
212/751-2540 (fax)

Counsel for the Detroit Funds

• • •

**ORDER**

IT IS SO ORDERED.

DATED: 3/6/08

THE HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

*MHN*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM and BROCKTON CONTRIBUTORY RETIREMENT SYSTEM, individually and on behalf of all others similarly situated, | No. 07 C 7014 |
| Plaintiffs, | Judge Robert W. Gettleman |
| v. | |
| DANIEL C. USTIAN, ROBERT C. LANNERT, MARK T. SCHWETSCHENAU, NAVISTAR INTERNATIONAL CORPORATION, and DELOITTE & TOUCHE LLP. | |
| Defendants. | |

## [PROPOSED] ORDER

WHEREAS, the proposed lead plaintiffs, the Norfolk County Retirement System ("Norfolk") and the Plumbers Local Union 519 Pension Trust ("Local 519") who had each filed motions for appointment as lead plaintiff, but have now agreed that it is in their best interests and the best interests of the proposed class to resolve those motions by agreement and for Norfolk and Local 519 to jointly serve as lead plaintiffs in the above captioned action;

WHEREAS, the motions and supporting memoranda and exhibits filed by Norfolk and Local 519 establish that each filed a timely motion for appointment as lead plaintiff, that each has a significant financial interest in the litigation, and that both are fit to serve as lead plaintiffs on behalf of the proposed class; and

WHEREAS, Norfolk and Local 519 have selected experienced and capable counsel to

represent them, and the Court, having considered the motions and supporting materials filed by

the proposed lead plaintiffs, and for good cause shown, HEREBY ORDERS AS FOLLOWS:

      1.      The Court determines that proposed class members Norfolk and Local 519 jointly

constitute the "most adequate plaintiff" pursuant to the Securities Exchange Act of 1934 (the

"Exchange Act"), as amended by the Private Securities Litigation Reform Act (the "PSLRA"), 15

U.S.C. § 78u-4(a)(3)(B), and appoints Norfolk and Local 519 as lead plaintiffs in this action.

      2.      Norfolk and Local 519, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15

U.S.C. § 78u-4(a)(3)(B)(v), have selected and retained competent counsel to represent the

proposed class and the Court approves lead plaintiffs' selection of Wolf Popper LLP and

Coughlin Stoia Geller Rudman & Robbins LLP as Co- Lead Counsel and Robinson Curley &

Clayton, P.C. as Liaison Counsel.

      3.      The Court has made no determination that the proposed lead plaintiffs may serve

as representatives of any putative class or that any such class should be certified. Any findings

herein are without prejudice to any and all arguments the parties may raise in a motion to dismiss

and in opposition to any motion for class certification, including any arguments about the

appropriateness of maintaining this action as a class action or appointing any plaintiff as class

representative.

      4.      The lead plaintiffs shall file an amended complaint by May 1, 2008;

      5.      Defendants shall answer or otherwise respond to the amended complaint by June

13, 2008;

      6.      If Defendants file a motion to dismiss, it shall be noticed for presentment on June

17, 2008, at 9:30 am, at which time a briefing schedule shall be set;

7.    The schedule set forth above supersedes any schedule previously ordered or agreed to in this case.

IT IS SO ORDERED.

Dated this _18th_ day of _March_, 2008.

_____
UNITED STATES DISTRICT COURT JUDGE

3