Joseph W. Cotchett
Steven N. Williams
**COTCHETT, PITRE & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:    (650) 697-6000
Facsimile:    (650) 697-0577

Stanley M. Grossman
Marc I. Gross
Jeremy A. Lieberman
**POMERANTZ HAUDEK BLOCK
  GROSSMAN & GROSS LLP**
100 Park Avenue
New York, New York 10017-5516
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

Patrick V. Dahlstrom
Joshua B. Silverman
**POMERANTZ HAUDEK BLOCK
  GROSSMAN & GROSS LLP**
One North LaSalle Street
Suite 2225
Chicago, Illinois 60602
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

**Attorneys for Plaintiffs CLAL Finance Batucha Investment Management Ltd.
And Direct Investment House**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE VERIFONE HOLDINGS, INC. SECURITIES LITIGATION, | No. C 07-06140 MHP <br><br> Honorable Marilyn Hall Patel <br> Courtroom 15 |

## SUPPLEMENTAL SUBMISSION OF CLAL FINANCE BATUCHA INVESTMENT MANAGEMENT, LTD. AND DIRECT INVESTMENT HOUSE PURSUANT TO THE COURT'S MAY 14, 2008 ORDER

SUPPLEMENTAL SUBMISSION OF CLAL FINANCE BATUCHA INVESTMENT MANAGEMENT, LTD.'S AND DIRECT
INVESTMENT HOUSE

1    Lead Plaintiff Movants Clal Finance Batucha Investment Management, Ltd. ("CLAL")
2    and Direct Investment House Ltd. ("Direct") respectfully submit this supplemental submission in
3    response to this Court's May 14, 2008 Order ("May 14 Order") requesting additional information
4    from Lead Plaintiff Movants regarding their motion for appointment as Lead Plaintiffs (Docket #
5    124).

6

7    **I.    Summary of Results Pursuant to the May 14, 2008 Order**

8    A.    CLAL

9    As fully set forth in Schedule A to the *Declaration of Yossi Alharal In Response to the*
10   *Court's May 14, 2008 Order Requesting Supplemental Information* ("Alharal Declaration"),
11   CLAL held a total of 396 Lipman shares in its referenced accounts immediately preceding
12   Lipman's November 1, 2006 merger with Verifone. The amount of Lipman shares converted to
13   Verifone shares was 396. *Id.* Seventy six of these shares were owned by Illan Ekron and 320
14   were owned by T.V. Sadot. These shares of Lipman were purchased by CLAL on the Tel Aviv
15   Stock Exchange ("TASE"). *Id.* CLAL had complete authority to vote these shares as well as
16   complete authority to purchase and sell these shares at its discretion. *Id.,* Alharal Decl. ¶¶ 2,3.
17   Moreover, CLAL did not have any information regarding Lipman that was not generally
18   available to the public outside of Israel and none of CLAL's officers or directors had any
19   relationship with Lipman prior to the November 1, 2006 merger. *Id.,* Alharal Decl. ¶ 4.
20

21   As fully set forth in Schedule B to the Alharal Declaration, ***excluding the 396 shares***
22   ***referenced above***, CLAL purchased 476,882 Verifone shares in the referenced accounts during
23   the period of August 30, 2006 through December 3, 2007 at a cost of $21,078,680. During this
24   same period, CLAL sold 380,839 shares for proceeds of $16,547,247. CLAL retained 96,043
25   shares as of December 3, 2007. The amount paid for the retained shares–calculated pursuant to
26   the Court's instructions on Page 4 of the May 14 Order is $4,802,408. CLAL's total losses
27   incurred from these retained shares is $2,559,975. CLAL had complete authority to vote these
28

1  shares as well as complete authority to purchase and sell these shares at its discretion. *Id.,*

2  Alharal Decl. ¶¶ 6,7.

3      **B.**    <u>**Direct**</u>

4         As fully set forth in Schedule A to the *Declaration of Ron Aharon In Response to the*

5  *Court's May 14, 2008 Order Requesting Supplemental Information,* ("Aharon Decl."), Direct

6  held a total of 62,580 Lipman shares in its referenced accounts immediately preceding Lipman's

7  November 1, 2006 merger with Verifone.  The amount of Lipman shares converted to Verifone

8  shares after the merger is 62,580. *Id.*  All of these shares were owned by Direct and were

9  purchased on the TASE.  Direct had complete authority to vote these shares as well as complete

10  authority to purchase and sell these shares at its discretion. *Id.,*  Aharon Decl. ¶ 3,4.  Moreover,

11  Direct did not have any information regarding Lipman that was not generally available to the

12  public outside of Israel and none of Direct's officers or directors had any relationship with

13  Lipman prior to the November 1, 2006 merger.  *Id.,* Aharon Decl. ¶ 5.

14  

15         As fully set forth in Schedule B to the Aharon Declaration, ***excluding Direct's shares***

16  ***gained as a result of the Lipman merger,*** Direct purchased 80,545 shares in the referenced

17  accounts during the period of August 30, 2006 through December 3, 2007 at an expenditure of

18  $3,088,135.  During this same period, Direct sold 47,568 shares for proceeds of $1,853,980. *Id.*

19  Direct retained 32,977 shares as of December 3, 2007. *Id.*  The amount paid for the retained

20  shares–calculated pursuant to the Court's instructions on page 4 of the May 14 Order–is

21  $1,364,421. *Id.*  Direct's total losses incurred from these retained shares is $407,390.  Direct

22  had complete authority to vote these shares as well as complete authority to purchase and sell

23  these shares at its discretion. *Id.,* Aharon Decl. ¶¶ 6,7.

