1  Joseph W. Cotchett
   Steven N. Williams
2  **COTCHETT, PITRE & McCARTHY**
   840 Malcolm Road, Suite 200
3  Burlingame, California 94010
   Telephone:    (650) 697-6000
4  Facsimile:     (650) 697-0577

5  Stanley M. Grossman                              Patrick V. Dahlstrom
   Marc I. Gross                                    Joshua B. Silverman
6  Jeremy A. Lieberman                              **POMERANTZ HAUDEK BLOCK**
7  **POMERANTZ HAUDEK BLOCK**                       **GROSSMAN & GROSS LLP**
      **GROSSMAN & GROSS LLP**                      One North LaSalle Street
8  100 Park Avenue                                  Suite 2225
   New York, New York 10017-5516                    Chicago, Illinois 60602
9  Telephone:    (212) 661-1100                     Telephone:    (312) 377-1181
   Facsimile:     (212) 661-8665                    Facsimile:     (312) 377-1184

**Attorneys for Plaintiff CLAL Finance Batucha Investment Management Ltd.
And Direct Investment House (Provident Funds) Ltd.**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| IN RE VERIFONE HOLDINGS, INC. SECURITIES LITIGATION, | No. C 07-06140 MHP<br><br>Honorable Marilyn Hall Patel<br>Courtroom 15 |

**SUPPLEMENTAL MEMORANDUM IN RESPONSE TO
THE ISRAELI INSTITUTIONAL GROUP'S NOTICE OF
SUBSTITUTION OF COUNSEL AND IN FURTHER OPPOSITION
TO ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

Lead Plaintiff Movants CLAL Finance Batucha Investment Management, Ltd. ("CLAL") and Direct Investment House (Providence Funds) Ltd. ("Direct") respectfully submit this Supplemental Memorandum in response to the Israeli Institutional Group's Notice of Substitution of Counsel and in Further Opposition to its Motion for Appointment as Lead Plaintiff.

On July 8, 2008, the Israeli Institutional Group ("IIG") filed a Notice of Israeli Investor Group of Substitution of Proposed Lead Plaintiff and Liaison Counsel (the "Notice of Substitution"). (Docket Entry # 133). The Notice stated that it was seeking to substitute the firms of Motley Rice LLC as Lead Counsel and Kazan, McClain, Abrams, Lyons, Greenwood & Harley, PLC as Liaison Counsel in place of Chitwood, Harley, Haynes LLP and Schubert Jonckheer Kolbe & Kralowec LLP, respectively.  No explanation was given for the substitution, and no motion has been made to appoint Motley Rice as Lead Counsel or Kazan McClain as Liaison Counsel in this class action.

The substitution of counsel is highly unusual in class action securities litigation, especially while a motion for appointment of Lead Plaintiff and Lead Counsel is pending.  Here, prior to consideration of Motley Rice and Kazan McClain as Lead Counsel and Liaison Counsel, CLAL and Direct request that the Court consider who will actually be running the litigation if IIG is appointed lead plaintiff. In a document filed with the Notice of Substitution, Eran Rubinstein states that he and his wife Susan Boltz Rubinstein "were retained by the Israeli Institutional Group . . . to represent them in connection with the Verifone matter." Declaration of Eran Rubinstein (Docket Entry #133-2). Rubinstein states that at the time, he and his wife were "Of Counsel" to Chitwood Harley. *Id.* After the Rubinsteins left Chitwood Harley, IIG purportedly "made an informed choice to stay with [Eran Rubinstein] and Susan Boltz Rubinstein." *Id.*

Missing from any of the documents submitted by Rubinstein or Motley Rice is a signed statement from the client.  There is no indication as to why Chitwood Harley was

removed as counsel, or what the basis was for the "informed choice." Furthermore, there is nothing regarding the relationship between the Rubinsteins and Motley Rice or Kazan McClain. Nor is there any indication that IIG has entered into a retainer with Motley Rice, Kazan McClain, or the Rubinsteins upon the withdrawal of Chitwood Harley. The only constant in the filing by IIG is the Rubinsteins, who clearly are inadequate to act as counsel for the Class.

