1  Joseph W. Cotchett
   Mark Molumphy
2  **COTCHETT, PITRE & McCARTHY**
   840 Malcolm Road, Suite 200
3  Burlingame, California 94010
   Telephone:   (650) 697-6000
4  Facsimile:   (650) 697-0577

5  Stanley M. Grossman                          Patrick V. Dahlstrom
   Marc I. Gross                                Joshua B. Silverman
6  Jeremy A. Lieberman                          **POMERANTZ HAUDEK BLOCK**
   **POMERANTZ HAUDEK BLOCK**                     **GROSSMAN & GROSS LLP**
7    **GROSSMAN & GROSS LLP**                   One North LaSalle Street
   100 Park Avenue                              Suite 2225
8  New York, New York 10017-5516                Chicago, Illinois 60602
   Telephone: (212) 661-1100                    Telephone: (312) 377-1181
9  Facsimile: (212) 661-8665                    Facsimile: (312) 377-1184
10
   **Attorneys for Plaintiff CLAL Finance**
11 **Batucha Investment Management Ltd.**

12

13                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
14

15 IN RE VERIFONE HOLDINGS, INC.,    )  Case No. C 07-6140 MHP
   SECURITIES LITIGATION             )
16                                   )
                                     )
17                                   )  Judge: The Hon. Marilyn H. Patel
                                     )  Courtroom: 15
18 _____)

19

20
   **NOTICE OF MOTION & MEMORANDUM OF POINTS AND AUTHORITIES IN
21 SUPPORT OF CLAL FINANCE BATUCHA INVESTMENT MANAGEMENT, LTD.'S
              MOTION TO CORRECT THE AUGUST 22, 2008 ORDER**
22

23

24

25

26

27

28

NOTICE OF MOTION & MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF CLAL FINANCE BATUCHA
INVESTMENT MANAGEMENT, LTD.'S MOTION FOR TO CORRECT THE AUGUST 22, 2008 ORDER

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that CLAL Finance Batucha Investment Management, Ltd. ("CLAL") moves this Court, the Honorable Marilyn H. Patel in Courtroom 15 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, pursuant to Fed. R. Civ. P. 60(a) to correct the Order dated August 22, 2008 (the "August 22 Order") which found that CLAL was potentially subject to a unique defense as a possible "day trader."

This Motion is made on the grounds that the August 22 Order – by omission or oversight – did not consider material facts in finding that CLAL was vulnerable to a "unique day-trader defense," and is based on the notice of motion, the memorandum of points and authorities in support thereof, the Declaration of Yossi Alharal, the pleadings and other files herein and such other written and oral arguments as may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

A day-trader is defined as "'[a] stock trader who holds positions for a very short time (from minutes to hours) and makes numerous trades each day. Most trades are entered and closed out within the same day.' Investopedia.com/terms/d/daytrader.asp." *Schreiber v. Worldco, LLC*, 324 F. Supp. 2d 512, 515 (S.D.N.Y. 2004). *See also* Forexforum.net/forex-glossary/day-trader.htm ("speculators who take positions which are then liquidated prior to the close of the same trading day"); Meriam-webster.com/dictionary/day%trader ("a speculator who seeks profit from the intraday fluctuation in the price of a security or commodity by completing double trades of buying and selling or selling and buying covering a single session of the market"). The Securities and Exchange Commission states that "true day traders do not own any stocks overnight because of the extreme risk that prices will change radically from one day to the next, leading to large losses." *See* www.sec.gov/investor/pubs/daytips.htm. Thus, "by strict definition, the day trader buys stocks each day and sells all shares of those stocks before the close

of each day. The day trader does not own any positions at the close of the day." Whentobuy.com/DayTrading.htm.

   The August 22 Order states that CLAL "could be subject to a unique defense," as it "may have an account that is a day-trader." August 22 Order at 15. In reaching this conclusion, the Court analyzed the number trades in one CLAL account – account number 248004 – and remarked that it "amounts to an <u>average</u> of over eight trades a day for a significant portion of the class period." *Id.* (underscore added). As the definitions above attest, trading on a daily basis is not the same as being a "day trader." One of the key elements to "day trading," as noted by the SEC, is that such traders clear their position in the security in which they are trading on a daily basis; they "do not own any stocks overnight." See www.sec.gov/investor/pubs/daytips.htm.

