ROBBINS GELLER RUDMAN
  & DOWD LLP
SANFORD SVETCOV (36561)
ELI R. GREENSTEIN (217945)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
sandys@rgrdlaw.com
elig@rgrdlaw.com
    – and –
PATRICK J. COUGHLIN (111070)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
patc@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VERIFONE HOLDINGS, INC. SECURITIES LITIGATION | Master File No. 3:07-cv-06140-MHP |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S APPENDIX OF ILLUSTRATIVE CHARTS AND EXHIBITS FILED IN CONNECTION WITH PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS |
| ALL ACTIONS. | |
| | DATE: May 17, 2010<br>TIME: 2:00 p.m.<br>COURTROOM: The Honorable Marilyn Hall Patel |

522236_1

## I. PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS

Lead Plaintiff National Elevator Industry Pension Fund ("plaintiff") hereby responds to Defendants' Objections to the Appendix to Plaintiff's Opposition to Defendants' Motion to Dismiss and to Exhibits to the Declaration of Eli R. Greenstein in Support Thereof ("Objections") (Docket Entry ("D.E.") 243). Defendants object to three documents: (a) plaintiff's Appendix of eight illustrative charts; (b) an article in *The Washington Post* quoting former WorldCom CEO Bernie Ebbers; and (c) two news articles reporting on the recent arrest of defendant Paul Periolat ("Periolat") for embezzlement. Defendants' objections are baseless and mischaracterize the content, use and purpose of the submissions, as set forth below.

### A. Plaintiff's Appendix of Illustrative Charts (D.E. 240-1)

Defendants erroneously object to plaintiff's Appendix attached to its main opposition to defendants' motions to dismiss. Objections at 1. The Appendix contains eight charts – used for illustrative purposes only – depicting certain facts and data already alleged in detail in the operative complaint concerning (a) financial trends related to VeriFone's acquisition of Lipman Electronic Engineering Ltd. ("Lipman"); and (b) defendants' insider trading patterns. The charts contain no legal argument or extraneous facts whatsoever. Each chart is simply a graphical illustration of facts and data *already alleged*, fully briefed and well known to defendants.

It is black letter law that facts and documents included in a complaint, or relied upon or incorporated by reference therein, are properly considered on a motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). Here, the data and facts illustrated in the charts are expressly alleged in the Second Amended Consolidated Complaint ("SAC") (D.E. 214). In fact, each chart is accompanied by an express reference to the particular paragraph(s) in the SAC where the underlying facts and data are alleged. *See, e.g.*, Appendix at 1 ("Chart based on data from SAC ¶147"), 2 ("Chart based on data from SAC ¶150"), 3 ("Charts are based on data from SAC ¶¶199-215 and Ex. 4"). The insider-trading charts are based on specific allegations in the SAC and a detailed exhibit attached to the SAC containing the details of every insider stock trade made by defendants since VeriFone's IPO in 2005. SAC, ¶¶199-215, Ex. 4. Thus, the information in the charts is properly before the Court.

Defendants' assertion that the Civil Local Rules "make[] no provision" for visual aids is baseless. Objections at 1. This Court undoubtedly has benefited from hundreds of visual aids, charts, graphs, blow-up graphics, demonstratives, PowerPoint presentations and diagrams submitted by parties in civil and criminal cases (including by defendants) to illustrate facts and data already in the record. There is nothing improper about such demonstratives, which is probably why defendants cannot cite a single rule, case or legal authority precluding the use of illustrative charts to aid the Court. Indeed, local case management rules expressly contemplate "[l]odging exhibits," including "schedules, summaries, diagrams and charts to be used at the trial." Civ. L.R. 16-10(b)(7). Proffering illustrative materials is no less permissible prior to trial. *See Marwaha v. SBC Global Servs.*, No. 05-cv-2015, 2006 U.S. Dist. LEXIS 72977, at *23 (N.D. Ohio Oct. 6, 2006) (denying defendants' motion to strike and holding that plaintiffs' use of "bar graphs" to illustrate certain data was proper and "may be presented for purely demonstrative purposes"); *Limantour v. Cray Inc.*, 432 F. Supp. 2d 1129, 1139 (W.D. Wash. 2006) ("Because [a 39-page list of facts] is a summarization of statements taken from other unopposed exhibits . . . and contains no meaningful argument from counsel, Exhibit A is not improper.").

