UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE VERIFONE HOLDINGS, INC. SECURITIES LITIGATION.<br><br>_____/ | Master File No. C-07-6140 EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING**<br><br>**(Docket Nos. 306, 307)** |

Currently pending before the Court is the lead plaintiff's unopposed motion for preliminary approval of a class action settlement. Having reviewed the papers submitted, the Court hereby orders that the parties submit supplemental briefing and/or evidence on the following issues.

(1) The parties request that the Court "certify the Class for settlement purposes." *See* Docket Nos. 307 (Mot. at pg. 1); 307-1 (Proposed Order Preliminarily Approving Settlement and Providing Notice, at ¶¶ 2, 3) ("The Court hereby certifies a Class, for settlement purposes only"; "the Court finds for purposes of effectuating this settlement" that the requirements are Rule 23(a) are met). Yet, the parties do not address the requirements of Rule 23(a). When a settlement is reached prior to class certification, "courts peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *See Kagan v. Wachovia Securities, LLC*, Nos. C09-5337 SC, C11–0412 SC, 2012 WL 1109987, at *4 (N.D. Cal. April 2, 2012) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)). *See also In re Wireless Facilities, Inc. Securities Litig.*, 253 F.R.D. 630, 633 (S.D. Cal. 2008) ("Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes. . .A conditionally-certified class must still satisfy Rule 23(a) and (b) requirements."); Manual For

Complex Litigation (4th ed.), § 21.132 ("When a case settles as a class action before certification, the parties must present the court a plan for notifying the class and, if Rule 23(b)(3) applies, providing an opportunity to opt out, along with the motions for *certification* and preliminary approval of the settlement.") (emphasis added).

(2) The parties provide little in the way of estimates of maximum value of the case if the lead plaintiff had prevailed on the merits. The parties should provide these estimates with an explanation of its calculation.

(3) The parties estimate that class members will be paid an average of approximately $.071 per share of common stock, before deduction of court-approved expenses. *See* Docket No. 307-1 (Notice of Proposed Settlement). This appears to represent 10.5 - 16.7% of the maximum judgment. The parties should explain why this proportion of recovery fairly reflects the litigation risks.

(4) The parties have agreed that any balance remaining six months from the date of the initial distribution from the Settlement Fund (*e.g.*, uncashed checks or tax refunds) shall be reallocated to Authorized Claimants in an "equitable and economic fashion." *See* Docket No. 306 (Stipulation of Settlement, ¶ 5.6). "Equitable and economic fashion" should be defined.

(5) For the class notice, the parties should address why the first page of the notice does not include a statement (in bold) as to what the average anticipated payment will be.

(6) For the class notice, the parties should address whether the chart on page 3 of the notice should be clarified. First, because a class member's potential options (*i.e.*, "SUBMIT A CLAIM FORM," "EXCLUDE YOURSELF," "OBJECT," "GO TO HEARING," or "DO NOTHING") are set forth separately, the notice confusingly implies, for example, that a class member cannot both submit a claim form <u>and</u> object. Second, the same chart does not explicitly state the implications of the options "SUBMIT A CLAIM" and "DO NOTHING," both of which result in a full release of all claims, known or unknown.

(7) For the class notice, the parties should discuss whether the mechanics of the "FIFO method," see Docket No. 307-1 (Ex. A-1, at pg. 11) (Class Notice), should be explained further, in addition to what impact the method has on claims made by class members who held publicly-traded

2

1 VeriFone securities at the beginning of the class period or made multiple purchases or sales during
2 the class period.

3   (8)  For the class notice, the parties should discuss whether the notice in addition to the
4 average per-share estimate (in addition to the aggregate figure) should include an estimate of the
5 potential damages per share. *See e.g., In re Veritas Software Corp. Securities Litig.*, 496 F.3d 962,
6 969 (9th Cir. 2007) (explaining that the reason the PSLRA requires inclusion of the "average
7 amount of damages per share" in the class notice is to assist class members in "weigh[ing] the risks
8 and rewards of proceeding to trial or participating in the proposed settlement," by comparing
9 average recovery per share against potential damages per share).

10   Supplemental briefing and/or evidence shall be filed by the parties by **5:00 p.m., September
11 12, 2013**. In light of the need for supplemental briefing, the September 19 hearing is continued to
12 **September 26, 2013 at 1:30 p.m.**

14   IT IS SO ORDERED.

16 Dated: September 5, 2013

                 _____
                 EDWARD M. CHEN
                 United States District Judge