**United States District Court**
For the Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8   IN RE VERIFONE HOLDINGS, INC.              Master File No. C-07-6140 EMC
    SECURITIES LITIGATION.
9

10  _____/   **ORDER PRELIMINARILY
                                                APPROVING SETTLEMENT AND
                                                PROVIDING FOR NOTICE**
11
                                                **(Docket No. 307)**
12

13

14          WHEREAS, a consolidated action is pending before this Court styled *In re VeriFone*

15  *Holdings, Inc. Securities Litigation*, Master File No. 3:07-cv-06140-EMC (the "Litigation");

16          WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

17  Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a

18  Stipulation of Settlement dated as of August 9, 2013 (the "Stipulation"), which, together with the

19  Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the

20  Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth

21  therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

22  and

23          WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation;

24          NOW, THEREFORE, IT IS HEREBY ORDERED:

25          1.      The Court does hereby preliminarily approve the Stipulation and the settlement set

26  forth therein, subject to further consideration at the Settlement Hearing described below.

27

28

United States District Court

For the Northern District of California

2. The Court hereby certifies a Class, for settlement purposes only, defined as: "all Persons who purchased VeriFone Publicly Traded Securities between August 31, 2006 and April 1, 2008 on any domestic or foreign exchange or otherwise, excluding all Defendants, VeriFone's former and current officers and directors and their families and affiliates. Also excluded from the Class are those Persons who validly and timely request exclusion from the Class."

3. With respect to the Class, this Court finds for purposes of effectuating this settlement that (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

4. A hearing (the "Settlement Hearing") shall be held before this Court on **February 6, 2014, at 1:30 p.m., at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA  94102**, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether the Final Order and Judgment as provided in ¶¶ 1.10 and 1.12 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel.  The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

5. The Settling Parties also presented the Court for review a plan to notify members of the proposed class, which sets out the terms of the settlement, including, *inter alia*, their options to

1   (1) remain in the proposed class and submit a claim; (2) opt out or exclude themselves from the

2   proposed class; (3) object to the proposed settlement and/or attend the Settlement Hearing; or (4) do

3   nothing, and the consequences thereof.  The Court approves, as to form and content, the Notice of

4   Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the

5   "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto and finds

6   that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in

7   the manner and form set forth in ¶¶ 5-6 of this Order meet the requirements of Federal Rule of Civil

8   Procedure 23 and due process, and is the best notice practicable under the circumstances and shall

9   constitute due and sufficient notice to all Persons entitled thereto.

10          6.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to

11  supervise and administer the notice procedure as well as the processing of claims as more fully set

12  forth below:

13          (a)     The Claims Administrator shall make reasonable efforts, as explained in the

14  Declaration of Peter L. Crudo, to identify all Persons who are Members of the Class and not later

15  than **October 30, 2013** (the "Notice Date"), the Claims Administrator shall cause a copy of the

16  Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to

17  be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort;

18          (b)     Not later than **November 9, 2013**, the Claims Administrator shall cause the

19  Summary Notice to be published once in *Investor's Business Daily*, once in *Globes*, and once over

20  the *Business Wire*;

21          (c)     Not later than **October 30, 2013**, the Claims Administrator shall include on

22  its website a calculator that will permit class members to input their transactions in VeriFone

23  securities and then obtain an estimate of their possible distribution, and provide a dedicated link to

24  the website in the Notice (www.VeriFoneSettlement.com);

25          (d)     Not later than **December 20, 2013**, the Claims Administrator shall mail a

26  reminder Notice to class members for whom the Claims Administrator has addresses that have not

27  responded;

28

3

(e)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing; and

(f)     Not later than **December 16, 2013**, the Claims Administrator shall post on its website the Stipulation and Exhibits, and the Motion for Final Approval of the Settlement, Plan of Allocation and Request for Attorney's Fees.

7.     Nominees who purchased VeriFone Publicly Traded Securities for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all beneficial owners of such VeriFone Publicly Traded Securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8.     All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

9.     Class Members who wish to participate in the settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than ninety (90) days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  If there are sufficient funds left in the Net Settlement Fund after six months from the initial date of distribution, the Claims

**United States District Court**
For the Northern District of California

4

United States District Court

For the Northern District of California

Administrator shall make a second distribution in an equitable and economic fashion.  As set forth in the Notice, the second distribution would be based on the percentage of the Net Settlement Fund that each such Authorized Claimant bears to the total of the claims of all Authorized Claimants who cashed their check in the initial distribution.  Additionally, only Authorized Claims who cashed their check in the initial distribution would receive a second distribution.

10.     Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

11.     Any Person falling within the definition of the Class may, upon request, be excluded from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than **December 30, 2013**.  A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases and sales of VeriFone Publicly Traded Securities made during the Class Period, including the dates of purchase or sale (unless such information is not readily available), the number of shares of common stock and/or put and call options purchased and sold, and the price paid or received for each such purchase or sale (unless such information is not readily available); and (c) that the Person wishes to be excluded from the Class.  Any Person may submit a Request for Exclusion for review if the person cannot find the prices or exact dates of the Person's purchases and sales of VeriFone Publicly Traded Securities made during the Class Period.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Order or Judgment entered in the Litigation.

12.     Any Member of the Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the Lead Plaintiff; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has filed said objections,

papers, and briefs with the Clerk of the United States District Court for the Northern District of California, on or before **December 30, 2013**.  Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for Lead Plaintiff, unless otherwise ordered by the Court.

13.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14.     All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served by **December 30, 2013**, fourteen (14) calendar days prior to the deadline for objections in ¶11.  Replies to any objections shall be filed and served by **January 16, 2014**, seven (7) calendar days prior to the Settlement Hearing.

15.     Neither the Defendants and their Related Parties nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

16.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or payment of expenses shall be approved.

17.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶ 2.6 or 2.7 of the Stipulation.

18.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the

1    Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or

2    wrongdoing of any kind.

3         19.     The Court reserves the right to adjourn the date of the Settlement Hearing without

4    further notice to the Members of the Class, and retains jurisdiction to consider all further

5    applications arising out of or connected with the proposed settlement.  The Court may approve the

6    settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate,

7    without further notice to the Class.

8         20.     If the Stipulation and the settlement set forth therein is not approved or consummated

9    for any reason whatsoever, the Stipulation and settlement and all proceedings had in connection

10   therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

11

12        IT IS SO ORDERED.

13

14   Dated:  October 15, 2013

15                                                   _____

16                                                   EDWARD M. CHEN
                                                     United States District Judge

United States District Court

For the Northern District of California

7