Joseph Darrell Palmer (SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer PC
2244 Faraday Avenue, Suite 121
Carlsbad, CA 92008
Telephone: (858) 215-4064
Facsimile: (866) 583-8115

Attorneys for Objector Jeff M. Brown

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VERIFONE HOLDINGS, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 3:07-cv-06140-EMC<br><br>**OBJECTIONS OF JEFF M. BROWN TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR** |

## I. INTRODUCTION

Class Member Jeff M. Brown ("Objector") files these Objections to the Stipulation of Settlement dated August 9, 2013 (the "Stipulation"), the Notice of Proposed Settlement of Class Action dated October 16, 2013 (the "Notice"), the Memorandum of Points and Authorities in Support of Motion for Award of Attorneys' Fees dated December 16, 2013 (the "Attorneys' Fees Motion") and any related exhibits, declarations or other documents filed in the above captioned matter.

Objector represents to the court he is a Class Member, qualified to make a claim. Jeff M. Brown's address is 750 S. Dixie Highway, Boca Raton, FL 33432. All communications should be directed to their counsel of record.

/ / /

/ / /

A. **Summary of the Action and the Settlement**

The settlement concerns a securities class action suit brought for certain purchasers of VeriFone Systems, Inc. (f/k/a VeriFone Holdings, Inc., "Verifone" or "the company") common stock and put and call options (collectively, "VeriFone Publicly Traded Securities") on any domestic or foreign exchange or otherwise during the period from August 31, 2006 to April 1, 2008, inclusive (the "Class Period").

VeriFone is an international producer and designer of electronic payment solutions. The company's products have included point-of-sale, merchant-operated, and self-service payment systems for a wide range of industries, including the financial services industry, government and health care providers. Plaintiffs claim that Verifone and some of its executives violated the federal securities laws by making false statements about the company's financial results. The false statements concerned financial results reported following Verifone's acquisition of Lipman Electronic Engineering Ltd. in April 2006 and additional financial results reported in the first three quarters of 2007. Additional allegations were made regarding the effectiveness of the Company's disclosure controls and procedures. Plaintiffs have pointed out that on December 3, 2007, VeriFone issued a press release announcing it would be restating its financial results for the first three quarters of 2007, and provided a preliminary estimate of the restatement. In response, the Company's stock price declined 46% from $48.03 on Friday, November 30, 2007 to $26.03 on Monday, December 3, 2007. The company's misstatements and other issues in the company's financial reporting and controls led to the Securities and Exchange Commission initiating an investigation and enforcement action, which the company settled.

Contrary to Class Counsel's assertions, proving the financial improprieties which resulted in artificially inflated stock prices and the later precipitous decline would not be difficult. Most information related to the price decline was publicly available and much of Class Counsel's hard work was devoted to reviewing documents provided by the Securities and Exchange Commission and the company's public filings.

Class Counsel has agreed to a settlement of $95 million in cash, or approximately $0.71 per share, a small percentage of the price drop alleged by Plaintiffs. The recovery is "before deduction of Court approved fees and expenses, including the cost of notifying Members of the Class and settlement

administration and any attorneys' fees and expenses awarded by the Court to counsel for the Lead Plaintiff." (Notice, p 1)

### B. The Standard for Approving a Proposed Class Action Settlement

In reviewing a proposed settlement, the district court has a duty to ensure the settlement is "fair, reasonable and adequate." Fed. R. Civ. Proc. 23(e)(2)  Appellate courts accord considerable deference to the district court's "knowledge of the litigants and of the strengths and weaknesses of their contentions". . . . and recognize that the district court "is in the best position to evaluate whether the settlement constitutes a reasonable compromise." *Grant v. Bethlehem Steel Corp. v. Bethlehem Steel Corporation*, 823 F.2d 20, 23 (2d Cir. 1987).  "Because class actions are rife with potential conflicts of interest between class counsel and Class Members, district judges presiding over such actions are expected to give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole." *Mirfashi v. Fleet Mortgage Corp.* 356 F.3d 781, 785 (7th Cir. 2004).

The court must be protective of unnamed Class Members.  "In approving a proposed class action settlement, the district court has a fiduciary responsibility to ensure that 'the settlement is fair and not a product of collusion, and that the Class Members' interests were represented adequately.'" *Grant*, citing *In re Warner Communications Sec. Litig.,* 798 F.2d 35, 37 (2d Cir.1986).  See also *Silber v. Mahon*, 957 F.2d 697, 701 (9th Cir. 1992) ("Both the class representative and the courts have a duty to protect the interests of absent Class Members.")

