United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE VERIFONE HOLDINGS, INC. SECURITIES LITIGATION. _____/ | Master File No. C-07-6140 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL AND FOR ATTORNEYS' FEES**<br><br>**(Docket Nos. 321-322)** |

For the reasons stated on the record, Lead Plaintiff's motion for final approval and motion for attorneys' fee is **GRANTED**. This order is intended to supplement the findings and comments of the Court made at the hearing.

After careful consideration of the facts submitted by the parties and those adduced at the final fairness hearing, the Court reviewed the *Hanlon* factors in assessing the fairness and adequacy of the settlement and finds that those factors counsel in favor of approval. Among other things, the Court has evaluated the amount offered in settlement and the absence of a reverter against the strengths and weaknesses of Lead Plaintiff's case, risks of further litigation, risks of maintaining a class action, the response of the class, and other relevant factors, and concludes that the settlement is fair, adequate, and reasonable.

The Court has considered the reaction of the Class Members, including their objections. The Court heard from only two objectors – David Stern and Jeff Brown. Objector David Stern, the putative class representative of a proposed class of Israeli investors who traded VeriFone stock on the Tel Aviv Stock Exchange ("TASE"), objected as to form and efficacy of the class notice to Israeli investors, conditional class certification, the alleged preferential treatment of U.S. investors

and whether a similar preference should be granted to the Israeli investors, and Lead Counsel's request for attorneys' fees.

The Court overrules Mr. Stern's objections. In response to Mr. Stern's objections as to the form and efficacy of class notice, the Court has ordered VeriFone to ameliorate issues concerning notice to Israeli investors, including extending the deadline for filing a claim. Lead Counsel has been ordered to submit a brief description of the supplemental notice plan with respect to these investors which includes providing for Hebrew translations, especially for non-institutional investors.

The Court also finds that the settlement is fair and adequate as to Israeli investors. Mr. Stern contends that the Israeli investors should have been given a preferred portion of the settlement fund because Israeli securities law imposes a lower standard for scienter and hence Israeli investors had a stronger claim than U.S. investors. Mr. Stern has failed to meet his burden of showing a preference should be granted. First, counsel for Mr. Stern admitted to the overall fairness of the settlement at the final fairness hearing. Second, and more importantly, Mr. Stern has not demonstrated that the Israeli claims are materially stronger so as to warrant a preference in settlement. Although Mr. Stern noted that Israeli law regarding securities fraud amounts to strict liability (and does not require the level of scienter as compared to U.S. law, especially under the PSLRA), the Israeli district court ruled twice that U.S. law, and not Israeli law, applies to the Israeli class action. The Israeli Supreme Court appeared to have no problem with the Israeli investors being included in the suit as the record before this Court indicates. Docket No. 331 (Ex. C to Ron Decl.) (transcript of Israeli Supreme Court hearing, dated January 27, 2010); Docket No. 331 (Ex. F to Ron Decl.) (Israeli Supreme Court Stipulation and Order, dated February 10, 2013). The fact that the choice-of-law issue is pending before the Israeli Supreme Court militates against finding a preference because it underscores the conclusion that Mr. Stern has a long road ahead if he is to prevail in the Israeli class action. The Israeli case is still nascent. In addition to needing to overturn the district court's ruling in the Israeli Supreme Court, he faces the burden of litigating the underlying class action in the Israeli district court on the merits. Third, the overwhelming response rate of Israeli investors strongly suggests that the settlement is fair and adequate as to them. To date, over 1,000 Israeli claims have been filed and

Mr. Stern is the lone objector. Over 20% of paper claims emanate from Israel (1008 out of 5,000), 28% of internet claims come from Israel (42 out of 256), and roughly 33% of unique visits to the claims administration website administered by Gilardi were made by investors in Israel, despite the fact that only 6% of trading activity during the Class Period was made by Israeli investors. In short the response rate of Israeli investors substantially exceeds that of U.S. investors.

The substantive adequacy of the settlement undermines Mr. Stern's assertion that he and Israeli investors were not adequately represented by Lead Counsel and that class certification should have been denied. As an initial matter, the Court notes that Mr. Stern failed to oppose class certification and adequacy of Lead Counsel at the appropriate juncture – at or before this Court preliminarily approved a settlement class in October 2013.

Mr. Stern contends that Lead Counsel was dilatory in alerting this Court to the fact that Israeli investors are included in the class and as part of the settlement. The Israeli Supreme Court approved on January 9, 2013 the parties' stipulation to notify this Court of the prospect of including Israeli investors in the current class action. The parties dispute the timing of such notice (*i.e.*, at or before class certification) and whether VeriFone was required to alert this Court of other issues (*e.g.*, impact of the *Morrison* case). Importantly, however, this document contains no clear assertion by Mr. Stern that he (and those Israeli investors he purportedly represents) did not want to be a part of the proposed class in this action. Thus, the Israeli investors were not disadvantaged by any delay in notifying this Court of their inclusion. In any event, Mr. Stern knew of this notice requirement but did nothing to cause this Court to be so notified before the Court granted preliminary approval and conditional certification of the settlement class in October 2013.

