UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE VERIFONE HOLDINGS, INC. SECURITIES LITIGATION.<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. C-07-6140 EMC<br><br>**ORDER APPROVING THE SETTLEMENT; AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for hearing pursuant to the Amended Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated October 16, 2013, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of August 9, 2013 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, and for the reasons stated on the record and in Docket No. 359, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order Approving the Settlement and Order of Dismissal with Prejudice ("Final Order") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. The Court hereby finally certifies a Class defined as: "all Persons who purchased VeriFone Publicly Traded Securities between August 31, 2006 and April 1, 2008, on

any domestic or foreign exchange or otherwise, excluding all Defendants, VeriFone's former and current officers and directors and their families and affiliates. Also excluded from the Class are those Persons who validly and timely request exclusion from the Class." All requests for exclusion are attached hereto as Exhibit 1.

4. With respect to the Class, this Court finds for purposes of effectuating this settlement that (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (I) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation as fair, reasonable, and adequate.

6. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Litigation and all Released Claims with prejudice and without costs as to any party, except as and to the extent provided in the Stipulation and herein.

7. Upon the Effective Date hereof, the Lead Plaintiff, and each and every Class Member shall be deemed to have, and by operation of this Final Order and accompanying Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims against each

and every one of the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release form, and whether or not such Class Member shares in the Settlement Fund.

8. Upon the Effective Date, each and every Class Member and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

9. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Final Order shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members and Lead Plaintiff's counsel, from all claims (including Unknown Claims), whether under U.S. or any foreign law, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10. The Notice of Proposed Settlement of Class Action given to the Class including that given to potential Israeli class members pursuant to Docket No. 363 (including Exhibits A and B attached thereto), which the Court hereby approves and orders the parties to execute, was and is the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort along with publication of the Summary Notice. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Order and shall be considered separate from this Final Order.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Related Parties may file the Stipulation and/or this Final Order from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. As noted in Docket No. 359, this Order is not intended to divest the Israeli courts of the authority to adjudicate the binding effect of this Order and settlement on actions pending before said courts.

13. Without affecting the finality of this Final Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Final Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. The Court has considered the objections filed by David Stern and Jeff M. Brown, and finds them to be without merit. The objections are therefore overruled in their entirety except as set forth in the Court's Order (Docket No. 359).

IT IS SO ORDERED.

Dated: February 25, 2014

_____
EDWARD M. CHEN
United States District Judge