24  

25      II.    **Verifone's Recent Audit Committee Findings Demonstrate That The Class**

26                **Period inThis Action Should Be from March 1, 2007 through December 3,**

27                **2007.**

28

1    On April 3, 2008, Movants informed the Court that the Audit Committee had completed

2   its investigation into the accounting errors which triggered this litigation. (Docket # 116). The

3   findings of the Audit Committee cement CLAL and Direct's argument that, at this stage of the

4   proceedings,  the only viable Class Period that can be advanced under the heightened pleading

5   requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") is  March 1,

6   2007 through December 3, 2007. Specifically the Audit Committee has concluded that the

7   Company will only be restating its financial statements for the three month periods ended

8   January 31, 2007, April 30, 2007, and July 31, 2007.

9       The first statement made by Verifone that incorporated the false financial results for the

10  period ended January 31, 2007 is the Company's March 1, 2007 press release announcing the

11  Company's financial results. There are no other allegations supporting earlier wrongdoings cited

12  in the operative complaints. Accordingly, there is no good faith basis to allege a Class Period

13  that precedes March 1, 2007. Indeed, the three remaining individual complaints that have alleged

14  an extended Class Period[1], fail to demonstrate any factual basis to substantiate their allegations

15  that statements made prior to March 1, 2007 were materially false or misleading.

16

17                          Overview Of the Audit Committee's Findings

18      The Audit Committee's independent investigation, which began on December 3, 2007,

19  involved approximately 70 professionals retained by the Audit Committee's independent counsel

20  and forensic accountants. The investigation reviewed more than 5 million documents and

21  conducted 25 interviews of current and former employees. The investigation confirmed that:

22          •       incorrect manual journal and elimination entries were made with respect to
23                  certain inventory-related matters;

24          •       existing policies with respect to manual journal entries were not followed;
25                  and,

26

27      [1] On March 19, 2007, the plaintiff in *Vaughn v. Verifone Holdings, Inc.*, No. C 07-0617
    VRW, (N.D. Cal.), voluntarily dismissed the action, leaving only three complaints with an extended
28  Class Period.

SUPPLEMENTAL SUBMISSION OF CLAL FINANCE BATUCHA INVESTMENT MANAGEMENT, LTD.'S AND DIRECT
INVESTMENT HOUSE REGARDING RECENT DEVELOPMENTS IN THIS ACTION                                          3

1

2         •     insufficient review processes and controls were in place to identify and

3              correct the erroneous entries in a timely manner.

4       As a result of these material errors and deficiencies, the Company is expected to issue a

5   restatement with the following adjustments:

6         •     previously reported inventories for the periods ending January 31, 2007,

7              April 30, 2007 and July 31, 2007 will be reduced by approximately $13 million, $23.9 million and $40.6million respectively;

8         •     previously reported operating income for the periods ending January 31,

9              2007, April 30, 2007 and July 31, 2007 will be decreased by

10             approximately $12.5 million, $9.8 million and $14.7 million respectively; and,

11         •     previously reported operating income for the nine months ended July 31,

12              2007 will be reduced by $36.9 million.

13       Given these findings, there is simply no evidentiary basis to allege a Class Period

14   beginning prior to March 1, 2007.

15       Under similar circumstances, Courts have not hesitated to ignore transactions proffered

16   by lead plaintiff movants when the underlying facts in the filed complaints failed to establish a

17   claim for such transactions. *See, In re Comverse Technology, Inc. Securities Litg.*, 2007 U.S.

18   Dist. LEXIS 14878, at *16 (E.D.N.Y. 2007) ("[i]t is clear that courts cannot include non-

19   recoverable losses in a calculation of each litigants financial interest . . . [a] court must first

20   determine what portion, if any, of a plaintiff's losses constitute potential recoverable losses"

21   when determining a lead plaintiff application).

22       Here, when the Court considers losses for the Class Period of March 1, 2007 through

23   December 3, 2007, it will find that CLAL has the single largest losses of any individual or group

24   that has filed a motion for appointment as Lead Plaintiff.

25

26

27

28

Conclusion

For the foregoing reasons CLAL and Direct should be appointed Lead Plaintiffs in this action and Pomerantz Haudek Block Grossman & Gross LLP should be appointed Lead Counsel.


Dated: June 13, 2008

                                    Respectfully Submitted,



                            By:     s/*Mark Molumphy*
                                    Mark Molumphy (State Bar No. 168009)

                                    Joseph W. Cotchett
                                    **COTCHETT, PITRE & McCARTHY**
                                    San Francisco Airport Office Center
                                    840 Malcolm Road, Suite 200
                                    Burlingame, California 94010
                                    Telephone:    (650) 697-6000
                                    Facsimile:    (650) 697-0577

                                    Stanley M. Grossman
                                    Marc I. Gross
                                    Jeremy A. Lieberman
                                    **POMERANTZ HAUDEK BLOCK**
                                    **  GROSSMAN & GROSS, LLP**
                                    100 Park Avenue
                                    New York, New York 10017
                                    Telephone: (212) 661-1100
                                    Facsimile: (212) 661-866

                                    Patrick V. Dahlstrom
                                    Joshua B. Silverman
                                    **POMERANTZ HAUDEK BLOCK**
                                    **  GROSSMAN & GROSS, LLP**
                                    One North LaSalle Street
                                    Suite 2225
                                    Chicago, Illinois 60602
                                    Telephone: (312) 377-1181
                                    Facsimile: (312) 377-1184


                                    **Attorneys for Plaintiffs**
                                    **CLAL Finance Batucha Investment**
                                    **Management, Ltd. and Direct Investment**
                                    **House**