This juggling of lead counsel by the Rubinsteins is not new. In the past two years they have shopped their Israeli clients from Coughlin Stoia Geller Rudman and Robbins LLP to Berman DeValerio Pease Tabacco Burt & Pucillo LLP, back to Coughlan Stoia, then to Chitwood Harley. *See Berman DeValerio & Pease LLP v. Eran Rubinstein*, Civil Action No. 07 Civ. 12127 (PBS), Answer at ¶¶ 1-2 (D. Mass. March 27, 2008) (attached as Exhibit A). Their current filing shows that they can add Motley Rice to that list of firms.

According to the Rubinsteins,

> Over the last several years, **a significant part of the services rendered by the Rubinsteins** in addition to case work, **has been obtaining international institutional investors as clients to serve as lead plaintiffs in U.S. based securities class actions**. The Rubinsteins have been successful in their endeavors, have developed a good reputation in the business, **and have become known as attorneys with a book of clients and contacts made up of international investors**, most notably in Israel and Ireland.

*Id.,* Counterclaim at ¶ 25; *see also Eran Rubinstein v. Berman DeValerio Pease Tabacco Burt & Pucillo*, Civil Action No. 07-cv-04928-JG, Complaint, at ¶ 16 (E.D. Pa. Nov. 21, 2007) (attached as Exhibit B). The Rubinsteins stated that their "relationships with valuable contacts and clients . . . . were direct and personal ones that were not dependent upon their affiliation or employment with any particular law firm or company." *Id.*, at ¶ 17.

It is questionable whether the members of IIG understand what has been occurring in their names, or whether Motley Rice knows the history of the Rubinsteins' brokering of Israeli clients. Regardless, the Court should consider the public record and the Rubinstein's own admissions in addressing the adequacy of IIG to act as lead plaintiff and

SUPPLEMENTAL MEMORANDUM IN RESPONSE TO THE ISRAELI INSTITUTIONAL GROUP'S NOTICE OF SUBSTITUTION OF COUNSEL AND IN FURTHER OPPOSITION TO ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF      3

Motley Rice as lead counsel, and ask who actually is controlling this litigation on behalf of IIG, and what assurances there are that Motley Rice would continue as lead counsel were it to be so appointed. Based on their own admissions, being under contract by one law firm does not mean that the Rubinsteins will not take their "book of clients" and enter into an arrangement with counsel other than Motley Rice.[1] This proclivity to change allegiances is particularly troublesome in the class action setting. As the Third Circuit has noted:

> Attorneys who represent large classes of plaintiffs, rather than individual clients, have no less of an obligation to put their clients' interests ahead of their own. But members of such a class, unlike the active and involved individual clients of the traditional paradigm, frequently have little or no opportunity or incentive to monitor their attorneys' fidelity and zeal. Without such monitoring, class counsel may well give in to the temptation to shirk, to overcharge, or to prosecute or settle the case in a way that maximizes their own fees rather than the class's recovery . . . . The problem is particularly acute in securities class actions, in which thousands of small shareholders will have a modest financial interest in the outcome of a suit which can involve damages in the billions. Such small shareholders are unable or unlikely to carefully monitor class counsel.

*In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 187 (3d 2005) (citations omitted).

It is not in the Class's or this Court's best interest to have unappointed counsel substitute lead counsel on the whim of the unappointed counsel's self-interests. What is more, it is an affront to the Private Securities Litigation Reform Act of 1995 which was enacted to put an end to such attorney-driven behavior.