   The same trade information referenced by the Court for account number 248004 in the August 22 Order contained data which evinces that CLAL did not close out its positions on a daily basis, nor on any days in which it made intraday trades. *Id.*, citing Dahlstrom Dec., Exh. B at Attachment 1. Moreover, account number 248004 maintained a sizeable position in Verifone common stock throughout most of the period it was buying and selling, and maintained a long position throughout the last three months of the Class Period.

   By definition, therefore, account number 248004 was not a day trading account, and none of the other CLAL accounts evidence transactional information that satisfy the definition of a "day trader."

   CLAL advised in open court during the hearing on the motion for appointment of lead plaintiff that, contrary to the allegations of day trading, "[T]hey are not a day trader." *In re Verifone Holdings, Inc., Secs. Litig.*, No. C 07-6140 MHP, Transcript of Proceedings at 28:17 (Cal. N.D. March 17, 2008). That representation was made upon discussion with Yossi Alharal, CLAL's Chief Executive Officer, who was present at the hearing on March 17, 2008 (*id.*, at 20:24-21:5), and has further attested to the fact none of the accounts proffered on behalf of

NOTICE OF MOTION & MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF CLAL FINANCE BATUCHA INVESTMENT MANAGEMENT, LTD.'S MOTION TO CORRECT THE AUGUST 22, 2008 ORDER  2

CLAL's motion used a day trading investment strategy or were managed by day traders. *See* Declaration of Yossi Alharal, submitted herewith.

There is no evidence on the record to support a finding that any of the CLAL accounts were "day trading" Verifone common stock; *a fortiori* neither CLAL nor any of its accounts could be subject to any unique defense based on being a day-trader or incorporating a day trading investment strategy. Accordingly, CLAL requests that the Court grant its motion and correct the record to reflect that CLAL was not subject to a unique defense as a possible day trader.

CLAL seeks this correction to conform the Order to the facts and to protect itself from the prejudice that could inure from the misunderstanding that its accounts are subject to day trading regulations in the United States and Israel. "Day trading" is regulated by the New York Stock Exchange and NASDAQ, which, *inter alia*, have specific funding requirements for day trading accounts. *See, e.g.,* Financial Regulatory Industry Regulatory Authority (FINRA) Rule 2520, Day Trading Margin Requirements. The accounts listed in support of CLAL's motion for lead plaintiff are not subject to such regulations and should not be misunderstood as being regulated by rules such as FINRA 2520. Correcting the August 22 Order would conform the Order with the facts (*i.e.*, with the data and the definition of "day trader"), and remove any prejudice that the attribution of "day trader" may have on CLAL's accounts under market regulations in the United States and Israel.

## CONCLUSION

For the reasons stated herein, CLAL respectfully requests the Court grant its motion and correct the August 22 Order.

| | |
|---|---|
| 1 | Dated: September 8, 2008 |
| 2 | Respectfully submitted, |
| 3 | |
| 4 | **COTCHETT, PITRE & McCARTHY** |

By: _____

Joseph W. Cotchett
Mark Molumphy
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:   (650) 697-6000
Facsimile:    (650) 697-0577


Stanley M. Grossman
Marc I. Gross
Jeremy A. Lieberman
**POMERANTZ HAUDEK BLOCK
    GROSSMAN & GROSS, LLP**
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-866


Patrick V. Dahlstrom
Joshua B. Silverman
**POMERANTZ HAUDEK BLOCK
    GROSSMAN & GROSS, LLP**
One North LaSalle Street
Suite 2225
Chicago, Illinois 60602
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

**Attorneys for CLAL Finance
Batucha Investment Management, Ltd.**

---

NOTICE OF MOTION & MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF CLAL FINANCE BATUCHA
INVESTMENT MANAGEMENT, LTD.'S MOTION TO CORRECT THE AUGUST 22, 2008 ORDER                     4