Defendants' contention that the visual aids are "unquestionably attempts to extend the argument" is unquestionably inaccurate. Objections at 1. The charts contain no arguments, cases, legal authorities or factual discussions. In fact, the only actual ***words*** in the charts are non-argumentative headings and rote data identifiers, such as "Shares Sold," "Dollar Volume" and "Restated Margins." *See* Appendix at 1-8. Any "argument" made by plaintiff concerning the facts depicted in the charts was made properly in the opposition briefing. *See* D.E. 240 at 5 (discussion of facts set forth in Appendix at 1-2); *id.* at 27-33 (discussion of facts in Appendix 3-8). In fact, plaintiff's main opposition brief includes a detailed seven-page analysis of defendants' insider-trading data illustrated in the charts. *Id.* at 27-33. Thus, the notion that plaintiff is trying to "circumvent" page limits is incorrect. Further, despite 57 pages of opening motions and 41 pages of reply briefing, defendants never challenged or disputed the authenticity or accuracy of the underlying data illustrated in the charts. They cannot.

1      At the end of the day, defendants are objecting to plaintiff's visual aids not because they
2  dispute the authenticity or accuracy of the underlying data, but because the charts are simple,
3  straightforward and damaging to their arguments – especially their contentions regarding defendants'
4  prior trading history.  Understandably, defendants would like the facts and data to appear as complex
5  and confusing as possible for the Court – a common tactic when facts are unfavorable to a party.
6  The charts simplify the data and cut through all of the contrived complexity presented in defendants'
7  briefing.  There is nothing uncommon or improper about providing demonstrative charts to assist the
8  Court in illustrating issues already alleged and extensively briefed.  Defendants' objection and
9  request that plaintiff's Appendix be stricken is meritless and should be rejected.  *See, e.g.*, *SEC v.*
10 *Mozilo*, No. CV 09-3994-JFX (MANx), 2009 U.S. Dist. LEXIS 104689, at *21 (C.D. Cal. Nov. 3,
11 2009) ("Motions to strike are generally not granted unless it is clear that the matter at issue could
12 have no possible bearing on the subject matter of the case.").

13     It is also worth noting that while defendants falsely accuse plaintiff of providing "extended"
14 argument in the insider-trading charts (which are based on data extensively alleged and fully
15 briefed), they improperly use their reply briefs to make entirely *new* arguments that appear nowhere
16 in their opening motion.  *Compare* D.E. 245 at 7:17-8:8 (contending for the first time in Reply that
17 Zwarenstein's RSU stock "could not have been sold before the class period" and including new and
18 unsupported calculations regarding percentages of stock sold) *with* D.E. 228 at 8-10 (no mention of
19 those arguments).  Zwarenstein clearly knew about these arguments prior to filing of his current
20 motion.  In fact, he raised a similarly erroneous argument regarding RSUs (but not the new
21 percentage calculations) in his *previous* opening motion to dismiss (D.E. 168 at 8:10-15); but after
22 plaintiff proved the falsity of the argument using defendants' own exhibits in its prior opposition
23 (D.E. 174 at 27 n.9), Zwarenstein intentionally omitted that argument from his current motion to
24 dismiss.  He then waited until plaintiff had no chance to respond and slipped the erroneous new
25 arguments into his reply brief.  D.E. 245 at 8.  This attempt to sandbag plaintiff in the reply brief
26 with new arguments not raised in the opening motion (and already disproved in an earlier brief) is
27 improper and should not be countenanced.  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)
28 ("The district court need not consider arguments raised for the first time in a reply brief.").

### B. The Bernie Ebbers Quote (D.E. 239-4)

Defendants spend nearly two pages of argument and cite seven judicial opinions in an effort to strike a passing reference to a well publicized quote by former WorldCom CEO Bernie Ebbers. Objections at 1-3. Plaintiff referred to the quote as part of an overall background discussion and analysis of the legislative history and reasoning behind the certification requirement of §302 of the Sarbanes-Oxley Act of 2002 ("SOX"). *See* D.E. 240 at 22. Incredibly, defendants' attack on the Ebbers quote contains far more legal argument and analysis than defendants' *entire* motion in response to plaintiff's detailed and particularized SOX allegations. In fact, defendants essentially ignored that section of plaintiff's SAC and the four pages of legal argument pertaining to SOX in plaintiff's opposition. *Compare* D.E. 240 at 22-25 (plaintiff's SOX analysis) *with* D.E. 245 at 9 (Zwarenstein's one-line reference to SOX allegations); D.E. 242 at 13 (VeriFone's two-sentence response).

Defendants' objection mischaracterizes the purpose of the Ebbers quote. Plaintiff is not offering the quote to prove the truth of its contents – and defendants certainly cannot dispute that *The Washington Post* published the quote. It is simply part of an overall background discussion of the spirit and meaning of SOX §302. Notably, defendants do not mention the other quotes and references in that section, and they virtually ignore plaintiff's analysis, including numerous cases surrounding the "severely reckless" standard for SOX certifications (D.E. 240 at 23-24) and the disingenuous contention by Bergeron that he "is not alleged to have any kind of accounting background." D.E. 240 at 22:14. Instead of focusing on a passing reference to Ebbers, defendants are required to address plaintiffs' *substantive* arguments regarding the fraudulent representations made in their SOX certifications. Defendants' attempt to deflect attention from their severely reckless SOX certifications by attacking a one-line background quote should be rejected.