Courts also may refuse to approve a settlement if insufficient notice is provided to Class Members to protect their due process rights.  Fed. R. Civ. Proc. 23(e)(1) specifies that "direct notice" of a proposed settlement must be provided "in a reasonable manner to all Class Members who would be bound by the proposal."

## II. ARGUMENT AND OBJECTIONS

### A. Notice of the Proposed Settlement was Defective

#### 1. *Actual Notice was not Timely Received*

3

The Amended Order Preliminarily Approving Settlement and Providing For Notice required that the Claims Administrator mail a copy of the Notice and the Proof of Claim to all Class Members who could be identified with reasonable effort by October 30, 2013, the first notice this Objector received was in a postcard received on December 23, 2013.  The postcard informed Objector of the Settlement and the Settlement Website (www.verifonesettlement.com) and stated that a Proof of Claim and Release would be due January 29, 2014.  See Exhibit A.  The postcard referred to the website but did not provide even the most basic information, such as the deadline to either opt-out of the settlement or object.  The postcard itself should be deemed defective and misleading for this reason alone.  Given the late receipt of notice, counsel for Objector has been seriously compromised in the ability to investigate failings related to the mailing of Notice to determine why earlier Notice was not received.

### *2. The Notice is Misleading*

The "Notice Of Proposed Settlement Of Class Action" posted on the Settlement Website is misleading and this Objector asserts provides grounds for rejecting the settlement, or at the least requiring the Notice be revised and Class Members be given an opportunity to reconsider their decision to agree to the settlement, object to the settlement, or opt out.

The Notice suggests that the Settlement Website offers a "calculator" to help Class Members understand the settlement.  The Notice states:

> You can estimate the payment you might receive if all Class Members submit claims by inputting your transactions in VeriFone Publicly Traded Securities in a calculator at www.verifonesettlement.com.  Notice, Page 3, Para. 9.

Upon reviewing the website, however, the so-called "calculator" is a disguised procedure for getting Class Members to agree to the settlement.  Rather than making the calculator freely available, to use the calculator Class Members must click "I agree" to conditions of use in a "Disclaimer and Conditions of Use" page.  Before using the calculator, potential users must agree to the following

> A. By submitting an online Proof of Claim and Release ("Proof of Claim"), you are agreeing to submit to the jurisdiction of the United States District Court, Northern District of California.

> B. Your submission will constitute a release of your claims against the settling Defendants, their Related Parties and all other Released Parties as defined by the Stipulation of Settlement. Before you submit your Proof of Claim form, you will be required to review and agree to the terms of this release, just as you would if you submitted a paper Proof of Claim. . .

This so-called "disclaimer" also states:

> Please review carefully all of the information in the documents in the Notice and Proof of Claim packet you received in the mail. You may also review these important documents here. Do not submit an online Proof of Claim until and unless you have reviewed the Court-approved documents and agree to the terms and conditions contained in those documents.

Based on this disclaimer, it appears that rather than a useful tool to help Class Members evaluate the settlement, the online calculator is instead a cleverly designed deceptive device aimed at securing releases from unsuspecting Class Members. Maybe Class Members seeking to determine their potential recovery unwittingly submitted releases before they intended to do so. The Settlement should be rejected and Class Counsel should be required to provide the court with information regarding Class Members who submitted online claim forms. Those Class Members should be contacted to determine if they intended to agree to the settlement or were merely attempting to evaluate the settlement to make their decision.

### B. The Fee Request is Unreasonable

#### 1. *Class Counsel's Fee Request ignores the PSLRA*

A PSLRA fee request under the Securities Act of 1934 must met the requirements of 15 U.S.C. §78u-4(a)(6): "Total attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." "To determine a reasonable fee. . .it is necessary to understand what counsel has accomplished for their clients, the Class Members. This can only be done when the expenses paid by the class are deducted from the gross settlement." *Teachers' Ret. Sys. V. A.C.L.N.*, Ltd. 2004 U.S. Dist LEXIS 8608 at *20-*21 (S.D.N.Y. 2009); accord. *In re Initial Public Offering Securities Litig.*, 671 F. Supp. 2d 467, 514 (S.D.N.Y. 2009). Despite this Class Counsel seeks attorney's fees of 20% of the gross Settlement Fund, before deducting expenses incurred with the litigation. This is improper.

### 2. Class Counsel's Claim that the Fee Request should be granted because it is based on a Negotiated Agreement should be rejected.