More fundamentally, Mr. Stern has failed to clearly articulate how Lead Counsel did not adequately represent him (and other Israeli investors) in negotiations, outside of alleging he should have been given a seat at the bargaining table. A district court may approve a class settlement that satisfies due process if all parties have been adequately represented. *Hesse v. Sprint Corp.*, 598 F.3d 581, 588 (9th Cir. 2010). "Class representation is inadequate if the named plaintiff fails to prosecute the action vigorously on behalf of the entire class or has an insurmountable conflict of interest with other class members." *Hesse*, 598 F.3d at 589. "Conflicts of interest may arise when one group

United States District Court
For the Northern District of California

within a larger class possesses a claim that is neither typical of the rest of the class nor shared by the class representative." *Id*. Mr. Stern has adduced no evidence that Lead Counsel failed to vigorously prosecute the current class action on behalf of Israeli investors. Although Mr. Stern contends that Israeli investors have separate claims based in Israeli law not shared by the Lead Plaintiff, as noted above, the Israeli district court has ruled twice now that U.S. law applies to those claims, and on balance the claims of Israeli investors are not materially different or stronger for settlement purposes than those of U.S. investors. Additionally, even though Mr. Stern asserts the Israeli investors have a section 11 claim, that U.S. investors do not, he has failed to substantiate this assertion and Lead Counsel disputes that Mr. Stern's complaint contains an averment of a false statement made in an Israeli registration statement or prospectus. *See* Docket No. 341 (Opp'n to Stern Objection, pg. 18). Thus, Mr. Stern has not shown that Israeli investors were not adequately represented by Lead Counsel in this action. Accordingly, Mr. Stern's objections are **OVERRULED**.

The Court approves Lead Plaintiff's attorneys' fee request. First, the Court notes that 20% requested is below the Ninth Circuit's benchmark of 25%. Second, the request appears to be in line with similar securities class actions. Third, although the lodestar cross-check though reveals a high multiplier – 4.3 compared to the Ninth Circuit's observation that over 80% of multipliers fall between 1.0 and 4.0 – other courts have awarded multipliers in excess of 4.0, and the Court finds that the multiplier here is acceptable in light of the very substantial risks involved and Lead Plaintiff's risk and extensive work on the case. Finally, along with other courts in this District, the Court finds that the "quick pay" nature of the attorneys' fee provision does not pose a problem. *See e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 3:07-MD-1827 SI, 2011 WL 7575004, at *1 (N.D. Cal. Dec. 27, 2011) (citing cases). Accordingly, the objections by Messrs. Stern and Brown to Lead Plaintiff's request for attorneys' fee and costs are **OVERRULED**.

Mr. Brown's objections are **OVERRULED** in their entirety and on the merits, without reaching the issue of his standing to object, although the Court notes its inability to reach this issue is made more difficult in part by the intransigence of counsel for Mr. Brown to produce evidence of standing and counsel's last-minute decision to decline to appear at the final fairness hearing even telephonically.

United States District Court
For the Northern District of California

Finally, the Court finds that *Morrison v. Australia Nat'l Bank Ltd.*, 130 S. Ct. 2869 (2010) does not deprive this Court of its ability to approve this settlement which includes a general release of all claims, including those of Israeli investors based on foreign law. First, it is unclear that *Morrison* applies here on its plain terms. *Morrison* held that the reach of the U.S. securities law is limited to "[1] transactions in securities listed on domestic exchanges, and [2] domestic transactions in other securities. *Morrison*, 130 S. Ct. at 2884. Here, VeriFone is listed on a domestic exchange. *Morrison* did not expressly address the situation and the parties have cited no case addressing the situation where, as here, a foreign investor purchases *domestic* securities on a foreign exchange which is also listed on a domestic exchange. The cases cited by Mr. Stern have all involved *foreign* securities purchased on a foreign exchange.

In any event, even if *Morrison* were deemed to preclude the application of U.S. securities laws here, the issue is mooted by the fact that no party is seeking to exclude the Israeli investors from the current settlement class. Mr. Stern does not ask that Israeli be excluded; instead, as noted above, he asks that their settlement share be enhanced. Moreover, the Ninth Circuit has permitted courts to approve a settlement which includes the release of claims – including those over which the court might not have jurisdiction or authority on which to base a verdict – so long as those claims arise out of the same factual predicate or involve the same subject matter. *Hesse*, 598 F.3d at 590 (settlement agreement may release and preclude related claim based on a different theory if it arises out of the "identical factual predicate"; however, ultimately finding no similarity of factual predicate because claims involved separate surcharges to recoup different costs); *Class Plaintiffs*, 955 F.2d at 1288 (affirming district court's approval of release despite lack of jurisdiction where claims arose out of the "same common nucleus of operative fact"). Here, the factual predicate is substantially similar, if not identical. Domestic and international claims involve the same securities of VeriFone, a U.S. corporation, and the same alleged misrepresentations. Docket No. 331 (Ron Decl. ¶ 6). There are good policy reasons to permit parties to engage in global settlements. Thus, this Court has discretion in the context of the instant case to grant final approval of the settlement agreement, which contains a release of claims of all investors, foreign or domestic, irrespective of whether *Morrison* applies.

However, as the Court noted on the record and reiterates here, this order granting final approval is not intended to dictate to the Israeli courts (nor does this Court opine on) the enforceability of the releases contained in the settlement agreement or the application of *Morrison* should the Israeli investors' claims be permitted to proceed in Israel.

Lead Counsel shall submit a notice plan to meet Mr. Stern's objections regarding notice to Israeli investors, consistent with the Court's pronouncements on the record, and a new proposed order granting final approval in writable form.

This order disposes of Docket Nos. 321 and 322.

IT IS SO ORDERED.

Dated: February 18, 2014

_____
EDWARD M. CHEN
United States District Judge