Rule 23(a)(4) requires prospective lead plaintiffs to establish that they "will fairly and adequately protect the interests of the class." In this regard, the focus of a court's inquiry is "whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class;

---

[1] In recommending that the Rubinstein's motion to dismiss the Massachusetts action, Magistrate Judge Sorokin found that "[O]n August 31, 2007, while still associated with [the Berman firm] in an Of Counsel capacity, [the Rubinsteins], by their own admission, 'decided to accept an offer made by [the Coughlin] firm' and began work Of Counsel to that firm on September 1, 2007." *Berman DeValerio Pease Tabacco Burt & Pucillo*, Civil Action No. 07-cv-12127-PBS, Report and Recommendation on Defendants' Motion to Dismiss or Transfer, at 5-6 (D. Mass. Feb. 7, 2008) (attached as Exhibit C).

and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000) (citation omitted).  In ascertaining the adequacy of counsel, courts consider: (1) the work counsel has done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (3) counsel's knowledge of the applicable law,  (4) the resources counsel will commit to representing the class, and (5) "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *See In re Initial Pub. Offering Sec. Litig.*, 227 F.R.D. 65, 70 (S.D.N.Y. 2004), *citing Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330 (S.D.N.Y.).  *See also In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992) ("Class counsel must be qualified, experienced and generally able to conduct the litigation.").

The Rubinsteins admit that they have practiced securities law for a mere six years, and only part of that time was on behalf of plaintiffs in class actions. *See Berman DeValerio & Pease LLP v. Eran Rubinstein*, Civil Action No. 07 Civ. 12127 (PBS), Counterclaim at ¶ 25 (Exhibit A); *Eran Rubinstein v. Berman DeValerio Pease Tabacco Burt & Pucillo*, Civil Action No. 07-cv-04928-JG, Complaint, at ¶ 16 (Exhibit B).  Moreover, they have not personally served as lead counsel in a securities class action, and are a two-person firm.  Accordingly, they lack the experience, knowledge and resources to satisfy the adequacy requirement under Rule 23(a)(4) and Rule 23(g).

The substitution of counsel here, while the motion for appointment of lead plaintiff is pending, and the Rubinstein's history of taking its "book of clients" from firm to firm, calls into question who is in control of IIG's litigation  All that the Court has in support of any substitute appointment of Motley Rice and Kazan McClain as Lead Counsel and Liaison Counsel is a declaration from Eran Rubinstein.  IIG is silent and Motley Rice only has submitted its firm resume.  There simply is not enough evidence to demonstrate that Motley Rice and the Rubinstein's satisfy the adequacy requirement for IIG pursuant to Rule 23(a)(4).

CONCLUSION

For the reasons stated herein, CLAL and Direct request that the Court deny appointment the appointment of IIG as lead plaintiff and deny the appointment of Motely Rice and Kazan McClain as Lead Counsel and Liaison Counsel.

Dated: July 16, 2008

>                                     Respectfully submitted,
>
>                                     **COTCHETT, PITRE & McCARTHY**
>
>                                     By:    s/*Marc Molumphy*
>                                     Marc C. Molumphy
>
>                                     Joseph W. Cotchett
>                                     San Francisco Airport Office Center
>                                     840 Malcolm Road, Suite 200
>                                     Burlingame, California  94010
>                                     Telephone:     (650) 697-6000
>                                     Facsimile:       (650) 697-0577
>
>                                     Stanley M. Grossman
>                                     Marc I. Gross
>                                     Jeremy A. Lieberman
>                                     **POMERANTZ HAUDEK BLOCK
>                                       GROSSMAN & GROSS, LLP**
>                                     100 Park Avenue
>                                     New York, New York 10017
>                                     Telephone: (212) 661-1100
>                                     Facsimile: (212) 661-866
>
>                                     Patrick V. Dahlstrom
>                                     Joshua B. Silverman
>                                     **POMERANTZ HAUDEK BLOCK
>                                       GROSSMAN & GROSS, LLP**
>                                     One North LaSalle Street
>                                     Suite 2225
>                                     Chicago, Illinois 60602
>                                     Telephone: (312) 377-1181
>                                     Facsimile: (312) 377-1184
>
>                                     **Attorneys for CLAL Finance
>                                     Batucha Investment Management, Ltd.
>                                     And Direct Investment House (Providence
>                                     Funds) Ltd.**