### C. Media Articles Reporting the Arrest of Defendant Periolat (D.E. 239-7)

Defendants' final objection is to two local Bay Area articles reporting on the arrest of defendant Periolat for alleged embezzlement of funds from a Roseville, California youth sports group. Objections at 3-4. Again, defendants' objection misconceives the purpose of the articles. As

1  plaintiff clearly explained when referencing the articles in its Periolat opposition (D.E. 238 at 14
2  n.4), plaintiff is not offering the articles for their truth – although certainly the fact that a citizen was
3  arrested and charged with a public crime is publicly available and undisputable information – but
4  rather as a proffer of newly discovered facts that were unavailable to plaintiff upon filing the SAC
5  that may be connected to the SEC fine and relevant under Fed. R. Evid. 404(b).  Those facts may
6  later be added to the complaint by amendment, if necessary, pending the development of the
7  connection between the timing of the alleged $25,000 embezzlement and the payment of the $25,000
8  fine imposed by the SEC.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052-53 (9th Cir.
9  2003).  Defendants' objection to the proffer of a newly discovered fact for purposes of potential
10 amendment is meritless and should be overruled.

**II.    CONCLUSION**

Based on the foregoing, defendants' objections should be overruled.

DATED:  May 12, 2010                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SANFORD SVETCOV
ELI R. GREENSTEIN


                                        /s/
                                    ELI R. GREENSTEIN

100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 12, 2010.

/s/
ELI R. GREENSTEIN

ROBBINS GELLER RUDMAN
    & DOWD LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

E-mail: elig@rgrdlaw.com

522236_1

PLTF'S RESP TO DEFS' OBJS TO PLTF'S APPX OF ILLUSTRATIVE CHARTS & EXHS FILED IN CONNECTION WITH PLTF'S OPP TO DEFS' MOTIONS TO DISMISS - 3:07-cv-06140-MHP - 6 -

## Mailing Information for a Case 3:07-cv-06140-MHP

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis A. Bottini , Jr**
  frankb@johnsonbottini.com,brett@johnsonbottini.com,derekw@johnsonbottini.com,paralegal@johnsonbottini.com

- **Brendan P. Cullen**
  cullenb@sullcrom.com,carrejoa@sullcrom.com,singhl@sullcrom.com,halls@sullcrom.com

- **Timothy Alan DeLange**
  kristinas@blbglaw.com,takeok@blbglaw.com,timothyd@blbglaw.com

- **Jordan Eth**
  jeth@mofo.com,nurbina@mofo.com

- **Daniel C. Girard**
  dcg@girardgibbs.com,akl@girardgibbs.com

- **Eli Greenstein**
  Elig@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Stanley M. Grossman**
  smgrossman@pomlaw.com

- **Nicole Catherine Lavallee**
  nlavallee@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Brian Lawrence Levine**
  BLevine@mofo.com,vvandergrift@mofo.com

- **Jonathan Krasne Levine**
  jkl@girardgibbs.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com

- **Mark Cotton Molumphy**
  mmolumphy@cpmlegal.com,jhamilton@cpmlegal.com,jthigpen@cpmlegal.com,obacigalupi@cpmlegal.com,bgoldman@cpmlegal.com

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

- **Juden Justice Reed**
  plee@schubert-reed.com,akeng@schubert-reed.com,rschubert@schubert-reed.com

- **Patrick David Robbins**
  probbins@shearman.com,rcheatham@shearman.com

- **Dana Anthony Rodriguez**
  drodriguez@mofo.com,cpeplinski@mofo.com

- **Eran Rubinstein**
  erubinstein@chitwoodlaw.com

- **Robert C. Schubert**
  rschubert@schubertlawfirm.com

- **Aaron M. Sheanin**
  ams@girardgibbs.com,ras@girardgibbs.com,amv@girardgibbs.com

- **Arthur L. Shingler , III**
  ashingler@scott-scott.com,efile@scott-scott.com

- **Michael Howard Steinberg**
  steinbergm@sullcrom.com

- **Sean Travis Strauss**
  sean.strauss@shearman.com

- **Steven Noel Williams**
  swilliams@cpmlegal.com,jverducci@cpmlegal.com,cwalker@cpmlegal.com,rjit@cpmlegal.com,aliang@cpmlegal.com,medling@cpmlegal.com,pmenzel@cpmlegal.co

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)