To support their fee request Class Counsel argue on the one hand that the court should approve the fee award because it was negotiated at the beginning of the case with the Lead Plaintiff. Counsel claim "The substantial recovery obtained for the Class was achieved through the skill, work, tenacity, and effective advocacy of Lead Counsel in the face of considerable risk and determined opposition. . . [and] The amount requested is warranted in light of the substantial recovery obtained for the Class, the extensive efforts of counsel in obtaining this highly favorable result, and the significant risks in bringing and prosecuting this Litigation." Through Declarations of key executives, the Lead Plaintiff further claims it "supports the requested fee based on, among other things, the "excellent result" obtained." Fee Memo (Page 2, lines 12-13, citing Betts Decl., ¶6). The mutually congratulatory tone of Class Counsel and Lead Plaintiff is nothing more than puffery – to borrow a term used by securities litigators – which deliberately obscures the real issues with the attorney fee agreement. While a negotiated fee agreement may be afforded a presumption of reasonableness, that presumption matters little in the face of an misleading and excessive claim.

### 3. The Attorneys' Fees Claimed are Excessive

Aside from the fee agreement being negotiated in advance with the lead plaintiff, Class Counsel's claims for attorney's fees are based on three propositions:  (1) the riskiness of the litigation, (2) Class Counsel's hard work, skill and diligence, and (3) the excellent result obtained.  Each of these propositions will be looked at below in some detail.

#### a. The Risks of the Litigation

Class Counsel's claims regarding the riskiness of the litigation are overstated and misleading. Class counsel claim "This Litigation was prosecuted under the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and, therefore, was extremely risky and difficult from the outset. The PSLRA makes it harder for investors to bring and successfully conclude securities class actions."

This is misleading to say the least. Although it is difficult to summarize the vast empirical work

done on the PSLRA, it is easy to refute Class Counsel's claims regarding the extremely risky nature of post PSLRA securities litigation. Although Class Members may not know of the disingenuousness of the these claims, the court knows that the vast majority of PSLRA cases that are certified as class actions and not dismissed on motions to dismiss or summary judgment are terminated by settlement.

### b. Class Counsel's hard work, skill and diligence

#### 1) Much of the work appears to have been done by the SEC

Although Class Counsel claims to have devoted considerable effort to prosecution of the case, close analysis of the Seefer Declaration suggests that much of the work of documenting the alleged financial improprieties was done by the S.E.C. See Declaration Of Christopher P. Seefer In Support Of Plaintiff's Motion For Final Approval Of Settlement And Plan Of Allocation For Settlement Proceeds, And Application For Award Of Attorneys' Fees And Expenses. Although Seefer claims their attorneys reviewed over 300,000 pages of documents produced during discovery, much of the time spent appears to have been devoted to reviewing S.E.C. deposition transcripts, although it is not clear how many – if any – depositions were conducted by Class Counsel themselves. The Fee Motion refers to interviews of former Verifone employees done by Class Counsel's investigators, not depositions taken by their own attorneys. Given that much of the hard investigative work was done by the S.E.C., awarding high fees and a high multiplier to Class Counsel seems excessive.

#### 2) Class Counsel's Hourly Billing and Lodestar Calculations are Excessive

Class Counsel claims their attorneys and paraprofessionals devoted 8,527 hours to prosecution of the case since its inception, and request that a lodestar multiplier of 4.3 apply to their billing. The percentage of work done by senior attorneys, versus that done by non-lawyers is not provided in the Notice, and can only be obtained by reviewing Exhibit A to the RGRD Declaration (Declaration Of Christopher P. Seefer Filed On Behalf Of Robbins Geller Rudman & Dowd LLP In Support Of Application For Award Of Attorneys' Fees And Expenses (the "RGRD Declaration"), Exhibit A indicates that Partner billing rates ranged from $485 for Ramzi Abadou to $860 for Sandy Svetcov. Associate billing rates ranged from $315 to $430, and Of Counsel rates range from $395 to $880.

Oddly, , partner hours expended vastly exceeded that of associates and other more junior attorneys.  Seven partners billed 4202.5 hours, for total billing of $2,784,730, while Associates only billed 419.05 hours – or less than ten percent of the total hours spent.  When the lodestar multiplier is applied to Partner billing amounts, it emerges that Class Counsel's seven partners are requesting fees of $11,974,339.  Of Counsel to the firm billed 562 hours, including 429.7 hours at a rate of $880 billed by Patrick Coughlin, who was previously a named partner with the firm.  Applying the 4.3 lodestar multiplier requested, Coughlin claims fees of $1,625,984.80 at a rate of $3,784 per hour.  Mr. Coughlin and his firm served six bankers boxes of detailed billing records on all objectors and parties in the Enron case but here provide only summaries; this is not sufficient.

Further analysis of the Fee Motion reveals other omissions and oddities.  Class Counsel claims $31,198.82 for Meals, Hotels and Transportation.  Exhibit C to the declaration purports to provide dates and detail regarding these travel expenses, but the specific travel expenses claimed are not provided, rendering the information meaningless. RGRD Declaration, Exhibit C.  Further review of the Fee Motion reveals other odd miscellaneous items in the bill.  Class Counsel requests that the court admission fee to the Northern District of California for Cody LeJeune, an associate who only expended 52.25 hours on the case, be paid out of the Settlement Proceeds.  This court admission fee is dated as of September 27, 2013, after the party's had already entered into the settlement agreement.  The firm's website states that "Mr. LeJeune's primary focus is on intellectual property litigation, with an emphasis on patent litigation."  No justification for charging Mr. LeJeune's admission fee is provided; charging Class Members for Mr. LeJeune's court admission fees seems improper.  RGRD Declaration, Exhibit E.  At the least, the excessive bills submitted by firm partners suggest that more detailed billing records should be reviewed by the firm.

The lodestar multiplier requested by the firm is also unreasonable.  Class counsel cites to Vizcaino to support its high multiplier, although the multiplier counsel seek here is much higher than that approved in *Vizcaino*.   In *Vizcaino*, the Ninth Circuit approved a 28% fee that resulted in a 3.65 multiplier -- less than Class Counsel seek here.  *Vizcaino*, 290 F.3d at 1052-54 (finding most multipliers ranged from 1.0 to 4.0).

### 3) *Class Counsel's Contingent Fee Request of 20% of the Settlement is Excessive*

Attorney fee percentage awards in large class actions show an inverse relationship to the size of the award. *See Brian T. Fitzpatrick, An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. EMPIRICAL L. STUD. 811 (2010). For awards over $72.5 million, the mean percentage award is only 18.4%, less than the fee percentage sought by Class Counsel. *Id.* Despite this, Class Counsel and Lead Plaintiffs entered into an agreement whereby the percentage of the fee increased as the class recovery increased. See Declaration Of Robert O. Betts, Executive Director Of The National Elevator Industry Pension Fund ("Betts Decl."), Ex. 1. The 20% fee requested seems unreasonable based on Class Counsel's unsubstantiated claims of having worked extremely hard , given that the declarations suggest they appear to have largely relied on investigative work done by the S.E.C.

### 4) Not an excellent result

Class Counsel boasts the settlement represents an excellent result given that the SEC declined to bring any fraud charges against defendants and failed to obtain any recovery for the VeriFone investors. Again, Class Counsel's statements are misleading, neglecting to mention the settlement Verifone entered into with the S.E.C., and also neglecting to point out the degree to which the S.E.C. supported Plaintiffs. Class Counsel claim to have obtained an excellent result based on a predicted recovery of $0.71 per share. Given that the Company's stock price declined 46% from $48.03 on Friday, November 30, 2007 to $26.03 on Monday, December 3, 2007 after the announcement of the restatement, the $0.71 per share recovery seems woefully inadequate.

### C. **It is Unreasonable for Class Counsel to Receive Their Fees While Appeals are Pending and Before Class Members Recover Under the Settlement**

Buried within the Stipulation of Settlement one finds provisions which enable Class Counsel to be paid while appeals related to their fees are pending. This so-called quick pay provision is an affront to Class Members and shows Class Counsel is putting their own interests in front of those of their clients. This provision is not disclosed in the Notice, although it is obviously something Class Members should know and is an important item for Class Members to weigh in making their determination whether they agree with the Settlement. This provision disincentives class counsel from conscientiously

9

attending to the claims administration and funds distribution process – which should have been the purpose of the litigation. At a minimum Class Counsel should be required to revise the Notice to include this information, or this provision should be stricken from the settlement. The attorneys should receive their fees when Class Members get paid.

## III. JOINDER IN OTHER OBJECTIONS

These objectors join in all other well-founded and meritorious objections.

## IV. CONCLUSIONS

For the foregoing reasons and all others to be at oral argument, these objectors request that the court sustain their objections and grant the following relief:

- Upon proper hearing, sustain these Objections.
- Order class counsel to submit a revised fee application.
- Continue the hearing to enable Class Members sufficient opportunity to review the Attorney's Fee Motion.
- Upon proper hearing, enter such Orders as are necessary and just to alleviate the inherent unfairness, inadequacies and unreasonableness of the Settlement.

LAW OFFICES OF DARRELL PALMER PC

Dated: December 30, 2013     By: /s/ Joseph Darrell Palmer
                                 Joseph Darrell Palmer
                                 Attorney for Objector Jeff M. Brown

# CERTIFICATE OF SERVICE

I certify that on December 30, 2013, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system.

I certify all participants registered CM/ECF users that service will be accomplished by the USDC CM/ECF system.

       /s/ Darrell Palmer
Darrell Palmer
Attorney for Objector

CASE NO. 3:07-CV-06140-EMC
OBJECTIONS OF JEFF M. BROWN TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR